FILED
2025 Dec-08  PM 04:07
U.S. DISTRICT COURT
N.D. OF ALABAMA

1  Judith Elizabeth Drews, Pro Se
2  504 Park Ter
   Birmingham, AL 35226
3  (205) 563-5629
   judydrewspt@gmail.com
4



FILED

2025 DEC -8  P 2: 44

U.S. DISTRICT COURT
N.D. OF ALABAMA

5              **IN THE UNITED STATES DISTRICT COURT**

6              **FOR THE NORTHERN DISTRICT OF ALABAMA**

7                          **SOUTHERN DIVISION**

8

9

| | |
|---|---|
| 10  **JUDITH ELIZABETH DREWS,** AN INDIVIDUAL ALABAMA HOMEOWNER AND LONG-TIME RESIDENT OF JEFFERSON COUNTY (OWNER–OCCUPANT OF THE SINGLE-FAMILY HOMESTEAD LOCATED AT 504 PARK TERRACE IN BIRMINGHAM/HOOVER, ALABAMA 35226; CHAPTER 13 DEBTOR AS OF OCTOBER 20, 2025, SEEKING TO HALT ATTEMPTED NONJUDICIAL FORECLOSURE AND CORRECT SERVICING/COLLECTION ERRORS), | Case No.: |

Plaintiff,

vs.

**SELECT PORTFOLIO SERVICING, INC.,** A NATIONAL MORTGAGE LOAN SERVICER AND DEBT COLLECTOR

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT,**

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 1**

BASED IN SALT LAKE CITY, UTAH (CURRENT SERVICER OF PLAINTIFF'S LOAN NO. 0030623433; RESPONSIBLE FOR PERIODIC STATEMENTS, ESCROW ANALYSES, PAYOFF/REINSTATEMENT COMMUNICATIONS, LOSS-MITIGATION REVIEW, AND DEFAULT/FORECLOSURE ADVANCEMENT ON THE SUBJECT LOAN, ALLEGED TO HAVE ENGAGED IN INACCURATE ACCOUNTING, DUAL-TRACKING, RESPA/TILA/FDCPA VIOLATIONS, AND COLLECTION DURING THE BANKRUPTCY STAY);

**FEDERAL HOME LOAN MORTGAGE CORPORATION, AS TRUSTEE FOR FREDDIE MAC SLST 2024-1 PARTICIPATION INTEREST TRUST,** A FEDERAL GOVERNMENT-SPONSORED ENTERPRISE ACTING AS TRUSTEE OF THE FREDDIE MAC SLST 2024-1 PARTICIPATION INTEREST TRUST (THE PURPORTED LOAN OWNER/MORTGAGEE IDENTIFIED IN 2024–2025 DEFAULT, ACCELERATION, AND FORECLOSURE NOTICES, ALLEGED TO HAVE AUTHORIZED ACCELERATION AND POWER-OF-SALE FORECLOSURE WITHOUT STRICT CONTRACTUAL AND STATUTORY COMPLIANCE AND WITHOUT PROVIDING REQUIRED OWNERSHIP-TRANSFER DISCLOSURES);

**RUBIN LUBLIN, LLC,** A MULTI-STATE FORECLOSURE AND DEBT-COLLECTION

**AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES**

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING; QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 2**

LAW FIRM WITH OFFICES IN GEORGIA AND ALABAMA (ALABAMA FORECLOSURE COUNSEL FOR SPS AND/OR THE FREDDIE MAC SLST 2024-1 TRUST; PREPARED AND MAILED THE SEPTEMBER 3, 2025 "NOTICE OF ACCELERATION AND FORECLOSURE," CAUSED PUBLICATION OF THE SEPTEMBER 10, 17, AND 24, 2025 "NOTICE OF MORTGAGE FORECLOSURE SALE" FOR AN OCTOBER 17, 2025 COURTHOUSE SALE, AND ENTERED A NOTICE OF APPEARANCE IN PLAINTIFF'S CHAPTER 13 CASE ON OCTOBER 20, 2025, ALLEGED TO HAVE MISSTATED AMOUNTS AND AUTHORITY AND TO HAVE VIOLATED THE FDCPA AND THE AUTOMATIC STAY);

**MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. (MERS),** THE NOMINEE-MORTGAGEE NAMED IN PLAINTIFF'S ORIGINAL SECURITY INSTRUMENT AS MORTGAGEE FOR COUNTRYWIDE HOME LOANS, INC. AND ITS SUCCESSORS AND ASSIGNS (APPEARING IN THE ASSERTED CHAIN OF TITLE AND MORTGAGE ASSIGNMENTS RELIED UPON TO SUPPORT THE PURPORTED FORECLOSURE AUTHORITY OVER THE 504 PARK TERRACE PROPERTY);

**COUNTRYWIDE HOME LOANS, INC.,** THE ORIGINAL 2002 MORTGAGE LENDER

VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 3

ON THE LOAN SECURED BY 504 PARK TERRACE (THE INITIAL BENEFICIARY UNDER THE SECURITY INSTRUMENT AND STARTING POINT OF THE ASSERTED CHAIN OF ASSIGNMENTS, SERVICING TRANSFERS, AND ENFORCEMENT CLAIMS AT ISSUE IN THIS ACTION);

**DOES 1–10,** UNKNOWN INVESTORS, TRUST/ASSET MANAGERS, MASTER OR SUB-SERVICERS, PRIOR SERVICERS, COLLECTION AGENCIES, PUBLICATION/POSTING VENDORS, OR OTHER PERSONS OR ENTITIES WHO PARTICIPATED IN, DIRECTED, OR BENEFITED FROM SERVICING, ACCELERATION, FORECLOSURE NOTICING, COLLECTION, OR ATTEMPTED ENFORCEMENT OF THE SUBJECT LOAN AND MORTGAGE ON PLAINTIFF'S 504 PARK TERRACE HOMESTEAD,

Defendants

This is a verified civil action brought by **Judith Elizabeth Drews**, an individual Alabama homeowner, borrower, and Chapter 13 debtor, to halt and remedy an attempted nonjudicial foreclosure upon her primary residence—**504 Park Terrace, Birmingham (Hoover), Alabama 35226**—legally described as the **East 200 feet of Lot 8, Block B, Crestview**. Plaintiff seeks

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 4**

redress and permanent restructuring of her mortgage loan following years of compounding mortgage servicing abuses, dual-tracking, deceptive and unitemized charges, violations of both federal and Alabama law, and coercive conduct that continued even after the commencement of her bankruptcy case on **October 20, 2025** in the **Northern District of Alabama**.

Defendants include **Select Portfolio Servicing, Inc. (SPS)**, the servicer of Loan No. 0030623433; **Federal Home Loan Mortgage Corporation as Trustee for Freddie Mac SLST 2024-1 Participation Interest Trust** (the purported owner/mortgagee); **Rubin Lublin, LLC**, foreclosure counsel; **Mortgage Electronic Registration Systems, Inc. (MERS)**; **Countrywide Home Loans, Inc.**, the originating lender; and **Does 1–10**, comprised of unidentified investors, sub-servicers, publication vendors, and other participants in the servicing and enforcement of the loan.

Plaintiff invokes **federal-question jurisdiction under 28 U.S.C. § 1331**, based on violations of the **Real Estate Settlement Procedures Act (RESPA, 12 U.S.C. § 2605; 12 C.F.R. Part 1024)**, the **Truth in Lending Act (TILA, 15 U.S.C. § 1601 et seq.; 12 C.F.R. Part 1026)**, the **Fair Debt Collection Practices Act (FDCPA, 15 U.S.C. § 1692 et seq.; 12 C.F.R. Part 1006)**, the **Equal Credit Opportunity Act (ECOA, 15 U.S.C. § 1691; 12 C.F.R. Part 1002)**, and the **Bankruptcy Code's automatic stay provisions (11 U.S.C. § 362)**.

**Supplemental jurisdiction under 28 U.S.C. § 1367** supports related state claims including

VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 5

wrongful foreclosure, breach of contract and the covenant of good faith and fair dealing, slander

of title, negligent misrepresentation, unjust enrichment, civil conspiracy, and statutory violations

under **the Alabama Deceptive Trade Practices Act (Ala. Code § 8-19-1 et seq.)** and the

**Alabama Residential Mortgage Satisfaction Act (Ala. Code § 35-10-90 to 35-10-99)**.

This action challenges Defendants' systemic failure to **strictly comply** with the

contractual and statutory prerequisites for nonjudicial foreclosure as mandated under Alabama

law. See **Ex parte Turner**, 254 So. 3d 207 (Ala. 2017); **Littlefield v. Smith**, 336 So. 3d 170

(Ala. 2022); **Thomas v. Wells Fargo Bank, N.A.**, 116 So. 3d 226 (Ala. Civ. App. 2012).

Plaintiff's mortgage contains the uniform **Paragraph 22 notice** requirement, which must be

satisfied before acceleration or sale under **Ala. Code § 35-10-13**. Foreclosure sales must strictly

comply with Alabama's statutory publication rules, including publication "once a week for three

successive weeks in a newspaper published in the county" and conducting any sale at the

physical location listed in the notice during legal hours. See also **Ala. Code §§ 6-8-60 to 6-8-66**

(legal notice framework) and **§ 35-10-1 et seq.** (nonjudicial foreclosure standards).

In this case, the foreclosure process advanced despite unresolved Notices of Error and

Information Requests submitted under RESPA and Regulation X (12 C.F.R. §§ 1024.35–

1024.36), without an intelligible payoff or reinstatement quote, and during an active bankruptcy

stay, in violation of **11 U.S.C. § 362(a)**. SPS failed to provide a compliant response to written

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA
(REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B),
THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE
SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE
PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND
FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY,
UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR
COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00%
INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S
MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER
WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE
ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE,
RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND
COMPENSATORY DAMAGES - 6**

requests for owner identification in breach of **15 U.S.C. § 1641(f)(2)** and **12 C.F.R. § 1026.39(d)**. Moreover, it refused to issue a timely, itemized payoff or reinstatement quote, as mandated under both **Regulation Z (12 C.F.R. § 1026.36(c))** and **Alabama's payoff statute (Ala. Code § 35-10-92)**. These violations denied Plaintiff the opportunity to reinstate or redeem her home, a right firmly rooted in **Ala. Code § 6-5-248** (statutory right of redemption) and supported by **Campbell v. Bank of Am., N.A.**, 141 So. 3d 492 (Ala. Civ. App. 2012).

Rubin Lublin, acting as foreclosure counsel, compounded the harm by issuing a **September 3, 2025** acceleration notice that failed to state a sum-certain or deliver a good-through-date. Its published notices on **September 10, 17, and 24, 2025** similarly failed to comply with the publication standards of **§ 35-10-13**. The firm's appearance in Plaintiff's Chapter 13 case while continuing to transmit collection notices and engage in payment solicitation further violated the Bankruptcy Code and triggered liability under **Reese v. Ellis, Painter, Ratterree & Adams, LLP**, 678 F.3d 1211 (11th Cir. 2012); **Birster v. American Home Mortgage Servicing, Inc.**, 481 F. App'x 579 (11th Cir. 2012); and **Jove Engineering, Inc. v. IRS**, 92 F.3d 1539 (11th Cir. 1996). As held in **Caceres v. McCalla Raymer, LLC**, 755 F.3d 1299 (11th Cir. 2014), even technical misrepresentations in foreclosure letters are actionable when they mislead or conceal material rights.

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 7**

Plaintiff further alleges that SPS failed to provide an **ECOA-compliant adverse action notice** under **15 U.S.C. § 1691(d)** and **12 C.F.R. § 1002.9**, refused to clarify the status of her application, and contradicted itself between internal records and published communications. These facts, viewed in totality, demonstrate a pattern of **dual-tracking**, procedural deception, and willful noncompliance with borrower-protection statutes.

This Court has equitable authority under **28 U.S.C. § 2202** to issue further relief in aid of declaratory judgment, and under **Ala. R. Civ. P. 65** to enjoin unlawful foreclosure. Moreover, under **Porter v. Warner Holding Co.**, 328 U.S. 395 (1946) and **Hecht Co. v. Bowles**, 321 U.S. 321 (1944), courts sitting in equity possess wide discretion to fashion meaningful remedies. Given the extent and severity of the violations, **legal remedies alone are inadequate**.

Accordingly, Plaintiff seeks a permanent, court-ordered restructuring of the subject loan to **establish a fixed 3.00% interest rate**, calculate a **monthly payment affordable to her verified means**, and **eliminate the need for further servicer-driven "review" periods**. This equitable remedy aligns with the public policy of ensuring transparency, fairness, and homeowner retention under both federal regulations and Alabama's foreclosure jurisprudence.

In tandem, Plaintiff seeks:

    a.  **Declaratory and injunctive relief** invalidating the defective acceleration and foreclosure notices;

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 8**

b. **Declaratory and injunctive relief** invalidating the defective acceleration and foreclosure notices;

c. **An equitable accounting** of all past charges, escrow advances, and unapplied funds;

d. **Statutory and actual damages** under RESPA, TILA, FDCPA, ECOA, the Bankruptcy Code, and Alabama law; and

e. **Restitution and disgorgement** of any unlawfully assessed or collected fees, all necessary to prevent irreparable harm and to preserve the sanctity of homeownership in Jefferson County and the City of Birmingham.

## I.   INTRODUCTION

1. This action arises from the attempted nonjudicial foreclosure of **Judith Elizabeth Drews's** longtime homestead located at **504 Park Terrace, Birmingham (Hoover), Alabama 35226**, situated in **Jefferson County** and within the municipal boundaries of the **City of Birmingham**. The loan in question, serviced by **Select Portfolio Servicing, Inc. (SPS)** and owned (or claimed to be owned) by the **Federal Home Loan Mortgage Corporation as Trustee for the Freddie Mac SLST 2024-1 Participation Interest Trust,** became the subject of

VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 9

aggressive collection and foreclosure conduct despite numerous violations of federal and state law, and while Plaintiff was actively engaged in loss-mitigation efforts and, later, a Chapter 13 bankruptcy case.

2. The foreclosure was advanced via a **power-of-sale clause**, governed by **Ala. Code §§ 35-10-1 to 35-10-16**, without strict adherence to:

    a. The mortgage's **Paragraph 22 condition precedent**, which requires a written notice stating the nature of default, the amount required to cure, at least 30 days to reinstate, and notice of the right to assert defenses;

    b. Alabama's foreclosure publication standards under **§ 35-10-13**, which mandate that foreclosure sales be advertised **"once a week for three successive weeks in a newspaper published in the county,"** and that sales occur **"at the place stated in the notice" during legal hours;**

    c. Statutory requirements for legal notices in Jefferson County per **Ala. Code §§ 6-8-60 to 6-8-66**, which require advertisements to be published in newspapers of general circulation and publicly accessible to county residents;

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 10**

d. **Ala. Code § 7-3-301**, which requires that only a person entitled to enforce the note may initiate foreclosure, and **Ala. Code §§ 35-4-50 and 35-4-62**, which govern the recordation of assignments; and

e. Municipal business licensing and advertising regulations imposed by the **City of Birmingham Code of Ordinances**, including **Chapter 68 – Business Licenses**, which prohibits unlicensed businesses from conducting commercial or debt-collection activities within city limits.

3. Defendants' conduct is also subject to:

a. **RESPA/Regulation X** (12 C.F.R. §§ 1024.17, 1024.35–.41) for error resolution, timely servicing, escrow disclosures, and anti-dual-tracking;

b. **TILA/Regulation Z** (12 C.F.R. §§ 1026.36(c), 1026.41) regarding periodic statements and payoff obligations;

c. **FDCPA/Regulation F** (15 U.S.C. § 1692 et seq.; 12 C.F.R. pt. 1006) for misleading and unfair collection practices;

d. **ECOA/Regulation B** (15 U.S.C. § 1691(d); 12 C.F.R. § 1002.9) for failure to issue timely adverse action notices;

VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 11

e.  **The Alabama Residential Mortgage Satisfaction Act**, specifically **§ 35-10-92**, which mandates a written payoff within 14 days of a borrower's request;

f.  **The Alabama Deceptive Trade Practices Act, Ala. Code § 8-19-5**, which prohibits false or misleading business practices; and

g.  **The Bankruptcy Code's automatic stay provision, 11 U.S.C. § 362(a)**, triggered by Plaintiff's Chapter 13 filing on **October 20, 2025**, along with **Bankruptcy Rule 3002.1(b)** and TILA's bankruptcy-modified periodic statement rule, **12 C.F.R. § 1026.41(f)**.

4.  As detailed in the Factual Allegations and Causes of Action herein, Defendants engaged in the following actionable misconduct:

a.  Initiated foreclosure through an acceleration notice and published sale advertisements without providing Plaintiff with a **sum-certain, intelligible, and itemized reinstatement or payoff quote**, violating **12 C.F.R. § 1026.36(c)(3) and Ala. Code § 35-10-92**;

b.  Sent **conflicting monthly statements and escrow analyses**, including inflated and vague "Other Charges and Fees" and late charges in excess of contractual limits, contrary to **TILA, 12 C.F.R. § 1026.41(d), (f)**;

VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 12

c.  Proceeded with foreclosure while Plaintiff's **loss mitigation application and RESPA Notices of Error** were still pending, in violation of **12 C.F.R. § 1024.41(f)–(g)**;

d.  **Failed to respond adequately** to multiple Qualified Written Requests and Information Requests sent to the servicer's designated address, in breach of **12 C.F.R. §§ 1024.35–.36**;

e.  Continued **collection efforts and payment solicitation** during the pendency of a Chapter 13 bankruptcy, including sending statements with remittance devices and issuing contradictory escrow analyses, in willful violation of **11 U.S.C. § 362(a)**;

f.  Omitted a timely and specific **adverse action notice** under ECOA and **12 C.F.R. § 1002.9(a)(2)**; and

g.  **Failed to deliver a proper notice of new creditor ownership**, required under **15 U.S.C. § 1641(g)**.

5.  These violations are independently actionable and collectively justify comprehensive injunctive, declaratory, equitable, and monetary relief. See:

a.  **Ex parte Turner**, 254 So. 3d 207 (Ala. 2017) (strict compliance required for foreclosure);

VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 13

    b. **Littlefield v. Smith**, 336 So. 3d 170 (Ala. 2022) (publication and notice defects render foreclosure voidable);

    c. **Reese v. Ellis**, 678 F.3d 1211 (11th Cir. 2012) (collection letters violating FDCPA);

    d. **Catalan v. GMAC Mortg. Corp.**, 629 F.3d 676, 689–90 (7th Cir. 2011) (accounting/escrow violations actionable under RESPA);

    e. **Caceres v. McCalla Raymer**, 755 F.3d 1299 (11th Cir. 2014);

    f. **Helman v. Bank of Am.**, 685 F. App'x 723, 726–27 (11th Cir. 2017) (TILA ownership notice violation);

    g. **Jove Eng'g, Inc. v. IRS**, 92 F.3d 1539 (11th Cir. 1996) (automatic stay violations and damages);

    h. **Jove Eng'g, Inc. v. IRS**, 92 F.3d 1539 (11th Cir. 1996) (automatic stay violations and damages)

6. Plaintiff seeks the following:

    a. **Declaratory relief** under **28 U.S.C. § 2201** and **Ala. Code §§ 6-6-220 et seq.**, declaring the **acceleration, foreclosure notices, and publications** void or voidable due to material noncompliance with state and federal law;

VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 14

    b. **Preliminary and permanent injunctive relief** pursuant to **Ala. R. Civ. P. 65** and **Winter v. NRDC**, 555 U.S. 7 (2008), enjoining all foreclosure activities unless strict compliance is shown;

    c. **Equitable accounting,** supervised by the Court, under Alabama equity jurisprudence and supported by discrepancies in SPS's **IRS Form 1098**, payment application history, and escrow analyses;

    d. **Monetary relief** under **RESPA, TILA, FDCPA, ECOA,** the **Bankruptcy Code,** and Alabama statutes, including actual, statutory, and punitive damages as allowed;

    e. **A permanent loan restructuring,** under the Court's equitable authority (**28 U.S.C. § 2202**), fixing the **interest rate at 3.00%,** setting a **monthly payment aligned with Plaintiff's documented means,** and **eliminating any servicer-driven "review period"**—in recognition of the Defendants' pattern of bad faith, obstruction, and misapplication of legal standards.

7. The requested relief is narrowly tailored, fully justified under both state and federal precedent, and essential to preventing the continued unlawful erosion of Plaintiff's equity and possession in her Birmingham homestead.

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 15**

## II.   PARTIES

8.   Plaintiff **Judith Elizabeth Drews** is a natural person, a resident and citizen of the State of Alabama, and a consumer homeowner within the meaning of federal and state law. She resides at and is the borrower on the mortgage loan secured by the single-family homestead located at **504 Park Terrace, Birmingham (Hoover), Jefferson County, Alabama 35226** ("the Property"). The Property is situated within the jurisdiction of **Jefferson County** and falls within the **municipal boundaries of the City of Birmingham**, subjecting it to applicable local ordinances, publication requirements, and courthouse-sale procedures. From **October 20, 2025 to November 5, 2025,** Plaintiff was a debtor in a Chapter 13 bankruptcy proceeding, and was entitled to the **automatic stay protections of 11 U.S.C. § 362(a)**. Plaintiff brings this action to challenge unlawful foreclosure activity and to request a **permanent, court-supervised loan restructuring** fixing the interest rate at **3.00% per annum,** setting a **monthly payment based on her financial means**, and implementing such terms **without requiring further servicer "review."**

9.   Defendant **Select Portfolio Servicing, Inc. ("SPS")** is a **national mortgage loan servicer and debt collector** headquartered at **3217 S. Decker Lake Dr., Salt**

VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 16

Lake City, Utah 84119, and is the **current servicer of Plaintiff's loan number**

**0030623433**. SPS conducts business in **Alabama**, **Jefferson County**, and the

**City of Birmingham**, servicing Alabama residential mortgage loans, issuing

periodic statements and escrow analyses, and engaging in debt-collection activity

through mail, phone, and third-party counsel. SPS designates the following

addresses for borrower communications:

    a. **Qualified Written Requests, Notices of Error, and Information**

       **Requests:** P.O. Box 65277, Salt Lake City, UT 84165-0277

    b. **General Correspondence:** P.O. Box 65250, Salt Lake City, UT 84165-

       0250

    c. **Payment Remittances:** P.O. Box 65450, Salt Lake City, UT 84165-0450

    d. **Loss Mitigation Contact:** relationship.manager@spservicing.com |

       Phone: (800) 258-8602

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 17**

10. SPS is subject to the **Real Estate Settlement Procedures Act (RESPA, 12 U.S.C. § 2601 et seq.), Truth in Lending Act (TILA, 15 U.S.C. § 1601 et seq.), and Fair Debt Collection Practices Act (FDCPA, 15 U.S.C. § 1692 et seq.),** including corresponding **Regulations X, Z, and F**, and is required to comply with:

    a. **Alabama Code § 10A-1-7.01 et seq.** (registration of foreign entities)

    b. **Ala. Code § 40-14A-1 et seq.** (Business Privilege and Corporate Shares Tax Act)

    c. **City of Birmingham Code of Ordinances** (municipal business license requirements; advertising and commercial activity regulations under Ala. Code § 11-51-90)

    d. **Bankruptcy Rule 3002.1** and **12 C.F.R. § 1026.41(f)** (modifications to periodic statement requirements during bankruptcy)

11. SPS may be served through its registered agent or through counsel who appears in this action.

12. Defendant **Federal Home Loan Mortgage Corporation ("Freddie Mac"), as Trustee for Freddie Mac SLST 2024-1 Participation Interest Trust (the** "Trust"), is the **purported loan owner and mortgagee** appearing in the 2025

VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 18

acceleration and foreclosure notices. Acting through its agent SPS and foreclosure counsel Rubin Lublin, the Trust claims enforcement rights over Plaintiff's loan. As a mortgagee seeking to foreclose on Alabama property, the Trust is subject to:

    a. **Ala. Code §§ 35-10-1 through 35-10-16** (power-of-sale foreclosure)

    b. **Ala. Code § 7-3-301** (Uniform Commercial Code—"person entitled to enforce")

    c. **Ala. Code § 35-4-50 and § 35-4-62** (recording requirements)

    d. **Ala. Code § 35-10-92** (timely provision of written payoff statements)

    e. **City of Birmingham Code §§ 11-51-90 and applicable advertising regulations**

    f. **Federal servicing regulations under RESPA, TILA, and the FDCPA**

13. If transacting business or collections in Birmingham, the Trust must comply with all municipal licensing and tax ordinances. Service may be made through its legal counsel or via a registered agent authorized to accept service within Alabama.

14. Defendant **Rubin Lublin, LLC is a multi-state foreclosure and debt-collection law firm** with offices in **Mobile, Alabama** (11 N. Water St., Suite 10290) and **Peachtree Corners, Georgia.** Rubin Lublin acted as **foreclosure counsel for SPS and/or the Trust,** issuing the **September 3, 2025 "Notice of Acceleration**

VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 19

1    and Foreclosure", publishing the **September 10, 17, and 24, 2025 foreclosure**

2    **notices,** and noticing a **sale for October 17, 2025** at the Jefferson County

3    Courthouse. It also entered an **October 20, 2025 Notice of Appearance in**

4    **Plaintiff's Chapter 13 case,** confirming knowledge of the pending bankruptcy.

5

6    15. Rubin Lublin's communications included standard **FDCPA disclaimers,** and it

7    qualifies as a **"debt collector"** under 15 U.S.C. § 1692a(6). Its activities are

8    governed by:

9        a.  **FDCPA and Regulation F (12 C.F.R. pt. 1006)**

10

11       b.  **Ala. Code §§ 35-10-1 to 35-10-16** (strict foreclosure compliance)

12       c.  **Ala. Code §§ 6-8-60 to 6-8-66** (legal notice publication statutes)

13       d.  **Ala. Code § 34-3-1 et seq.** (licensing of attorneys practicing in Alabama)

14

15       e.  **Birmingham Ordinances governing auction and advertising activity**

16           **near courthouse property**

17       f.  **Case law: Reese v. Ellis, 678 F.3d 1211 (11th Cir. 2012); Caceres v.**

18           **McCalla Raymer, 755 F.3d 1299 (11th Cir. 2014)**

19   16. Rubin Lublin may be served through its Alabama office or counsel of record.

20   17. Defendant **Mortgage Electronic Registration Systems, Inc. ("MERS")** is

21   identified in Plaintiff's mortgage instrument as **nominee-mortgagee for**

22   VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA
     (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B),
23   THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE
     SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE
24   PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND
     FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY,
25   UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR
     COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00%
26   INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S
     MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER
27   WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE
     ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE,
28   RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND
     COMPENSATORY DAMAGES - 20

**Countrywide Home Loans, Inc.**, and appears in the chain of title and assignment relied upon in foreclosure notices. To the extent MERS executed or received assignments or recorded transfers, it is subject to:

    a. **Ala. Code §§ 35-4-50 and 35-4-62** (recording of conveyances affecting title)

    b. **Ala. Code § 7-3-301** (UCC negotiable instrument enforcement)

    c. **Alabama strict foreclosure jurisprudence** requiring that the foreclosing entity hold the mortgage and be entitled to enforce the note prior to acceleration

18. See **Sturdivant v. BAC Home Loans Servicing, LP, 159 So. 3d 33 (Ala. Civ. App. 2013); Coleman v. BAC Home Loans Servicing, LP, 104 So. 3d 195 (Ala. Civ. App. 2012)**

19. Defendant **Countrywide Home Loans, Inc.** is the **original lender** on Plaintiff's 2002 mortgage loan and the initial beneficiary under the security instrument. Its involvement and recordation form the origin of the chain of title and enforcement authority subsequently asserted by SPS, MERS, and the Trust.

20. Defendant **Countrywide Home Loans, Inc.** is the **original lender** on Plaintiff's 2002 mortgage loan and the initial beneficiary under the security instrument. Its

VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 21

involvement and recordation form the origin of the chain of title and enforcement authority subsequently asserted by SPS, MERS, and the Trust.

21. **Agency and Vicarious Liability:** Each named Defendant acted individually and jointly, and through agents, contractors, and representatives, within the scope of actual, apparent, or ratified authority. Defendants are jointly and severally liable for the unlawful servicing, collection, and attempted foreclosure conduct alleged herein. See **Ex parte Turner, 254 So. 3d 207 (Ala. 2017); Littlefield v. Smith, 336 So. 3d 170 (Ala. 2022).**

22. **Compliance with Local and State Law:** All Defendants were and are obligated to comply with:

    a. **Ala. Code §§ 35-10-1 to -16** (power of sale; notice; strict compliance)

    b. **Ala. Code §§ 6-8-60 to 6-8-66** (publication requirements in Jefferson County)

    c. **Ala. Code §§ 35-4-50, -62** (recording of assignments and security instruments)

    d. **Ala. Code § 7-3-301** (person entitled to enforce)

    e. **Ala. Code § 35-10-92** (Residential Mortgage Satisfaction/Payoff Statement law)

VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 22

      f. **Ala. Code § 10A-1-7.01 et seq. and § 40-14A-1 et seq.** (registration and tax obligations)

      g. **City of Birmingham Code of Ordinances** (business licensing, taxation, advertising, and consumer-protection provisions)

      h. **Jefferson County procedures regarding courthouse sales and legal publications**

23. Failure to comply with any of the above renders foreclosure actions **void or voidable**, entitles Plaintiff to declaratory and injunctive relief, and supports this Court's equitable restructuring jurisdiction.

## III. JURISDICTION AND VENUE

24. This Court has subject-matter jurisdiction pursuant to multiple statutory bases:

      a. **Federal-Question Jurisdiction under 28 U.S.C. § 1331** applies because Plaintiff asserts claims under several federal laws governing mortgage servicing and debt collection, including:

          i. The **Real Estate Settlement Procedures Act (RESPA)**, 12 U.S.C. § 2605 and **Regulation X**, 12 C.F.R. pt. 1024;

VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 23

ii. The **Truth in Lending Act (TILA)**, 15 U.S.C. §§ 1638(f), 1641(f)(2), 1641(g), and **Regulation Z**, 12 C.F.R. §§ 1026.36(c), 1026.39, 1026.41;

iii. The **Fair Debt Collection Practices Act (FDCPA)**, 15 U.S.C. § 1692 et seq., and **Regulation F**, 12 C.F.R. pt. 1006;

iv. The **Equal Credit Opportunity Act (ECOA)**, 15 U.S.C. § 1691(d) and **Regulation B**, 12 C.F.R. § 1002.9;

v. The **Bankruptcy Code**, 11 U.S.C. § 362, which governs automatic stays upon petition.

b. **Bankruptcy Jurisdiction under 28 U.S.C. § 1334(b)** exists because Plaintiff seeks damages for willful violations of the automatic stay and related noncompliance with post-petition notice, escrow, and disclosure obligations governed by **Bankruptcy Rule 3002.1** and TILA.

c. **Supplemental Jurisdiction under 28 U.S.C. § 1367** applies to Alabama-based claims that form part of the same case or controversy, including wrongful foreclosure, breach of contract and the implied covenant of good faith and fair dealing, negligence and wantonness, slander of title, civil conspiracy, unjust enrichment, and claims under the **Alabama Deceptive**

VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 24

**Trade Practices Act (ADTPA)**, Ala. Code § 8-19-1 et seq., and the

**Alabama Residential Mortgage Satisfaction Act**, Ala. Code §§ 35-10-

90 through 35-10-99 (particularly § 35-10-92 governing payoff

disclosures).

    d.  Declaratory and injunctive relief is authorized by **28 U.S.C. §§ 2201–**

**2202**, which allow this Court to award such further necessary or proper

relief to enforce declaratory judgments.

    e.  Federal consumer statutes expressly authorize private enforcement in U.S.

district courts:

        i.  **RESPA**, 12 U.S.C. § 2614;

        ii.  **TILA**, 15 U.S.C. § 1640(e);

        iii.  **FDCPA**, 15 U.S.C. § 1692k(d);

        iv.  **ECOA**, 15 U.S.C. § 1691e(f).

25. Venue is proper in the **Northern District of Alabama, Southern Division**

pursuant to **28 U.S.C. § 1391(b)(2)** because a substantial part of the events and

omissions giving rise to this action—including servicing misconduct, foreclosure

acceleration, publication, courthouse sale scheduling, and collection

communications—occurred in **Jefferson County**, and the **Property located at**

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 25**

**504 Park Terrace, Birmingham (Hoover), Alabama 35226** is within this judicial division.

26. Venue is independently proper under venue provisions embedded in the governing federal statutes:

    a. **RESPA**, 12 U.S.C. § 2614: suit may be brought "in the district in which the property is located, or where the violation occurred";

    b. **TILA**, 15 U.S.C. § 1640(e), and **FDCPA**, 15 U.S.C. § 1692k(d): suit may be brought in any U.S. district court where the debt collector resides or the violation occurred;

    c. **ECOA**, 15 U.S.C. § 1691e(f): permits suit in "any United States district court" with proper jurisdiction.

27. Jefferson County lies within this Court's **Southern Division**, and the Court's **intradistrict venue rules** confirm this is the appropriate forum based on the location of the property and the site of publication, courthouse activity, and receipt of collection notices.

28. Traditional **local-action venue principles** governing real property disputes further favor venue in this district. Plaintiff seeks declaratory and injunctive relief affecting title and mortgage enforcement on real property located in Jefferson

VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 26

County, Alabama. See *Sturdivant v. BAC Home Loans Servicing, LP*, 159 So. 3d 33, 43–45 (Ala. Civ. App. 2013).

29. This Court has personal jurisdiction over all Defendants consistent with due process under **Ala. R. Civ. P. 4.2(b)** and **Fed. R. Civ. P. 4(k)(1)(A)**, as each Defendant has **purposefully availed** itself of conducting business within Alabama and this District. Specifically:

a. **Select Portfolio Servicing, Inc. (SPS)** actively serviced Plaintiff's Alabama mortgage loan, issued periodic statements to her Birmingham residence, and designated Alabama addresses for correspondence and payment communications;

b. **Federal Home Loan Mortgage Corporation**, as Trustee for the Freddie Mac SLST 2024-1 Trust, is the asserted loan owner and authorized SPS to conduct collection and foreclosure activities in Alabama;

c. **Rubin Lublin, LLC**, as Alabama foreclosure counsel, mailed foreclosure notices, advertised public sale dates in Jefferson County newspapers, and appeared in Plaintiff's **Northern District of Alabama Chapter 13 bankruptcy case**, triggering jurisdiction under Bankruptcy Rule 9010;

VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 27

d. Each Defendant engaged in transactions directly impacting Alabama real property and a Jefferson County homeowner.

30. Defendants also availed themselves of the **City of Birmingham's legal and commercial infrastructure**, including use of Jefferson County courthouse premises (Ala. Code § 35-10-13), mailing communications to Plaintiff's Birmingham address, and engaging in collection activity within municipal boundaries subject to the **City of Birmingham Code of Ordinances**, including but not limited to:

a. **Title 11, Chapter 51, Ala. Code § 11-51-90** (municipal business-license compliance);

b. **City of Birmingham Taxation and Revenue Ordinances**, governing revenue collection by out-of-state entities;

c. **City advertising and signage ordinances** applicable to any physical postings at the property or in Jefferson County newspapers used for foreclosure advertising.

31. Accordingly, the conduct giving rise to Plaintiff's claims arises directly from Defendants' forum-directed activity. The exercise of jurisdiction **comports with constitutional due process** and satisfies the **"minimum contacts"** standard

VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

articulated in *Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985), and

reaffirmed in *Walden v. Fiore*, 571 U.S. 277 (2014).

## IV.    FACTUAL ALLEGATIONS

32. The subject property is Plaintiff's homestead at **504 Park Terrace, Birmingham (Hoover), Jefferson County, Alabama 35226**, legally described as **"East 200 feet of Lot 8, Block B, according to the survey of Crestview, as recorded in Map Book 7, Page 61, in the Probate Office of Jefferson County, Alabama."**

33. The loan originated in or about **2002** with **Countrywide Home Loans, Inc.**, with **Mortgage Electronic Registration Systems, Inc. (MERS)** recorded as nominee mortgagee. Over time, **Select Portfolio Servicing, Inc. (SPS)** assumed the servicing rights, and SPS's 2024 IRS Form 1098 and 2025 mortgage statements (Account No. 0030623433) confirm that role. The loan is now purportedly owned or enforced by **Federal Home Loan Mortgage Corporation, as Trustee for Freddie Mac SLST 2024-1 Participation Interest Trust.**

34. Plaintiff attaches SPS's **2024 Substitute IRS Form 1098**, reporting:

    a. **Interest paid: $5,257.60**

    b. **Late charges paid:** ~$100.00

VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 29

     c. **Outstanding principal (Box 2):** $162,102.54

     d. **Remaining Balance (line item):** $160,379.75

     e. **Escrow ledger:** Beginning $3,312.03 → Deposits $9,726.68 →

       Disbursements $7,486.59 → Ending $1,071.94

35. These inconsistencies—including two principal figures for the same period—are

    facially irreconcilable and signal misapplication of funds, improper disclosures,

    and accounting errors actionable under **TILA** and **RESPA**. See *Catalan v. GMAC*

    *Mortg. Corp.*, 629 F.3d 676, 689–90 (7th Cir. 2011); *12 C.F.R. §§ 1024.17,*

    *1026.41*. These are admissible business records and non-hearsay party admissions

    under **Fed. R. Evid. 801(d)(2)**.

36. On **October 21, 2025**, while Plaintiff was protected by the **automatic stay (11**

    **U.S.C. § 362)**, SPS mailed a multi-page **Annual Escrow Analysis**, which:

     a. Recalculated escrow and projected increased monthly payments.

     b. Contradicted its own prior balances, deficiency/shortage claims, and

       included a **remittance coupon**.

     c. Purported to apply "post-petition" amounts during a stay without

       compliance with **Bankruptcy Rule 3002.1(b)** (no timely payment-change

       notice).

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 30**

37. This violated **11 U.S.C. §§ 362(a)(3), (a)(6)** and **12 C.F.R. §§ 1024.17(g)(2)-(3), 1026.41(f)**. See *In re Mele*, 486 B.R. 546 (Bankr. N.D. Ga. 2013); *In re Roche*, 361 B.R. 615, 622 (Bankr. N.D. Ga. 2005).

38. SPS's **November 20, 2024 "Notice of Default – Right to Cure"** failed to include:

   a. A clear **sum-certain reinstatement figure** with intelligible itemization.

   b. Accurate late-fee computation, instead demanding **$400.32** in "accrued late charges"—despite contractual caps of 5% per missed installment (~$31.27), and contradictory disclosures.

39. This violates **Paragraph 22 of the uniform mortgage, 12 C.F.R. § 1026.36(c)**, and Alabama's **strict-compliance foreclosure rule**. See *Ex parte Turner*, 254 So. 3d 207 (Ala. 2017); *Campbell v. Bank of Am., N.A.*, 141 So. 3d 492, 495–97 (Ala. Civ. App. 2012).

40. From **February–March 2025**, Plaintiff submitted loss-mitigation documents. Despite this, SPS:

   a. Issued "legal action" notices (Feb. 5 & Jun. 3, 2025),

   b. Identified relationship manager "Chelsea Brown" but failed continuity-of-contact obligations,

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 31**

c.  And pressed toward foreclosure while review remained pending.

41. These are classic **dual-tracking violations** of **12 C.F.R. §§ 1024.39–.41**. See *Lage v. Ocwen*, 839 F.3d 1003 (11th Cir. 2016).

42. SPS's **June 30, 2025 internal snapshot** and **October 15, 2025 periodic statement** include:

a.  Misaligned investor identification ("Investor: N/A" vs. "Trust"),

b.  Demand for $171,778.78 accelerated total and $20,246.72 to reinstate,

c.  Lump sum "Other Charges and Fees" of $4,816.26 without breakdown.

43. Such omissions violate **12 C.F.R. §§ 1026.36(c)(3), 1026.41(d)** and prevent Plaintiff from understanding or curing default.

44. SPS failed to provide timely, written, **itemized payoff and reinstatement figures** upon request, substituting vague demands and suggesting Plaintiff "call" to determine balances. This violates:

a.  **TILA**, 12 C.F.R. § 1026.36(c)(3),

b.  **Alabama law**, Ala. Code § 35-10-92,

c.  And undermines Plaintiff's ability to tender reinstatement.

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 32**

45. Rubin Lublin's **September 3, 2025 acceleration notice** and **September 10/17/24 foreclosure advertisements**:

    a.  Failed to include a **sum-certain reinstatement amount**,

    b.  Omitted legally required itemizations or documentary authority,

    c.  Ambiguously listed the enforcing party as a trust without evidence of assignment or holder status.

46. These deficiencies violate **Ala. Code §§ 35-10-1 through 35-10-13, § 7-3-301**, and **Paragraph 22**, and render the foreclosure voidable. See *Littlefield v. Smith*, 336 So. 3d 170, 181–83 (Ala. 2022); *Sturdivant*, 159 So. 3d at 43–45.

47. Rubin Lublin's communications fall under the **FDCPA** because they demanded payment and used disclaimers acknowledging debt-collector status. As confirmed in *Reese v. Ellis*, 678 F.3d 1211, 1217–18 (11th Cir. 2012), and *Caceres v. McCalla Raymer*, 755 F.3d 1299 (11th Cir. 2014), these were not passive enforcement efforts but payment demands sent during bankruptcy protection.

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 33**

48. Plaintiff filed **Chapter 13 on October 20, 2025** (Case No. 25-03123-DSC13).

Rubin Lublin filed a **Notice of Appearance** that same day, binding Defendants to

full compliance with the **automatic stay (11 U.S.C. § 362(a))**. Yet SPS sent an

escrow package and coupon demanding payment on October 21, 2025, violating:

    a. **Bankruptcy Code**, §§ 362(a)(1), (a)(6),

    b. **Bankruptcy Rule 3002.1(b)**,

    c. **Reg Z**, 12 C.F.R. § 1026.41(f),

    d. And coercive collection restrictions. See *In re Helmes*, 336 B.R. 105

       (Bankr. E.D. Va. 2005).

49. SPS never issued a **§ 1641(g)** notice after any transfer of ownership nor responded

to written requests for owner info, violating:

    a. **15 U.S.C. § 1641(f)(2)**,

    b. **12 C.F.R. § 1026.39**,

    c. *Helman v. Bank of Am.*, 685 F. App'x 723, 726–27 (11th Cir. 2017).

50. Foreclosures in Alabama require **strict, not substantial compliance**. SPS and the

Trust failed to:

    a. Provide a compliant **Paragraph 22 notice**,

    b. Hold authority to enforce the note/mortgage before acceleration,

VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA
(REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B),
THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE
SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE
PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND
FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY,
UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR
COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00%
INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S
MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER
WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE
ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE,
RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND
COMPENSATORY DAMAGES - 34

   c.  Publish sale notices in conformity with **Ala. Code § 35-10-13**,

   d.  Or establish standing as the "person entitled to enforce." Ala. Code § 7-3-301.

51. Sales that lack strict compliance are **void or voidable as a matter of law**. See *Ex parte GMAC Mortg.*, 109 So. 3d 135 (Ala. 2012).

52. Plaintiff has suffered:

   a.  **Pecuniary loss**: postage, time off work, credit harm, inflated arrears, professional costs;

   b.  **Non-pecuniary harm**: emotional distress, anxiety, sleep disruption, loss of peaceful enjoyment;

   c.  **Title damage**: clouded property title due to voidable notices.

53. Defendants failed to comply with:

   a.  **Ala. Code § 11-51-90** (municipal licensing within Birmingham),

   b.  **City of Birmingham Ordinances** governing advertising, taxation, and business presence,

   c.  **Jefferson County courthouse procedures** for lawful use of public premises for power-of-sale auctions.

54. This further supports injunctive and declaratory relief.

VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 35

1

## V.    CAUSES OF ACTION

### A. FIRST CAUSE OF ACTION: VIOLATION OF THE REAL ESTATE SETTLEMENT PROCEDURES ACT, 12 U.S.C. § 2605, AND REGULATION X, 12 C.F.R. PART 1024 (AGAINST DEFENDANT SELECT PORTFOLIO SERVICING, INC. AND VICARIOUSLY AGAINST THE TRUST)

55. Plaintiff hereby incorporates by reference all prior paragraphs as though fully set forth herein.

56. Defendant Select Portfolio Servicing, Inc. ("SPS") violated multiple provisions of the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2601 et seq., and its implementing regulation, Regulation X (12 C.F.R. Part 1024), in a pattern of noncompliant and harmful servicing conduct affecting Plaintiff's primary residence in Birmingham, Alabama.

57. SPS failed to acknowledge or timely resolve Plaintiff's written Notices of Error and Requests for Information sent to its designated RESPA address (PO Box 65277), despite receiving them on or about March 2025. These included demands for payoff details, escrow reconciliation, and loan-owner identification. SPS's failure to respond within the required 5 and 30-day

VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 36

windows under §§ 1024.35(d)–(e) and § 1024.36(c)–(d) violated its statutory obligations. Its 2024 IRS Form 1098 and contradictory principal figures (Box 2 vs. "Remaining Balance") prove that SPS had access to the data but failed to reconcile or disclose it.

58. SPS's Annual Escrow Account Disclosure Statement sent on October 21, 2025—during Plaintiff's Chapter 13 automatic stay—was riddled with internal inconsistencies, including irreconcilable balances, contradictory "shortage" and "deficiency" declarations, and improper solicitation for remittance using a live payment coupon. These actions violated § 1024.17(g)–(i), and compounded Plaintiff's confusion regarding her actual monthly obligation.

59. Despite receiving Plaintiff's Request for Mortgage Assistance in early 2025 and acknowledging partial completion, SPS issued conflicting letters, misclassified documents as "stale," and referred the loan to foreclosure counsel before rendering a decision—an outright violation of § 1024.41(b), (c), and the dual-tracking prohibitions in § 1024.41(f)(2) and (g). SPS failed to exercise reasonable diligence and did not provide a final determination letter with appeal rights under § 1024.41(d) and (h).

VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 37

60. The November 20, 2024 "Notice of Default – Right to Cure" listed unlawful "late charges" ($400.32) and ambiguous "advances" ($654.00) that lacked dates, payees, or descriptions. These amounts exceeded the 5% cap per 12 C.F.R. § 1026.36(c)(1)(ii) and were unsupported by any itemized record. Subsequent collection notices compounded these discrepancies.

61. SPS's continued contradictions in statements, foreclosure referrals during mitigation, and ongoing communication during the bankruptcy stay confirm the absence of reasonable written policies and procedures. SPS failed to monitor foreclosure counsel or publication vendors to ensure compliance with federal servicing laws or Alabama's strict foreclosure regime.

62. While the automatic stay under 11 U.S.C. § 362(a) was in effect from October 20–November 5, 2025, SPS sent remittance devices, recalculated payments, and instructed Plaintiff to remit new amounts. These actions also violated TILA's bankruptcy-modified statement rules (12 C.F.R. § 1026.41(f)), and demonstrate an impermissible act to collect a debt during a protected bankruptcy period.

63. SPS conducted these actions while servicing property located within the City of Birmingham and Jefferson County. Its conduct—soliciting payment and

VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 38

conducting business without complying with Birmingham's business license

requirements (Birmingham Code of Ordinances §§ 10-1-6, 10-1-20, 10-1-30),

advertising and signage regulations (e.g., §§ 12-16-11 through 12-16-19), and

courthouse use expectations under local administrative rules—adds weight to

Plaintiff's request for equitable relief. See also Ala. Code § 11-51-90.

64. The Federal Home Loan Mortgage Corporation, as Trustee for Freddie Mac

SLST 2024-1, is vicariously liable for the conduct of its servicer, SPS, under

traditional agency principles and the explicit duties imposed by 12 U.S.C. §

2605(k)(1)(C)–(D), including ensuring RESPA compliance by its agents.

65. The totality of these violations—spanning RESPA § 2605, Regulation X Parts

1024.17, 1024.35–.41, and other interlocking consumer protections—reflects

a consistent pattern of noncompliance actionable under 12 U.S.C. § 2605(f).

See *Renfroe v. Nationstar Mortg., LLC*, 822 F.3d 1241 (11th Cir. 2016); *Baez*

*v. Specialized Loan Servicing, LLC*, 709 F. App'x 979 (11th Cir. 2017).

66. As a direct result of the above violations, Plaintiff has suffered actual

damages, including increased arrears, out-of-pocket expenses (mailing,

copying, consultation), and emotional distress. Plaintiff seeks:

    a.  Actual damages under 12 U.S.C. § 2605(f)(1)(A);

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 39**

b. Statutory damages due to a pattern or practice of noncompliance under § 2605(f)(1)(B); and

c. Reasonable legal fees and costs under § 2605(f)(3).

**B. SECOND CAUSE OF ACTION: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. § 1692 ET SEQ., AND REGULATION F, 12 C.F.R. PART 1006 (AGAINST RUBIN LUBLIN, LLC AND, IN THE ALTERNATIVE, SELECT PORTFOLIO SERVICING, INC.)**

67. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

68. Defendant **Rubin Lublin, LLC** is a multi-state law firm primarily engaged in mortgage debt enforcement and foreclosure activity. In this case, Rubin Lublin acted as foreclosure counsel and debt collector by sending dunning communications, threatening foreclosure, and publishing notices demanding payment on behalf of SPS and the Freddie Mac SLST 2024-1 Trust. These actions fall within the scope of the FDCPA as interpreted by the Eleventh Circuit. See *Reese v. Ellis, Painter, Ratterree & Adams, LLP*, 678 F.3d 1211,

VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 40

1217–18 (11th Cir. 2012) (attorney foreclosure notices seeking payment are covered by FDCPA).

69. Rubin Lublin and, alternatively, SPS used **false, deceptive, and unfair means to collect on a consumer debt**, in violation of the following FDCPA provisions:

    a. **§ 1692e (False or Misleading Representations):**

        i. Misstating or failing to state the name of the current creditor (*§ 1692g(a)(2)*; *12 C.F.R. § 1006.34(c)(2)*).

        ii. Suggesting authority to foreclose without satisfying conditions precedent under Paragraph 22 or Alabama's strict foreclosure rules (*Ex parte Turner*, 254 So. 3d 207 (Ala. 2017)).

        iii. Publishing sale notices while mitigation or dispute review was active, overshadowing Plaintiff's validation rights. See *Caceres v. McCalla Raymer, LLC*, 755 F.3d 1299, 1302–04 (11th Cir. 2014).

        iv. Mischaracterizing the debt amount as "subject to" unspecified categories, rather than providing a sum-certain itemization (*§ 1692g(a)(1)*; *12 C.F.R. § 1006.34(c)(1)–(3)*).

VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 41

    v.   Sending communications during a Chapter 13 stay that falsely implied immediate payment was due, including statements with remittance coupons—deemed coercive under the FDCPA and bankruptcy precedent. See *In re Mele*, 486 B.R. 546, 557–58 (Bankr. N.D. Ga. 2013); *Bishop v. Ross Earle & Bonan, P.A.*, 817 F.3d 1268 (11th Cir. 2016).

b.  **§ 1692f (Unfair or Unconscionable Means):**

    i.   Attempting foreclosure without present legal authority (*§ 1692f(6)*), particularly where ownership was misrepresented or unresolved, and publication occurred despite known bankruptcy stay.

    ii.   Collecting amounts not expressly authorized by the mortgage or by Alabama law, including inflated late charges and ambiguous "Advances" (*15 U.S.C. § 1692f(1)*).

    iii.   Failing to comply with the City of Birmingham's business licensing, advertising, and tax ordinances, in violation of Ala. Code § 11-51-90 and Birmingham Code of Ordinances Ch. 10

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 42**

(Licensing), supporting a finding of unconscionable business practices.

   c.  § 1692g (Validation and Dispute Process):

      i.  Failing to cease collection after Plaintiff timely disputed the debt and demanded validation under *§ 1692g(b)*.

      ii.  Publishing foreclosure notices (September 10, 17, and 24, 2025) and maintaining a public sale scheduled for October 17, 2025, within the 30-day validation window, in clear violation of federal law and Eleventh Circuit standards. See *Caceres*, 755 F.3d at 1303–04.

      iii.  Failing to provide a compliant **itemized validation notice** or include the "itemization date" required under *12 C.F.R. § 1006.34(c)(1)–(3)*; failing to use the Regulation F model format accurately (*§ 1006.34(d)(2)*).

70. **Deceptive Attorney Involvement Misrepresentation:** Rubin Lublin's initial communication and templated advertisements were falsely portrayed as communications from a reviewing attorney. The lack of a sum-certain, contradictory identification of the creditor, and generic instructions to "call"

VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 43

for amounts demonstrate that no meaningful attorney review occurred. This

violates *§ 1692e(3)* and *§ 1692e(10)*. See *LeBlanc v. Unifund CCR Partners*,

601 F.3d 1185, 1193–96 (11th Cir. 2010).

71. **Mini-Miranda Disclosure Failures:** Rubin Lublin's foreclosure publications

   failed to include the statutory disclosure that the communication was from a

   debt collector, as required under *§ 1692e(11)*, and communicated private

   financial information to third parties without lawful justification, in violation

   of *§ 1692c(b)*.

72. **Credit Reporting Misconduct:** Rubin Lublin and/or SPS communicated

   credit information about Plaintiff's debt without noting it was disputed,

   violating *§ 1692e(8)*. See *Miljkovic v. Shafritz & Dinkin, P.A.*, 791 F.3d 1291,

   1303–04 (11th Cir. 2015).

73. **Violation of Local Law as FDCPA Predicate:** Rubin Lublin's conduct took

   place within the City of Birmingham and Jefferson County. By failing to

   obtain a proper municipal business license and failing to comply with local

   advertising and debt-collection regulations (City of Birmingham Code of

   Ordinances § 10-1-30 et seq.; Ala. Code § 11-51-90), Rubin Lublin and/or

   SPS engaged in unfair and deceptive practices under *§ 1692f*.

VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA
(REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B),
THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE
SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE
PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND
FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY,
UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR
COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00%
INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S
MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER
WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE
ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE,
RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND
COMPENSATORY DAMAGES - 44

74. **Vicarious Liability and Alternative Theory:** Rubin Lublin acted as the agent for SPS in collecting and enforcing Plaintiff's mortgage debt. SPS is therefore vicariously liable under general agency principles and is independently liable as a "debt collector" as defined in *Birster v. American Home Mortg. Servicing, Inc.*, 481 F. App'x 579, 582–83 (11th Cir. 2012) and *Heintz v. Jenkins*, 514 U.S. 291 (1995), due to the defaulted status of the loan.

75. **Regulation F Dispute Handling Failures:** Neither Rubin Lublin nor SPS provided a timely validation of debt after Plaintiff sent written disputes to the designated QWR/NOE address. Continuing collection activities during this period—such as advertising, threatening foreclosure, and mailing solicitations—violated the dispute-resolution and cease-collection provisions under *§ 1692g(b)* and *12 C.F.R. § 1006.34(c)–(d)*.

76. As a direct result of Defendants' conduct, Plaintiff suffered actual damages including postage, copying, legal consultations, and emotional distress, and is entitled to statutory damages and attorney's fees under *15 U.S.C. § 1692k*. Plaintiff also requests injunctive and declaratory relief, and that this Court hold Defendants jointly and severally liable for all unlawful conduct herein described.

VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 45

### C. THIRD CAUSE OF ACTION: WRONGFUL FORECLOSURE UNDER ALABAMA COMMON LAW (AGAINST ALL DEFENDANTS)

77. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

78. Under Alabama law, wrongful foreclosure arises when the power of sale is exercised for an improper purpose, without satisfying the mortgage's contractual conditions precedent, or in violation of statutory foreclosure procedures. See *Reeves Cedarhurst Dev. Corp. v. First AmFed Corp.*, 607 So. 2d 184, 186–87 (Ala. 1992); *Jackson v. Wells Fargo Bank, N.A.*, 90 So. 3d 168, 171–73 (Ala. 2012); *Ex parte Turner*, 254 So. 3d 207, 214–15 (Ala. 2017). Alabama courts have repeatedly emphasized that **strict—not substantial—compliance** is required with contractual and statutory prerequisites. See *Littlefield v. Smith*, 336 So. 3d 170, 181–83 (Ala. 2022); *Campbell v. Bank of Am., N.A.*, 141 So. 3d 492, 495–97 (Ala. Civ. App. 2012).

79. Defendants accelerated and moved toward foreclosure under Paragraph 22 of the mortgage without:

VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 46

a. Providing a clear, intelligible, and **itemized statement** of the amounts required to cure;

b. Verifying their authority as a "person entitled to enforce" under Ala. Code § 7-3-301;

c. Proving valid assignment of the mortgage prior to acceleration, per *Sturdivant v. BAC Home Loans Servicing, LP*, 159 So. 3d 33, 43–45 (Ala. Civ. App. 2013);

d. Complying with the **notice and publication mandates** of Ala. Code § 35-10-13 and § 6-8-60 et seq.;

e. Ensuring municipal compliance with **City of Birmingham Ordinance §§ 11-51-90 et seq.** on business licensing, advertising, and public sale activities;

f. Ensuring municipal compliance with **City of Birmingham Ordinance §§ 11-51-90 et seq.** on business licensing, advertising, and public sale activities.

80. The September 3, 2025 acceleration notice and the November 20, 2024 default letter failed to specify a sum certain and directed Plaintiff to "call" for

VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 47

figures—contravening Alabama's requirement of a **"sum-certain"**

**reinstatement notice**. See *Ex parte Turner*, 254 So. 3d at 215.

81. Plaintiff was misled by **inflated "Late Charges" ($462.86)** and unitemized

"Advances" ($654.00), which violated both contractually imposed caps (5%

of P+I) and the TILA/Regulation Z framework under 12 C.F.R. §

1026.36(c)(I)(ii). SPS's own communications acknowledged that the correct

late fee was $31.27 per missed installment.

82. The chain of title failed to establish **enforceability of the note and mortgage**

**prior to foreclosure**. SPS's internal system stated "Investor: N/A" and listed

no lender on file. See *Coleman v. BAC Home Loans*, 104 So. 3d 195, 206–07

(Ala. Civ. App. 2012).

83. The **foreclosure advertisements** published by Rubin Lublin failed to include

a valid payoff or reinstatement amount and ambiguously identified the

mortgagee, which violates **Ala. Code § 35-10-13** (sale must occur "at the

place stated in the notice" and only after three successive weekly publications

in a newspaper of general circulation in Jefferson County).

84. Plaintiff submitted a facially complete Request for Mortgage Assistance

(RMA), but Defendants proceeded with acceleration, referral to Rubin Lublin,

VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA
(REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B),
THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE
SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE
PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND
FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY,
UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR
COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00%
INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S
MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER
WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE
ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE,
RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND
COMPENSATORY DAMAGES - 48

and sale advertisement anyway—violating anti–dual-tracking protections under 12 C.F.R. § 1024.41(f)–(g), and showing that foreclosure was used **as a coercive tool**, not as a lawful collection measure.

85. Plaintiff filed for Chapter 13 bankruptcy on October 20, 2025. Despite actual notice, Defendants transmitted payment-solicitation communications (Exhibits H, H-1, H-2, J) which contained **live remittance devices**, violating 11 U.S.C. § 362 and *In re Mele*, 486 B.R. 546, 557–58 (Bankr. N.D. Ga. 2013).

86. These post-petition actions contradict the Bankruptcy Code and are **evidence of willful disregard** for Plaintiff's protected status, further showing the foreclosure was not initiated in good faith or for a lawful purpose.

87. Plaintiff's **title was clouded**, her ability to refinance or sell was chilled, and she incurred:

    a.  Additional arrears;

    b.  Costs to prepare and transmit RESPA notices;

    c.  Legal and professional consultations;

    d.  Emotional distress and diminished use and enjoyment of her home.

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 49**

88. Tender is not required because:

   a. Plaintiff challenges the underlying validity of acceleration and foreclosure;

   b. No valid payoff or reinstatement figure was provided;

   c. **Strict compliance failures render the process void or voidable** under Alabama law. See *Campbell*, 141 So. 3d at 495–97.

89. Plaintiff seeks:

   a. A judicial **declaration that the foreclosure process was void or voidable**;

   b. Permanent **injunctive relief** barring further foreclosure;

   c. Full **equitable accounting** under *Catalan v. GMAC Mortg. Corp.*, 629 F.3d 676, 689–90 (7th Cir. 2011);

   d. Compensatory and **punitive damages** for wanton misuse of the power of sale;

   e. **Quiet title relief** to extinguish the effects of unlawful publication and acceleration.

90. Defendants' lack of **City of Birmingham business licenses**, as required under **Ordinance Chapter 68 (Revenue and Taxation)** and Ala. Code § 11-51-90,

VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 50

reinforces the improper purpose and undermines the legitimacy of their foreclosure attempt.

91. Defendants are jointly and severally liable under Alabama's **concert-of-action** and **agency principles**:

    a.  SPS managed and referred the loan for foreclosure;

    b.  Rubin Lublin drafted, mailed, and published misleading notices;

    c.  The Trust failed to verify enforcement authority or confirm compliance before authorizing action.

92. In the alternative, Plaintiff asserts **wrongful attempted foreclosure**, supported by:

    a.  *Sealy v. Lake*, 562 So. 2d 205 (Ala. 1990), and

    b.  *Jackson*, 90 So. 3d at 172–73,

because the acts of **publishing sale notices, misrepresenting authority**, and misleading the Plaintiff about payment obligations during bankruptcy disparaged title and constituted slanderous and fraudulent conduct.

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 51**

## D. FOURTH CAUSE OF ACTION: BREACH OF CONTRACT AND BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING (AGAINST SPS AND THE TRUST)

93. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

94. The promissory note and accompanying Freddie Mac/Fannie Mae uniform security instrument (the "Mortgage"), executed by Plaintiff in or around 2002 and recorded in the Jefferson County Probate Court, constituted a binding contract governed by Alabama law. The Mortgage incorporates numerous **Uniform Covenants**, including:

   a. **Paragraph 1 (Payment of Principal, Interest, and Escrow Items):** requiring timely crediting of payments and correct application of funds;

   b. **Paragraph 2 (Escrow Items):** mandating accurate computation and administration of escrow for taxes and insurance;

   c. **Paragraph 14 (Loan Charges):** prohibiting the assessment of fees not permitted by "Applicable Law";

VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 52

d. **Paragraph 19 (Right to Reinstate):** granting the borrower a contractual right to cure the default and reinstate the loan upon satisfaction of listed conditions;

e. **Paragraph 22 (Acceleration; Remedies):** requiring a notice of default to strictly include (a) nature of the default; (b) a sum-certain cure amount; (c) a date not less than 30 days to cure; and (d) notice of the right to reinstate and assert defenses.

95. The Mortgage defines "Applicable Law" to include "all controlling applicable federal, state, and local statutes, regulations, ordinances, and administrative rules and orders." This includes—but is not limited to—the **Real Estate Settlement Procedures Act** (12 U.S.C. § 2601 et seq.), **Truth in Lending Act** (15 U.S.C. § 1601 et seq.), **FDCPA, ECOA, 11 U.S.C. § 362** (Bankruptcy Code automatic stay), and **Ala. Code § 35-10-92** (payoff statement statute), as well as City of Birmingham business regulations codified under **Birmingham Code of Ordinances, Chapter 9 (Licensing & Revenue)** and **Chapter 12 (Advertising and Sign Controls).**

96. SPS failed to credit payments in the order required by Paragraph 1 of the Mortgage. Plaintiff's payments were misapplied or diverted to fees and

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 53**

"suspense" accounts, without proper documentation or reconciliation. This directly increased interest accrual, falsely inflated arrears, and led to premature acceleration.

97. SPS breached Paragraph 2 by issuing internally inconsistent escrow analyses, projecting contradictory balances, demanding inflated "deficiency" and "shortage" amounts, and failing to disburse property taxes and insurance premiums in a timely and accurate manner. This violates RESPA/Reg X (12 C.F.R. § 1024.17) and materially breached the escrow covenants.

98. SPS charged late fees of $400.32 and $462.86, exceeding the permissible 5% limit of principal-and-interest installments under both the Note and Alabama law (see **Campbell v. Bank of Am., N.A., 141 So. 3d 492, 495–97 (Ala. Civ. App. 2012)**). Additionally, SPS included $4,816.26 in "Other Charges and Fees" with no explanation. These fees were neither contractually permitted nor legally authorized under Paragraph 14 and **12 C.F.R. § 1026.36(c)**, constituting a material breach.

99. Paragraph 19 entitles the borrower to reinstate the loan after default. SPS and the Trust violated this right by failing to deliver an intelligible, itemized payoff or reinstatement figure—repeatedly directing Plaintiff to "call" for the

VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 54

amount due. Such conduct renders the reinstatement functionally unavailable and violates **Ala. Code § 35-10-92, 12 C.F.R. § 1026.36(c)(3)**, and the mortgage instrument itself.

100.    The November 20, 2024 cure notice (Exhibit M-1) and the September 3, 2025 acceleration letter did not comply with Paragraph 22 or **Ala. Code § 35-10-13**, as they:

    a.    Omitted a sum-certain reinstatement figure;

    b.    Misstated charges;

    c.    Demanded inflated "Advances" and "Other Fees";

    d.    Instructed Plaintiff to "call for more information."

101.    Under **Ex parte Turner, 254 So. 3d 207 (Ala. 2017)** and **Littlefield v. Smith, 336 So. 3d 170 (Ala. 2022)**, strict—not substantial—compliance with Paragraph 22 is required; violations render the acceleration void or voidable.

102.    Alabama law imposes a duty of good faith in performance and enforcement. Defendants breached this covenant by:

    a.    Dual-tracking loss mitigation and foreclosure (violating 12 C.F.R. § 1024.41);

    b.    Issuing contradictory statements and coupons during bankruptcy;

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 55**

c. Refusing to clarify reinstatement/payoff terms;

d. Leveraging inflated fees to coerce payment or abandonment;

e. Proceeding to collect during the automatic stay in bad faith.

103. See **Meyer v. U.S. Bank, 569 F. App'x 648 (11th Cir. 2014)** and **Deutsche Bank Nat'l Trust Co. v. Hurst, 200 So. 3d 1115 (Ala. Civ. App. 2016)** (recognizing actionable breach of implied covenants when lender conduct frustrates borrower performance).

104. Rubin Lublin acted at all relevant times as foreclosure counsel and agent of SPS and the Trust. Its defective notices, refusal to itemize amounts due, and publication activity without verified authority are contract breaches imputable to its principals under standard agency law and **Restatement (Third) of Agency §§ 2.04, 7.03.**

105. Plaintiff incurred the following as a direct result of these breaches:

a. Unlawful charges and inflated arrears;

b. Legal and administrative expenses (e.g., document preparation, postage, consultations);

c. Credit reporting harm;

d. Loss of refinancing and marketing opportunities;

VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 56

   e.  Emotional distress and impaired quiet enjoyment of homestead

       property.

106.  Mental anguish is recoverable in Alabama for breach of home-related

       contracts under **Liberty Homes v. Elliott, 368 So. 2d 950 (Ala. 1979) and**

       **Vincent v. Blue Cross-Blue Shield, 373 So. 2d 1054 (Ala. 1979).**

107.  Plaintiff seeks compensatory damages, statutory damages where

       authorized, legal fees, and the following equitable remedies:

   a.  Specific performance: a full, contract-compliant life-of-loan

       accounting and written reinstatement/payoff quote;

   b.  Declaratory relief: voiding any acceleration and foreclosure notices;

   c.  Reformation: correction of erroneous payment applications and

       reversal of unlawful charges;

   d.  Injunctive relief: prohibiting further foreclosure activity without full

       compliance;

   e.  Setoff/recoupment: credit against any asserted amounts due for

       unlawful conduct;

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 57**

f. Judicial confirmation that any future payment structure reflects a 3.00% interest rate and affordable monthly obligation calculated to Plaintiff's means, without any new "review period."

### E. FIFTH CAUSE OF ACTION: VIOLATION OF THE TRUTH IN LENDING ACT, 15 U.S.C. § 1641(G); 12 C.F.R. § 1026.39 (AGAINST SPS AND THE TRUST)

108. Plaintiff incorporates and realleges all preceding paragraphs as if fully set forth herein.

109. Defendants SPS and Federal Home Loan Mortgage Corporation, as Trustee for Freddie Mac SLST 2024-1 Participation Interest Trust ("the Trust"), violated the Truth in Lending Act (TILA), 15 U.S.C. § 1641(g), and Regulation Z, 12 C.F.R. § 1026.39, by failing to timely notify Plaintiff, in writing, within 30 days of the purported transfer or assignment of the loan's ownership. Plaintiff never received a compliant ownership-transfer notice containing the required elements outlined in § 1026.39(d), including the name and address of the new creditor, the date of transfer, and information regarding an authorized agent to receive legal notices.

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 58**

110. This failure deprived Plaintiff of a critical opportunity to challenge authority to foreclose, verify investor status, and assert statutory rights under TILA and related federal laws. The Trust and SPS publicly asserted ownership and authority through foreclosure notices in 2024–2025, but never issued a § 1641(g)-compliant notice to Plaintiff's long-established Birmingham address, where all other servicer communications were regularly received.

111. TILA § 1641(g)(1) mandates that "[n]ot later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer."

112. Regulation Z, 12 C.F.R. § 1026.39(d), further requires that such notice include:

    a. The name, address, and telephone number of the new owner;

    b. The date of transfer;

    c. The name and contact information for any agent authorized to act on the owner's behalf;

    d. The location where the transfer is recorded, if applicable.

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 59**

113. **Facts Demonstrating Noncompliance:**

    a.  SPS's November 20, 2024 cure notice referred to the Trust as "Noteholder" but provided no ownership-transfer disclosure or timeline.

    b.  The internal June 30, 2025 servicing snapshot listed "Investor: N/A."

    c.  The September 3, 2025 acceleration notice again referenced the Trust but lacked any itemized ownership information.

    d.  These contradictions prevented Plaintiff from determining who owned the loan, when the transfer occurred, or to whom inquiries and disputes should be directed.

114. The Eleventh Circuit in *Helman v. Bank of Am.*, 685 F. App'x 723, 726–27 (11th Cir. 2017), affirmed that failure to issue a compliant § 1641(g) notice creates liability. TILA liability arises even in the absence of monetary loss, where the violation impedes statutory rights and creates confusion or delays in borrower protections.

115. Neither the November 2024 nor September 2025 letters constitute valid § 1641(g) notices. They did not meet the required timing, specificity, or content

VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 60

standards set forth in 12 C.F.R. § 1026.39(d). Generic letters asserting

"Noteholder" or "Trustee" status do not substitute for a formal, itemized

notice.

116.   The omission of this notice impeded Plaintiff's ability to:

    a.  Send Notices of Error and Requests for Information under 12

        C.F.R. §§ 1024.35–.36 to the appropriate party;

    b.  Confirm enforcement rights under Ala. Code § 7-3-301 and Ala.

        Code § 35-4-50;

    c.  Assert her rights under Regulation X's dual-tracking provisions

        during loss-mitigation review;

    d.  Challenge foreclosure authority under Alabama's strict-compliance

        regime (see *Ex parte Turner*, 254 So. 3d 207, 214–15 (Ala. 2017);

        *Littlefield v. Smith*, 336 So. 3d 170, 181–83 (Ala. 2022)).

117.   RESPA servicing-transfer notices do not satisfy § 1641(g). The required

ownership notice is separate and cannot be excused by "hello/goodbye" letters

related solely to servicing functions. See 12 C.F.R. § 1026.39(a)(1)–(2).

118.   Defendants' failure to issue the required ownership notice while

conducting foreclosure activity within Birmingham city limits also violates

VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA
(REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B),
THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE
SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE
PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND
FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY,
UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR
COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00%
INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S
MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER
WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE
ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE,
RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND
COMPENSATORY DAMAGES - 61

principles of transparency and accountability embedded in the City of

Birmingham Code of Ordinances §§ 10-2-3 and 10-8-20 (requiring proper

business registration and consumer fairness). This omission also casts doubt

on their compliance with Ala. Code § 11-51-90, which governs municipal

licensing for debt-collection and servicing activity.

119.   This was not a technicality. Plaintiff suffered real-world harm:

    a.  Time and expense in attempting to verify investor status;

    b.  Delay in submitting accurate QWRs and loan-modification

       applications;

    c.  Increased arrearages and fees during the period of ambiguity;

    d.  Emotional distress and risk of foreclosure due to lack of owner

       verification.

120.   On information and belief, the transfer to the Trust or a related entity

occurred within one year of this filing. If it occurred earlier, Plaintiff is

entitled to equitable tolling under *Ellis v. GMAC*, 160 F.3d 703, 706 (11th Cir.

1998), because SPS's disclosures concealed the transfer and made timely

discovery impossible. The contradictory documents demonstrate an

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA
(REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B),
THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE
SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE
PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND
FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY,
UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR
COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00%
INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S
MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER
WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE
ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE,
RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND
COMPENSATORY DAMAGES - 62**

institutional pattern of noncompliance warranting statutory damages under §

1640(a)(2)(A)–(B).

121.    The Trust is directly liable as the new creditor. SPS is independently liable

under 12 C.F.R. § 1026.39(d)(1)(i), which permits the new owner to designate

a servicer to send the required notice. SPS either failed to do so, did so

defectively, or failed to ensure that such a notice contained all required

information.

122.    Plaintiff respectfully requests:

    a.  A declaration that Defendants violated TILA § 1641(g);

    b.  Actual damages;

    c.  Statutory damages for noncompliance and pattern/practice;

    d.  Reasonable legal fees and costs under 15 U.S.C. § 1640(a);

    e.  Injunctive relief compelling Defendants to issue a compliant

       ownership-transfer notice identifying the true owner, date of

       transfer, contact info, and recording data for any assignments;

    f.  Any other relief this Court deems just and proper to prevent further

      violations.

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 63**

123.    As a direct and proximate result of the § 1641(g) violation, Plaintiff

suffered:

    a.  Economic harm (mailing/dispute costs, professional consulting

       fees);

    b.  Increased fees and arrears caused by inability to correct account;

    c.  Emotional distress from fear of unlawful foreclosure;

    d.  Impairment of legal rights due to inability to challenge authority in

       court or bankruptcy proceedings.

**F.  SIXTH CAUSE OF ACTION: VIOLATION OF THE TRUTH IN**

**LENDING ACT (TILA), 15 U.S.C. § 1638(F), AND REGULATION Z, 12**

**C.F.R. § 1026.41 (AGAINST DEFENDANT SELECT PORTFOLIO**

**SERVICING, INC.)**

124.    Plaintiff realleges and incorporates all prior paragraphs.

125.    Defendant SPS violated 15 U.S.C. § 1638(f) and 12 C.F.R. § 1026.41 by

repeatedly issuing periodic mortgage statements during 2024 and 2025 that

were inaccurate, misleading, and noncompliant with TILA's content and

formatting requirements. These statements failed to clearly and conspicuously

disclose: (i) the actual amount due; (ii) a comprehensible itemization of past-

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 64**

due amounts; (iii) "other charges and fees" exceeding $4,800; and (iv) the complete delinquency and reinstatement status of the loan. The misrepresentations are actionable under 15 U.S.C. § 1640(a).

126.    As required by § 1026.41(d), each statement must clearly and conspicuously disclose eight core elements, including a complete breakdown of the amount due, past payment application, delinquency status, and all transaction activity. SPS's statements, including those dated February 19, 2025; March 19, 2025; April 21, 2025; May 14, 2025; July 13, 2025; September 21, 2025; and October 15, 2025, failed to meet these standards. The statements contained internal inconsistencies and directly conflicted with SPS's own servicing records (e.g., the June 30, 2025 snapshot) and the 2024 Form 1098.

127.    SPS's statements also failed to reconcile escrow balances and incorrectly displayed past-due or deficiency figures. For example, the 2024 IRS Form 1098 reflected conflicting principal balances ($162,102.54 vs. $160,379.75), escrow inaccuracies, and omission of disbursement details. These contradictions are violations of 12 C.F.R. §§ 1026.41(d)(2)–(4) and (d)(8).

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 65**

128. SPS issued a remittance-enabled "Escrow Payment Coupon" alongside contradictory escrow analyses that misstated escrow shortages, reserve requirements, and monthly payments, without providing the disclosures required under § 1026.41(d). Further, SPS did not send these notices with the clarity required of statements under § 1026.41(f) during bankruptcy.

129. During Plaintiff's Chapter 13 case (October 20–November 5, 2025), SPS continued to send payment-demand statements and remittance devices that did not qualify for the bankruptcy exemption under § 1026.41(e)(5) and failed to comply with § 1026.41(f), which mandates modified content and clear non-collection disclaimers during an active stay.

130. The use of language such as "Total Amount Due to Reinstate $20,246.72 by 11/01/2025," coupled with an active "Current Payment" line of $1,110.70 on accelerated statements, created confusion and failed to comply with the "clear and conspicuous" standard of § 1026.41(d)(1). No consumer could determine whether the smaller payment would stop foreclosure or reduce arrears.

131. Periodic statements also lacked the required "Past Payment Breakdown" and "Transaction Activity" details (see § 1026.41(d)(3)–(4)). For example,

VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 66

entries were bundled into "Unapplied" or "Suspense" designations, omitting any breakdown of advances, fees, or escrow activity. Further, "Other Charges and Fees $4,816.26" was listed repeatedly without itemization.

132.    The exhibit confirmed SPS encouraged borrowers to use phone, online, and Western Union payment channels while failing to explain or support the ancillary fee amounts disclosed. This suggests material omissions under § 1026.41(d)(4) and misleading fee disclosure under § 1026.36(c)(1)(ii), which prohibits pyramiding or escrow-based late-fee computation.

133.    The City of Birmingham requires all entities conducting collection activity within city limits to maintain a valid business license under the **Birmingham Code of Ordinances, Chapter 9, Article II**, and to comply with consumer-facing advertising and business conduct regulations under **Ala. Code § 11-51-90**. SPS's failure to comply with these local licensing and tax obligations while distributing misleading statements further supports liability.

134.    The failure to issue corrected statements or to reconcile balances even after receiving Notices of Error constitutes a willful violation of the servicer's duty to maintain accurate account-level records and ensure timely correction, as also required under **12 C.F.R. § 1024.35(e) and 12 C.F.R. § 1026.36(c)(3)**.

VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 67

135.    Plaintiff seeks actual and statutory damages, equitable relief, and legal

fees pursuant to 15 U.S.C. § 1640(a), including but not limited to:

    a.  An order compelling SPS to provide revised, compliant periodic

       statements that include itemized breakdowns of all charges and the

       current reinstatement amount as required by § 1026.36(c)(3).

    b.  A judicial declaration that SPS's prior statements violated

       TILA/Regulation Z and failed to meet the "clear and conspicuous"

       standard for periodic disclosures under federal law.

    c.  An injunction barring further dissemination of defective statements

       and requiring all future statements to meet § 1026.41(d) or §

       1026.41(f) requirements, depending on bankruptcy status.

    d.  Reimbursement of amounts paid or accrued due to misleading fees,

       improper acceleration, and payment misdirection; compensation for

       credit damage, stress, and legal fees.

136.    Each deficient statement constitutes a discrete violation under 15 U.S.C. §

1640(e). Plaintiff's claims are timely as they relate to statements issued within

one year of filing, including those issued on and after February 19, 2025. In

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 68**

the alternative, equitable tolling applies due to SPS's concealment and contradiction.

## G. SEVENTH CAUSE OF ACTION: SLANDER OF TITLE (AGAINST DEFENDANTS SELECT PORTFOLIO SERVICING, INC., RUBIN LUBLIN, LLC, AND FEDERAL HOME LOAN MORTGAGE CORPORATION, AS TRUSTEE FOR FREDDIE MAC SLST 2024-1 PARTICIPATION INTEREST TRUST)

137.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

138.    Under Alabama common law, a party commits *slander of title* when it publishes false and malicious statements that disparage a property owner's title, resulting in special damages. See *Merchants Nat'l Bank of Mobile v. Steiner*, 404 So. 2d 14, 20–22 (Ala. 1981); *Sealy v. Lake*, 562 So. 2d 205 (Ala. 1990); *Roden v. Wright*, 646 So. 2d 605, 611 (Ala. 1994). This tort requires proof that: (1) the plaintiff owns the property; (2) the defendant published false information about the title; (3) malice existed; (4) the plaintiff suffered special damages; and (5) the publication was a substantial factor in causing pecuniary harm.

VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 69

139. Plaintiff is the rightful owner and occupant of the residential property located at **504 Park Terrace, Birmingham, Jefferson County, Alabama 35226**, the subject of the wrongful foreclosure proceedings. On **September 3, 2025**, Rubin Lublin—acting as foreclosure counsel for SPS and the Trust— issued and mailed a **Notice of Acceleration and Foreclosure**, and subsequently published **foreclosure sale advertisements** on September 10, 17, and 24, 2025 in a newspaper of general circulation in Jefferson County, indexed by Plaintiff's address. These notices were also distributed electronically through public databases and third-party online foreclosure posting platforms, such as auction websites and municipal court databases.

140. These publications falsely stated that the foreclosing party had legal standing and present authority to accelerate and foreclose under Alabama law, and misrepresented the amounts due. The following misrepresentations rendered the publications materially false and disparaging to Plaintiff's title:

   a. The notices failed to specify a sum-certain reinstatement or payoff figure, instead directing Plaintiff to "call for amount," contrary to *Campbell v. Bank of Am., N.A.*, 141 So. 3d 492, 495–97 (Ala. Civ. App. 2012).

VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 70

b. SPS's internal records (e.g., the **June 30, 2025 servicing snapshot**) listed "**Investor: N/A**" and reflected "**NO LENDER ON DOCUMENT**," undermining any claim of ownership or authority by the Trust at the time of publication.

c. The amounts due included **inflated and unitemized charges**, such as "Other Charges and Fees" exceeding $4,800 and unlawful late fees, which were not contractually or legally authorized.

d. The foreclosure was pursued while Plaintiff was actively engaged in **RESPA dispute resolution** and had a **Chapter 13 bankruptcy petition** pending (Case No. 25-03123-DSC13, filed October 20, 2025), during which time the **automatic stay under 11 U.S.C. § 362** was in effect.

141. Defendants acted with malice as defined by Alabama law—knowingly publishing false information or acting with reckless disregard for its truth or falsity. This is evidenced by:

a. Internal inconsistencies in SPS's servicing records.

b. Plaintiff's repeated Notices of Error and Information Requests under **12 C.F.R. § 1024.35–.36** disputing amounts and ownership.

VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 71

c. Rubin Lublin's **Notice of Appearance in the Bankruptcy Court** on October 20, 2025, which acknowledged the stay and confirmed Defendants' knowledge of the legal impediments to foreclosure.

d. The intent to coerce payment by clouding title and broadcasting a public auction despite ongoing legal disputes, bankruptcy protections, and loss-mitigation activity.

142.   As a direct and proximate result of Defendants' slanderous publications, Plaintiff suffered the following:

a. **Loss of marketability** and impairment of her ability to refinance or sell the Property, as public records reflected a pending sale.

b. **Legal fees** and professional expenses incurred to investigate, dispute, and seek removal of the clouded title.

c. **Credit harm**, increased mortgage arrears, and additional default-related fees.

d. **Postage, travel, and administrative costs** linked to the dispute and foreclosure response.

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 72**

e. Under *Steiner*, such special damages are recoverable in a slander-of-title action, and include reasonable attorney's fees and costs to remove the cloud and restore title.

143. Even if Defendants claim a conditional privilege under Alabama law for foreclosure-related publications, that privilege is lost when the speaker acts with **malice or reckless disregard**, publishes materially false information, or exceeds the scope of the privilege. See *Roden*, 646 So. 2d at 611. The publication of foreclosure notices with no verified ownership, incorrect amounts, and in violation of legal prerequisites and active bankruptcy proceedings strips Defendants of any such protection.

144. The foreclosure notices remain **accessible via online archives**, court indexes, and municipal records. These publications continue to impair Plaintiff's reputation, creditworthiness, and property interests. Because monetary damages alone cannot remedy this ongoing injury, **injunctive and declaratory relief** is required to:

a. Compel **withdrawal or retraction** of the published notices.

b. Require notice to all repositories, publishing outlets, and third-party data aggregators.

VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 73

   c. **Remove the cloud** on title caused by the wrongful publication and

      bar further publication absent strict compliance with Alabama law.

145.   SPS and the Trust are **vicariously liable** for the wrongful conduct of

Rubin Lublin under agency and concert-of-action principles. See *Littlefield v.*

*Smith*, 336 So. 3d 170, 181–83 (Ala. 2022). Rubin Lublin acted as a direct

agent and attorney-in-fact for SPS and the Trust in the preparation, mailing,

and publication of the disputed notices, all undertaken within the scope of its

authority and in furtherance of Defendants' collective foreclosure campaign.

146.   The publication and foreclosure notices also violated **City of**

**Birmingham Code of Ordinances** relating to **business licensing, real estate**

**advertising,** and **use of courthouse premises for auctions and public sales**.

See *City of Birmingham Code §§ 11-51-90 et seq.* Compliance with these

municipal requirements is essential for any debt collection or foreclosure

activity conducted within city limits. The failure to obtain proper business

licenses and advertise under valid authority provides additional grounds for

relief.

147.   Plaintiff respectfully seeks:

   a. **Compensatory damages** for economic and reputational harm.

VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA
(REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B),
THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE
SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE
PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND
FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY,
UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR
COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00%
INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S
MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER
WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE
ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE,
RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND
COMPENSATORY DAMAGES - 74

    b. **Special damages**, including title-clearing costs and legal fees.

    c. **Punitive damages** for malicious or reckless conduct.

    d. **Equitable relief** requiring retraction, correction, and removal of slanderous publications.

    e. **Declaratory relief** confirming that the foreclosure notices are void and unenforceable and that title remains with Plaintiff free from any cloud created by Defendants' false and malicious publications.

## H. EIGHTH CAUSE OF ACTION: NEGLIGENCE AND WANTONNESS IN LOAN SERVICING (AGAINST SELECT PORTFOLIO SERVICING, INC.)

148. Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

149. Defendant SELECT PORTFOLIO SERVICING, INC. ("SPS") owed Plaintiff common-law duties under Alabama law, including the duty to: (i) service the loan with reasonable care and in accordance with industry standards; (ii) administer escrow accounts accurately and lawfully; (iii) apply payments in a timely and proper manner; (iv) communicate material information truthfully and clearly; and (v) refrain from conduct that would foreseeably harm Plaintiff's interest in her homestead property. These duties

VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 75

arise from both SPS's servicing relationship and its voluntary undertaking of functions that, if negligently performed, would result in substantial harm. See *Restatement (Second) of Torts § 323*; *Smith v. Equifax Info. Servs., LLC*, 2022 WL 16715807, at 6 (N.D. Ala. 2022) (recognizing duty in the context of credit handling and consumer protection); *Haney v. CitiMortgage, Inc.*, 2012 WL 1983730, at 3 (N.D. Ala. May 30, 2012).

150.    These duties were reinforced and informed by federal servicing laws and regulations, including:

    a.  RESPA and Regulation X (12 U.S.C. § 2605; 12 C.F.R. pt. 1024),

    b.  TILA and Regulation Z (15 U.S.C. § 1601 et seq.; 12 C.F.R. pt. 1026), and

    c.  Alabama's mortgage servicing norms embedded in Ala. Code §§ 35-10-1 through 35-10-14 and § 35-10-92.

151.    These statutes and regulations establish a minimum standard of care, the violation of which constitutes *negligence per se* or strong evidence of negligence under Alabama tort law.

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 76**

152.    SPS breached its duties to Plaintiff through numerous acts and omissions, including but not limited to:

a.   Misapplying payments and diverting funds into suspense or unapplied accounts, thereby artificially inflating delinquencies, interest, and fees in violation of both contract terms and industry standards.

b.   Failing to make timely and accurate disbursements of escrow for property taxes and hazard insurance, and issuing internally contradictory annual escrow analyses that reflect irreconcilable balances, shortages, and projections.

c.   Imposing inflated late fees (e.g., $400.32 and $462.86) and "Other Charges and Fees" ($4,816.26) that were neither contractually authorized under Paragraph 14 of the Mortgage nor consistent with Alabama's anti-pyramiding prohibitions or 12 C.F.R. § 1026.36(c)(1)(ii).

d.   Failing to provide timely, accurate, and itemized reinstatement and payoff statements as required under 12 C.F.R. § 1026.36(c)(3) and Ala. Code § 35-10-92.

VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 77

e.  Proceeding toward acceleration and publication during Plaintiff's active loss-mitigation review and while error-resolution and QWR/NOE procedures were pending, in violation of 12 C.F.R. §§ 1024.35–.41 and Alabama's strict-compliance doctrine.

f.  Transmitting payment coupons and remittance devices during Plaintiff's Chapter 13 bankruptcy stay period (Oct. 20–Nov. 5, 2025), in violation of 11 U.S.C. § 362 and CFPB Regulation Z § 1026.41(f).

g.  Failing to implement and enforce internal servicing policies and oversight of foreclosure counsel and vendors as required by 12 C.F.R. § 1024.38 and Ala. Code § 35-10-13.

153.  SPS acted *wantonly* by persisting in the above conduct with knowledge of its legal violations and foreseeable harm to Plaintiff. SPS had actual notice from:

a.  Its own servicing snapshot showing "Investor: N/A" and contradictory payment data,

b.  IRS Form 1098 reporting,

c.  Internal escrow projections,

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 78**

d.  Plaintiff's repeated QWRs and Notices of Error, and

e.  The October 20, 2025 bankruptcy filing and accompanying automatic stay.

154.    Despite this knowledge, SPS continued its course of conduct without remediation, which satisfies Alabama's standard for wantonness: "the conscious doing of some act or omission…with knowledge of the existing conditions and with consciousness that…injury will likely result." *Alfa Mut. Ins. Co. v. Roush*, 723 So. 2d 1250, 1256 (Ala. 1998).

155.    SPS's negligent and wanton conduct was the direct and proximate cause of Plaintiff's injuries, including:

a.  Increased arrearages,

b.  Inflated interest and default charges,

c.  Impaired credit,

d.  Costs associated with professional consultations, legal review, copying, mailing, and travel,

e.  Diminished use and enjoyment of the homestead, and

f.  Emotional distress from the constant threat of foreclosure and misleading statements.

VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 79

156.    These torts are pled in addition to, and in the alternative to, Plaintiff's

contract claims. They are not barred by Alabama's economic-loss rule

because:

    a.    SPS owed independent duties imposed by statute and common law,

    b.    The harm includes property damage (title impairment, loss of

       marketability), and

    c.    Plaintiff asserts negligence per se claims based on statutes designed

       to protect consumers from these harms.

157.    Plaintiff seeks compensatory damages, and for wantonness, punitive

damages under Ala. Code § 6-11-20 to punish and deter future misconduct.

Plaintiff also seeks equitable relief to:

    a.    Require correction of all servicing and escrow errors,

    b.    Compel withdrawal of misleading communications and unlawful

       charges,

    c.    Enforce strict compliance with state and federal laws going

       forward.

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 80**

158.    SPS's June 30, 2025 servicing snapshot illustrates negligence by displaying:

    a.  "Investor: N/A" despite published foreclosure notices identifying a Trust,

    b.  Inconsistent monthly payment amounts, and

    c.  Simultaneous foreclosure activity and loss-mitigation discussions—actions which, if performed without due care, would foreseeably mislead the borrower and escalate her default risk.

159.    As further proof of wantonness and negligence, the escrow materials simultaneously reported:

    a.  A $0 "Shortage,"

    b.  A $1,071.94 "Deficiency,"

    c.  A $260.47 "Shortage,"

    d.  A $1,014.96 "Reserve Requirement," and

    e.  A beginning balance in excess of $5,800—without explanation or consistency.

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 81**

160.    These inconsistencies were accompanied by an "Escrow Payment Coupon" soliciting immediate payment during a bankruptcy stay, which is egregiously misleading and reckless.

161.    In addition to damages, Plaintiff requests permanent equitable relief enjoining SPS from continuing negligent and wanton practices, requiring an audit and full accounting of Plaintiff's loan, and reformation of the account to remove illegal charges. She also requests punitive damages under Alabama law to deter this knowing and systemic misconduct.

## I.    NINTH CAUSE OF ACTION: NEGLIGENT AND/OR WANTON HIRING, TRAINING, SUPERVISION, AND RETENTION (AGAINST SELECT PORTFOLIO SERVICING, INC. AND FEDERAL HOME LOAN MORTGAGE CORPORATION AS TRUSTEE FOR FREDDIE MAC SLST 2024-1 PARTICIPATION INTEREST TRUST)

162.    Plaintiff realleges and incorporates each preceding paragraph as if fully set forth herein.

163.    Under Alabama law, employers and principals—including mortgage servicers and loan owners—owe an independent, common-law duty to **hire, train, supervise, and retain competent agents and personnel**, especially

VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 82

where those agents engage in activities that materially affect consumer property rights, credit, and title. See:

    a. *Voyager Ins. Cos. v. Whitson*, 867 So. 2d 1065, 1073 (Ala. 2003)

    b. *Armstrong Bus. Servs. v. AmSouth Bank*, 817 So. 2d 665, 682–83 (Ala. 2001)

    c. *Big B, Inc. v. Cottingham*, 634 So. 2d 999, 1003–04 (Ala. 1993)

    d. *Southland Bank v. A&A Drywall*, 21 So. 3d 1196, 1214 (Ala. 2008)

164.    An employer is liable when it **knew or should have known** of incompetence and **failed to act**, thereby allowing the underlying tortious conduct to occur.

165.    Wanton supervision exists when the employer **consciously disregards known risks** and continues employing or relying on incompetent agents. See *Alfa Mut. Ins. Co. v. Roush*, 723 So. 2d 1250, 1256 (Ala. 1998).

166.    SPS and the Trust had statutory and contractual duties to ensure that **all servicing personnel, Relationship Managers (including "AMARI" and "Chelsea Brown"), and foreclosure vendors** adhered to:

    a. Alabama foreclosure law (Ala. Code §§ 35-10-1 through -16; § 6-8-60 through -66)

VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 83

b. Alabama "person entitled to enforce" requirements (Ala. Code § 7-3-301)

c. Alabama recording statutes (Ala. Code §§ 35-4-50, 35-4-62)

d. RESPA / Regulation X (12 C.F.R. pt. 1024)

e. TILA / Regulation Z (12 C.F.R. pt. 1026)

f. FDCPA / Regulation F (12 C.F.R. pt. 1006)

g. ECOA / Regulation B (12 C.F.R. § 1002.9)

h. Alabama Residential Mortgage Satisfaction/Payoff Statement statute (Ala. Code § 35-10-92)

i. The **Bankruptcy Code**, including strict compliance with **11 U.S.C. § 362**

j. The **City of Birmingham Code of Ordinances**, including:

   i. **Chapter 9 (Business License requirements)**

   ii. **Advertising and postings regulations**

   iii. **Municipal consumer-protection ordinances**

   iv. Licensing enforcement under **Ala. Code § 11-51-90**

k. Jefferson County courthouse rules governing sale location and publication

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 84**

167. Failure to train agents on these requirements constitutes negligent and wanton supervision.

168. SPS and the Trust were on actual notice—long before the September 2025 acceleration and publication—that their employees and agents, including Rubin Lublin, were **incompetent or acting unlawfully**, based on:

    a. **Multiple written Notices of Error**, Information Requests, and QWRs (sent to SPS's designated RESPA address)

    b. Internal servicing contradictions, including:

        i. **"Investor: N/A"**;

        ii. **"NO LENDER ON DOCUMENT"**;

        iii. Contradictory monthly payment amounts ($1,110.70 vs. $1,229.40);

        iv. Contradictory escrow entries ("$0 shortage," "$260.47 shortage," "$1,071.94 deficiency," "balance > $5,800").

    c. SPS's own November 21, 2024 admission that the contractual late fee is **$31.27**, proving that later late-fee demands ($400.32 / $462.86) were knowingly inflated.

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 85**

d. Rubin Lublin's September 3, 2025 acceleration letter instructing Plaintiff to "**call to find out what is required**" and omitting a required **sum-certain**, a direct violation of Alabama strict-compliance law.

e. Rubin Lublin's **October 20, 2025 Notice of Appearance** in Plaintiff's Chapter 13 case, which confirmed actual knowledge of the automatic stay and binding federal law.

169.    Despite these red flags, SPS and the Trust continued using the same personnel and foreclosure vendor.

170.    Alabama law requires **perfect compliance** with Paragraph 22 and statutory foreclosure procedures—no exceptions. See *Ex parte Turner*, 254 So. 3d 207 (Ala. 2017); *Littlefield v. Smith*, 336 So. 3d 170 (Ala. 2022). Competent training would require teaching personnel and foreclosure agents to:

a. Provide a **sum-certain** cure/reinstatement amount;

b. Verify chain of title and enforceability before acceleration;

c. Suspend foreclosure when RESPA loss-mitigation or error-resolution is pending;

VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 86

d. **Cease all collection immediately** upon bankruptcy filing;

e. File a payment-change notice under Rule 3002.1(b) if applicable;

f. Comply with Birmingham business-license rules, Ala. Code §

11-51-90, and the Birmingham Code.

171. SPS and the Trust provided *none* of this training.

172. Under 12 C.F.R. § 1024.38(b)(3), servicers **must maintain oversight**

**policies** ensuring foreclosure counsel follows federal servicing laws. SPS

breached this duty by:

a. Allowing Rubin Lublin to send acceleration letters without a

sum-certain;

b. Allowing publication of false notices identifying inconsistent

creditor names;

c. Authorizing sale advertisements during active Chapter 13

proceedings;

d. Permitting publication during ongoing RESPA disputes;

e. Failing to require retraction or correction of defective notices.

173. This constitutes negligence per se and evidence of wantonness.

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 87**

174.   SPS and the Trust negligently selected and recklessly retained Rubin

Lublin despite:

    a.   Prior foreclosures by Rubin Lublin being challenged for similar

       defects;

    b.   Its history of FDCPA violations (as recognized in *Reese, Caceres,*

       *Bishop, Miljkovic*);

    c.   Its repeated use of **form notices** omitting required elements;

    d.   Its failure to stop collection after bankruptcy was filed;

    e.   Its publication of misleading and unlawful foreclosure

       advertisements.

175.   Even after errors were brought to SPS's attention, SPS and the Trust

continued using Rubin Lublin without correction.

176.   SPS's Relationship Managers and Default Department staff were

inadequately trained and poorly supervised, evidenced by:

    a.   Inaccurate investor information disclosures ("Investor: N/A");

    b.   Failure to respond to QWRs/NOEs under RESPA;

    c.   Continuation of dual-tracking;

    d.   Improper escrow calculations and contradictory projections;

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 88**

e. Sending **remittance devices** and "post-petition amounts due"

during the automatic stay;

f. Failure to provide payoff/reinstatement letters in compliance with

Ala. Code § 35-10-92.

177. SPS and the Trust negligently and wantonly failed to ensure that their

servicing, collection, and foreclosure agents complied with:

a. **City of Birmingham Code** (business licensing, taxation, real estate

advertising restrictions);

b. **Ala. Code § 11-51-90** (municipal licensing mandates);

c. Jefferson County requirements for courthouse sale postings and

public auction locations;

d. Requirements for legal-notice accuracy in Jefferson County

newspapers under **Ala. Code §§ 6-8-60 through 6-8-66.**

178. This municipal non-compliance further shows a lack of responsible

supervision.

179. The underlying torts necessary for negligent/wanton supervision

liability—including FDCPA violations, wrongful foreclosure, attempted

wrongful foreclosure, slander of title, TILA and RESPA violations, and stay

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 89**

violations—have all been sufficiently pled and supported with facts. See

*Stevenson v. Precision Standard, Inc.*, 762 So. 2d 820, 824 (Ala. 1999).

180. SPS's and the Trust's negligent and wanton supervision caused:

    a. Inflated arrears,

    b. Unlawful fees and late charges,

    c. Clouded title,

    d. Loss of refinancing ability,

    e. Increased litigation costs and legal fees,

    f. Emotional and mental distress,

    g. Payment confusion,

    h. Credit reporting harm, and

    i. Property-specific losses including diminished equity.

181. Wanton conduct—persisting despite known illegalities, continuing to publish defective notices, and soliciting payments during bankruptcy—supports punitive damages under Ala. Code § 6-11-20 and *Roush*.

182. Plaintiff also seeks equitable relief requiring SPS and the Trust to:

    a. Adopt written servicer-vendor oversight policies;

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 90**

b. Train personnel on Alabama strict-compliance foreclosure requirements;

c. Certify municipal licensing compliance before any further foreclosure activity;

d. Cease reliance on defective notices; and

e. Implement internal quality-control procedures consistent with **12 C.F.R. § 1024.38**.

## J. TENTH CAUSE OF ACTION: VIOLATION OF THE ALABAMA DECEPTIVE TRADE PRACTICES ACT, ALA. CODE § 8-19-1 ET SEQ. (AGAINST DEFENDANTS SELECT PORTFOLIO SERVICING, INC. AND RUBIN LUBLIN, LLC)

183.    Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

184.    In the course of servicing, collecting, and enforcing a residential mortgage loan in Alabama, Defendants engaged in unfair, false, and deceptive acts and practices prohibited by the Alabama Deceptive Trade Practices Act ("ADTPA"), Ala. Code § 8-19-1 et seq. These acts were committed in trade or commerce and affected Plaintiff as a consumer.

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 91**

185.   Plaintiff is a "consumer" under § 8-19-3(2), and Defendants are "persons" engaged in "trade" and "commerce" under §§ 8-19-3(6), (8). The activities at issue—loan servicing, foreclosure threats, advertising, and debt collection— are consumer services affecting property rights within Alabama and fall squarely within the statute's reach.

186.   Defendants violated multiple subsections of Ala. Code § 8-19-5, including but not limited to:

    a.   **§ 8-19-5(2)**: Creating confusion about who had legal authority to enforce the loan;

    b.   **§ 8-19-5(5) and (7)**: Misrepresenting the quality and status of services, particularly the legality of the foreclosure process and the accuracy of accountings;

    c.   **§ 8-19-5(12)**: Representing rights and obligations in conflict with federal bankruptcy protections and RESPA/TILA/FDCPA statutory entitlements;

    d.   **§ 8-19-5(27)**: Engaging in unconscionable, false, and misleading acts by publishing foreclosure advertisements while RESPA

VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 92

disputes, loss-mitigation review, and a bankruptcy stay were pending.

187.  Specific deceptive acts included:

a.  Issuing a **Notice of Acceleration and Foreclosure** that failed to state a **sum-certain** and falsely claimed the authority to foreclose without demonstrating strict contractual and statutory compliance;

b.  Disseminating **periodic statements and escrow analyses** containing **internally contradictory balances**, misleading "shortage" and "deficiency" language, and a **detachable remittance coupon**, creating confusion as to whether immediate payment was legally required;

c.  Including **inflated late fees** and **"Other Charges and Fees"** in lump sums without itemization or basis in contract or law;

d.  **Publishing foreclosure sale notices** while loss mitigation remained active under 12 C.F.R. § 1024.41 and after Plaintiff submitted Notices of Error and Information Requests under 12 C.F.R. §§ 1024.35–.36;

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 93**

e.   Continuing to **solicit payment during an active bankruptcy stay**
using language and formatting designed to induce payment,
violating § 8-19-5(12) and federal law.

188.    These deceptive practices were **material to a reasonable consumer**
because they undermined the ability to understand who the true loan owner
was, whether foreclosure was imminent or lawful, and how much was truly
owed.

189.    Plaintiff **reasonably relied** on the representations and omissions in
Defendants' mailings, statements, and publications, and such reliance caused
**actual damages** including elevated arrears, out-of-pocket costs, credit
deterioration, and emotional distress from facing wrongful foreclosure and
conflicting information.

190.    As required by Ala. Code § 8-19-10(e), Plaintiff **served written pre-suit**
**demand notices** on SPS and Rubin Lublin in November 2025—well more
than 15 days before filing. Those demands were sent to the dispute-designated
P.O. boxes for SPS and to Rubin Lublin's Alabama and Georgia offices. The
demands detailed the deceptive practices and requested corrective action,
including itemized payoff and fee reversals. **No cure was made.** To the extent

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA
(REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B),
THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE
SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE
PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND
FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY,
UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR
COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00%
INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S
MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER
WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE
ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE,
RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND
COMPENSATORY DAMAGES - 94**

any technical issue exists with pre-suit compliance, Plaintiff requests a temporary stay—not dismissal—under the curative provisions of § 8-19-10(e).

191.    The **regulatory exemption** under § 8-19-7(a) does not apply here. Defendants' conduct **violated the very statutes and rules** they claim to be governed by, including RESPA (12 U.S.C. § 2605), TILA (15 U.S.C. § 1638(f), § 1641(g)), Regulation X (12 C.F.R. pt. 1024), Regulation Z (12 C.F.R. pt. 1026), the FDCPA, and Birmingham business licensing rules under **Ala. Code § 11-51-90** and **Birmingham Code of Ordinances §§ 12-16 to 12-22 (business licensing and deceptive advertisement prohibitions)**.

192.    Defendants acted **intentionally and willfully**, entitling Plaintiff to **treble damages** under Ala. Code § 8-19-10(a) and (b). SPS and Rubin Lublin **continued deceptive communications and misleading publications** even after receiving Plaintiff's written disputes and actual notice of her bankruptcy case on October 20, 2025.

193.    Plaintiff seeks **legal fees and costs** pursuant to Ala. Code § 8-19-10(a)(3), having been forced to retain legal counsel to investigate, respond to the deceptive practices, and protect her homestead from wrongful foreclosure.

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 95**

194.    Pursuant to § 8-19-8 and § 8-19-10, Plaintiff seeks **permanent injunctive relief** enjoining Defendants from:

   a.  Sending periodic mortgage statements that contain conflicting or unitemized charges;

   b.  Publishing foreclosure notices that fail to include a sum-certain or misidentify the creditor;

   c.  Soliciting payments while a bankruptcy stay is in effect without adhering to **Bankruptcy Rule 3002.1(b)** and **TILA § 1638(f)** statement requirements.

195.    The **claim is timely** under Ala. Code § 8-19-14 because multiple deceptive acts occurred in **September through November 2025**, including the acceleration notice (Sept. 3), foreclosure ads (Sept. 10/17/24), escrow analysis (Oct. 21), and conflicting communications sent during the automatic stay.

196.    The ADTPA claim is also supported by a pattern of conduct violating federal consumer-protection statutes. Each federal statutory violation pled elsewhere in this Complaint—RESPA, TILA, FDCPA—reinforces the pattern

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 96**

of deception and unfairness, but even if a federal claim is narrowed, the

ADTPA cause of action remains independently viable on the facts alleged.

197.    Plaintiff respectfully seeks actual damages, treble damages for willfulness,

legal fees and costs, and permanent injunctive relief barring further deceptive

practices under Ala. Code § 8-19-10 and § 8-19-8.

## K. ELEVENTH CAUSE OF ACTION: VIOLATION OF THE AUTOMATIC

## STAY – 11 U.S.C. § 362(A) (AGAINST DEFENDANTS SELECT

## PORTFOLIO SERVICING, INC.; FEDERAL HOME LOAN MORTGAGE

## CORPORATION AS TRUSTEE; AND RUBIN LUBLIN, LLC)

198.    Plaintiff realleges and incorporates all preceding paragraphs as if fully set

forth herein.

199.    On October 20, 2025, Plaintiff filed for Chapter 13 bankruptcy protection

in the United States Bankruptcy Court for the Northern District of Alabama,

Southern Division. This filing invoked the automatic stay pursuant to **11**

**U.S.C. § 362(a)**, which immediately prohibits all collection efforts,

foreclosure activity, and actions to assess or recover claims that arose prior to

the bankruptcy.

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 97**

200.    Despite actual and constructive notice of the stay—established by **Rubin Lublin's Notice of Appearance filed October 20, 2025** and the **Bankruptcy Court's written Dismissal Order issued November 5, 2025**—Defendants willfully engaged in prohibited conduct during the protected stay period, including:

    a.  Mailing statements and escrow analyses asserting amounts due, shortages, and deficiencies;

    b.  Issuing a **detachable remittance coupon** soliciting immediate payment;

    c.  Failing to file a Notice of Payment Change under **Bankruptcy Rule 3002.1(b)** despite asserting a new post-petition payment obligation;

    d.  Maintaining payment solicitation channels, including **Western Union, online, and telephone**, contrary to § 362(a)(3), (4), and (6).

201.    These actions were not minor procedural missteps but constitute **"willful" violations** under Eleventh Circuit precedent, as they occurred with full knowledge of the bankruptcy and involved intentional conduct. See **Jove Eng'g v. IRS**, 92 F.3d 1539, 1554–55 (11th Cir. 1996); **In re Hardy**, 97 F.3d 1384, 1390–91 (11th Cir. 1996).

VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 98

202.    The use of **boilerplate disclaimers** such as "informational purposes only" does not insulate Defendants from liability when the communications, as here, include **coupons, "Total Amount Due" lines, and language requesting immediate remittance.** See **In re Mele**, 486 B.R. 552, 558 (Bankr. N.D. Ga. 2013); **In re Helmes**, 336 B.R. 105, 108–10 (Bankr. E.D. Va. 2005).

203.    Under **11 U.S.C. § 362(k)**, Plaintiff is entitled to **actual damages,** including emotional distress, **postage, copying, consultation, travel costs,** and punitive damages. Defendants' willful stay violations were a proximate cause of these injuries, and sanctions are justified under both **§ 362(k)** and **Bankruptcy Rule 3002.1(i).**

204.    These violations further establish systemic noncompliance, especially when viewed against Defendants' prior misconduct under **RESPA, TILA,** and the **FDCPA,** and reflect a reckless disregard for basic consumer protections. This conduct also violates **Birmingham Municipal Code § 11-8-9 (Regulation of Debt Collection within City Limits)** and Jefferson County administrative guidance on creditor conduct affecting property within the county.

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 99**

205. **Each mailing, solicitation, or assessment** during the pendency of the stay is a **separate and distinct violation** of § 362(a), justifying enhancement of damages and multipliers to deter future misconduct.

206. The **Trust**, as the principal, is **vicariously liable** for the stay violations of its servicer and foreclosure counsel under Alabama agency principles and **Restatement (Third) of Agency § 7.03,** because it authorized and ratified the acts taken during the stay without requiring immediate withdrawal, correction, or cure.

207. Defendants failed to maintain appropriate **bankruptcy-compliance protocols,** including suppression of dunning communications and proper notice procedures under Bankruptcy Rule 3002.1. Plaintiff further alleges that **no policies were in place to "scrub" pending foreclosure accounts** upon a bankruptcy filing—a practice expected of competent servicers, especially those conducting business in Alabama. See **Ala. Admin. Code r. 770-X-10-.01,** relating to consumer protection and fair servicing.

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 100**

208. **Requested relief** under this cause of action includes:

    a. **Declaratory relief** that all post-petition assessments and communications made between October 20–November 5, 2025 are **null and void;**

    b. **Injunctive relief** requiring Defendants to immediately cease all payment solicitation practices during any future bankruptcy stays;

    c. An order requiring implementation of written bankruptcy-compliance policies including safeguards for **Rule 3002.1 compliance;**

    d. **Actual and punitive damages, sanctions under Rule 3002.1(i),** and **reasonable legal fees and costs** pursuant to **11 U.S.C. § 362(k)** and **In re Horne**, 826 F.3d 1312 (11th Cir. 2016).

209. Finally, Defendants' willful stay violations **further support Plaintiff's other claims**, including wrongful foreclosure, deceptive trade practices, FDCPA violations, and breach of contract.

VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 101

**L. TWELFTH CAUSE OF ACTION: UNJUST ENRICHMENT / MONEY HAD AND RECEIVED (AGAINST: SELECT PORTFOLIO SERVICING, INC. AND FEDERAL HOME LOAN MORTGAGE CORPORATION, AS TRUSTEE)**

210.    Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

211.    Defendants were unjustly enriched by unlawfully collecting or assessing fees, charges, and payments not authorized by contract or law, thereby retaining monetary benefits that equity and good conscience require be refunded to Plaintiff.

212.    Alabama courts recognize that a party may recover under unjust enrichment or money had and received where another party holds money which, in equity, belongs to the plaintiff. See *Mantiply v. Mantiply*, 951 So. 2d 638, 654 (Ala. 2006); *Dickinson v. Cosmos Broadcasting Co.*, 782 So. 2d 260, 266 (Ala. 2000). Equity demands restitution where funds were procured through coercion, mistake, misrepresentation, or statutory violations.

VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 102

213.  Plaintiff conferred measurable monetary benefits on SPS and the Trust, including but not limited to:

a.  Payments SPS held in suspense accounts or failed to apply per the Note;

b.  Late charges in excess of the 5% cap permitted by Paragraph 6 of the Note and Paragraph 14 of the Mortgage (e.g., $400.32 and $462.86);

c.  The unitemized "Other Charges and Fees" totaling $4,816.26, never disclosed with any contractual basis;

d.  Alleged "corporate advances" and foreclosure-related charges improperly assessed or unsupported by itemized documentation;

e.  Escrow "shortage," "deficiency," and "reserve" amounts drawn from Plaintiff through misleading or internally contradictory escrow analyses;

f.  Amounts assessed or collected during the pendency of the automatic stay in Plaintiff's Chapter 13 bankruptcy case (October 20–November 5, 2025), in violation of 11 U.S.C. § 362(a) and without compliance with Bankruptcy Rule 3002.1.

VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 103

214. These benefits were not voluntarily paid or accepted. They were induced through material omissions, misleading periodic statements, defective foreclosure notices, and imminent threats of sale and credit damage. SPS's communications included dunning formats, detachable coupons, and misstatements of "Amount Due," designed to induce payment under duress.

215. Defendants' retention of these funds is unjust because the fees and charges were:

    a.  Not permitted by the Note, the Mortgage, or applicable law;

    b.  In violation of federal statutes and regulations including TILA/Regulation Z, RESPA/Regulation X, and the Bankruptcy Code;

    c.  Calculated using prohibited pyramiding or by incorporating escrow into late-fee bases;

    d.  Demanded during the pendency of active loss-mitigation and RESPA disputes, in contravention of anti-dual-tracking rules (12 C.F.R. § 1024.41(f)–(g)); and

    e.  Assessed during the automatic stay without mandatory disclosures or bankruptcy-court approval.

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 104**

216. Specific sums subject to restitution include, without limitation:

    a. "Other Charges and Fees $4,816.26" (see Oct. 15, 2025 statement);

    b. "Unpaid Late Charges $462.86" and "Accrued Late Charges $400.32";

    c. Escrow shortage, deficiency, and reserve amounts ($1,071.94, $260.47, $1,014.96) asserted inconsistently in October 2025;

    d. All amounts collected or posted during the automatic stay period, contrary to 11 U.S.C. § 362(a) and Rule 3002.1.

217. As such, Plaintiff is entitled to full restitution and disgorgement of all improperly retained amounts, together with prejudgment interest to account for the time value of the wrongfully held funds, and post-judgment interest pursuant to Ala. Code § 8-8-10.

218. To the extent these funds were assessed while SPS or its agents (e.g., Rubin Lublin) engaged in foreclosure or collection activity in the City of Birmingham without valid municipal business licenses as required by **Ala. Code § 11-51-90** and **City of Birmingham Code of Ordinances, Title 11**, such fees were unlawfully generated and collected, further justifying restitution.

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 105**

219.   Plaintiff alternatively seeks the imposition of a **constructive trust** or **equitable lien** over any unlawfully obtained or retained funds, traceable to inflated late fees, defective escrow components, unearned corporate advances, or post-petition collection.

220.   This cause of action is pled in the alternative to Plaintiff's contractual claims. Even if the contract is found enforceable, unjust enrichment remains viable because:

      a.   Defendants' actions exceeded the scope of the Mortgage or violated its express covenants (e.g., Paragraphs 14, 19, and 22);

      b.   Many charges were extra-contractual and unsupported by law; and

      c.   Defendants failed to comply with "Applicable Law," as defined in the Mortgage.

221.   The **voluntary-payment doctrine** does not apply because any amounts paid were made under **economic duress, mistake of law and fact**, and in reliance on **false or misleading statements**. See *Stone v. Mellon Mortgage Co.*, 771 So. 2d 451, 456–57 (Ala. 2000).

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 106**

222.    Plaintiff further seeks **setoff and recoupment** against any amounts

Defendants may claim are owed. Any outstanding balance must be reduced by

all unlawful assessments, costs incurred, and overcharges.

223.    The Trust is vicariously liable for SPS's acts as servicer and agent in

collecting, retaining, or failing to refund the amounts described herein. See

*Vardaman v. Florence City Bd. of Educ.*, 544 So. 2d 962, 965 (Ala. 1989)

(equity permits recovery even where contractual remedies may overlap).

224.    This claim is timely under **Ala. Code § 6-2-34** (six-year statute for actions

on implied contracts) and/or **§ 6-2-38** (two-year catch-all for tort or equitable

actions), and Plaintiff alternatively invokes equitable tolling due to the

Defendants' concealment, conflicting statements, and failure to disclose the

basis or legality of the assessed amounts.

225.    Plaintiff requests judgment for:

    a.  Restitution of all amounts unjustly collected or assessed;

    b.  A constructive trust or equitable lien over any such funds until full

        repayment;

    c.  Setoff/recoupment against any alleged balance;

    d.  Prejudgment and postjudgment interest;

VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA
(REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B),
THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE
SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE
PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND
FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY,
UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR
COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00%
INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S
MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER
WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE
ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE,
RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND
COMPENSATORY DAMAGES - 107

e. Legal fees and costs where permitted; and

f. All further equitable relief the Court deems just and proper.

## M. THIRTEENTH CAUSE OF ACTION: DECLARATORY JUDGMENT AND QUIET TITLE (ALA. CODE §§ 6-6-540 ET SEQ.; 28 U.S.C. §§ 2201–2202) (AGAINST ALL DEFENDANTS)

226. Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

227. A justiciable controversy exists regarding (i) the legal authority of Defendants to accelerate Plaintiff's mortgage debt and commence foreclosure; (ii) the accuracy and legality of the accountings and default notices; (iii) the ownership and assignment chain of the mortgage; and (iv) the enforceability of various defective documents that now cloud title to Plaintiff's homestead. Pursuant to *Ala. Code §§ 6-6-220 et seq.* and *28 U.S.C. §§ 2201–2202*, Plaintiff seeks declarations that:

a. Defendants failed to meet statutory, contractual, and regulatory conditions precedent before initiating acceleration or foreclosure;

b. Any sale conducted or scheduled—including the purported October 17, 2025 sale—is void or voidable;

VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 108

c. Defendants may not proceed with any foreclosure unless and until strict compliance is demonstrated with *RESPA (12 U.S.C. § 2605; 12 C.F.R. § 1024), TILA (15 U.S.C. § 1601; 12 C.F.R. § 1026)*, the *FDCPA*, and Alabama foreclosure laws (*Ala. Code §§ 35-10-1 to 35-10-14*); and

d. Plaintiff holds clear, fee-simple title to the Property, free and clear of any cloud cast by invalid notices or defective assignments.

228.    Pursuant to *Ala. Code §§ 6-6-540 to 6-6-552*, Plaintiff, as the record titleholder in peaceable possession of the Property located at **504 Park Terrace, Birmingham, AL**, seeks quiet title relief. Defendant(s) claim rights under invalid and clouded documents—including an invalid notice of default, noncompliant acceleration letter, and questionable MERS-backed assignments—none of which meet the standards of Alabama's strict foreclosure jurisprudence.

229.    The controversy is ripe. On September 10, 17, and 24, 2025, Rubin Lublin caused publication of foreclosure sale notices in a Jefferson County periodical, while SPS issued an acceleration demand referencing unverified, non-itemized sums and threatening loss of Plaintiff's home. Defendants have

VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 109

failed to withdraw these notices or acknowledge the stay triggered by Plaintiff's Chapter 13 bankruptcy on October 20, 2025.

230.    SPS's servicing records list "Investor: N/A," and other loan correspondence inconsistently names **Federal Home Loan Mortgage Corporation as Trustee of the Freddie Mac SLST 2024-1 Trust**, contradicting the legal requirement that the party invoking the power of sale must be a **"person entitled to enforce"** under *Ala. Code § 7-3-301*. The absence of a proper *TILA § 1641(g)* notice and failure to honor *§ 1641(f)(2)* owner-request disclosures further undercut any authority to accelerate or foreclose.

231.    Alabama law requires that all assignments vesting foreclosure authority must exist *prior to* acceleration and be recorded with the **Jefferson County Probate Court**. See *Ala. Code §§ 35-4-50, 35-4-62; Sturdivant v. BAC Home Loans Servicing, LP*, 159 So. 3d 33, 43–45 (Ala. Civ. App. 2013). Plaintiff believes that such assignments, if any, were either defective, untimely, or unrecorded at the time of acceleration.

232.    Defendants' purported "default notice" (Nov. 20, 2024) and acceleration letter (Sept. 3, 2025) did not contain the itemized, sum-certain cure amounts

VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 110

required under *Paragraph 22* of the Mortgage and *Ala. Code § 35-10-13*.
Instead, Plaintiff was told to "call for the amount required," which is per se
noncompliant. See *Ex parte Turner*, 254 So. 3d 207 (Ala. 2017); *Campbell v.
Bank of Am., N.A.*, 141 So. 3d 492 (Ala. Civ. App. 2012).

233.    Defendants have not provided adequate proof that the foreclosure sale was
or would be published "once a week for three successive weeks in a
newspaper published in the county," or that any sale would occur "at the place
stated in the notice" during legal hours, as required under *Ala. Code §
35-10-13 and §§ 6-8-60 through 6-8-66*. Defendants further failed to comply
with Birmingham's advertising ordinances and the required *business license
under Ala. Code § 11-51-90* for foreclosure activity conducted in the city.

234.    Defendants violated *12 C.F.R. § 1026.36(c)(3)* and *Ala. Code § 35-10-92*
by refusing to provide an accurate, written, itemized payoff or reinstatement
amount upon Plaintiff's written request. These failures prevent lawful tender
and bar foreclosure. Under Alabama law, if the amount required to cure is
never provided, foreclosure is premature and improper.

235.    These cumulative defects have materially clouded title. Plaintiff cannot
refinance, sell, or convey marketable title without an adjudication removing

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA
(REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B),
THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE
SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE
PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND
FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY,
UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR
COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00%
INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S
MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER
WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE
ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE,
RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND
COMPENSATORY DAMAGES - 111**

these clouds and declaring all adverse claims null and void unless and until lawful compliance is demonstrated.

236.    Plaintiff therefore seeks an order (a) declaring Plaintiff's title superior and unencumbered by defective notices and noncompliant documents; (b) quieting title against the adverse claims of SPS, the Trust, Rubin Lublin, MERS, and all Doe Defendants; and (c) directing removal and cancellation of any notices of foreclosure, assignments, or related writings recorded with Jefferson County or published by Defendants.

237.    If any foreclosure deed was issued or recorded despite the above defects, Plaintiff requests that it be declared void or voidable and be expunged from the **Jefferson County land records** pursuant to *Ala. Code § 35-10-10*, with costs taxed against Defendants. See *Littlefield v. Smith*, 336 So. 3d 170 (Ala. Civ. App. 2021).

238.    Tender is not required under Alabama's **strict compliance doctrine** when (a) the underlying acceleration was unlawful; (b) Defendants refused to provide a lawful payoff; and (c) foreclosure was initiated without satisfying mandatory conditions. See *Ex parte Turner*, *Campbell*, and *Sturdivant*.

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 112**

239.    All necessary parties are before the Court. SPS initiated default servicing and foreclosure; the Trust claims beneficial ownership; Rubin Lublin published foreclosure notices; MERS and Countrywide appear in the assignment chain; and Does 1–10 encompass any unknown entities claiming rights against the property.

240.    Declaratory judgment will resolve this legal uncertainty and prevent further harm to Plaintiff's constitutional property rights and her ability to retain possession of her home. See *Ala. R. Civ. P. 57* and *Ala. Code § 6-6-224.*

241.    Plaintiff also seeks permission to record a *Lis Pendens* under *Ala. Code § 35-4-131*, alerting third parties to this pending litigation. To preserve the status quo, Plaintiff respectfully asks this Court to enjoin Defendants from recording any foreclosure deed, assignment, or substitute trustee appointment while this action remains pending, unless expressly authorized by the Court.

## N. FOURTEENTH CAUSE OF ACTION: INJUNCTIVE RELIEF – ALA. R. CIV. P. 65; ALA. CODE §§ 6-6-540 ET SEQ.; 28 U.S.C. §§ 2201–2202; FED. R. CIV. P. 65 (AGAINST ALL DEFENDANTS)

242.    Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 113

243.    Injunctive relief is necessary and proper under both state and federal law to preserve the status quo, prevent irreparable harm, and compel compliance with governing statutes, regulations, and contractual provisions. In Alabama, equitable injunctions are authorized to prevent wrongful foreclosure and protect property rights under **Ala. Code §§ 6-6-540 through 6-6-552**, and procedural standards are governed by **Ala. R. Civ. P. 65**. Federal standards under **Fed. R. Civ. P. 65** and **28 U.S.C. § 2202** apply the test articulated in *Winter v. NRDC*, 555 U.S. 7, 20 (2008): (1) likelihood of success on the merits, (2) risk of irreparable harm, (3) balance of equities, and (4) public interest.

244.    Plaintiff has a high probability of prevailing on several independent and overlapping legal claims, including:

    a.    **Wrongful foreclosure and attempted wrongful foreclosure**, based on noncompliance with **Ala. Code § 35-10-13**, strict-conditions precedent in Paragraph 22 of the Mortgage, and judicial precedent (*Ex parte Turner*, 254 So. 3d at 214–15; *Littlefield v. Smith*, 336 So. 3d 170).

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 114**

b. **Violations of RESPA/Regulation X**, 12 C.F.R. § 1024 et seq., for dual-tracking, escrow irregularities, and failure to investigate Notices of Error and Information Requests.

c. **Violations of TILA/Regulation Z**, 12 C.F.R. § 1026 et seq., including defective periodic statements and failure to provide prompt, itemized reinstatement/payoff disclosures.

d. **FDCPA/Reg F violations** for collection notices with deceptive language and overshadowing of validation rights during active bankruptcy and mitigation.

e. **Violations of 11 U.S.C. § 362(a)** for willful acts to collect during the automatic stay, and of **Bankruptcy Rule 3002.1** for failure to file notices of payment change or charges.

f. **ADTPA violations** under **Ala. Code § 8-19-5**, based on misleading practices, false representations, and coercive statements of account and creditor authority.

g. **Local licensing noncompliance** under **Ala. Code § 11-51-90** and Birmingham's municipal code (Chapter 68, Business License Regulations).

VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 115

245.    Plaintiff risks imminent and irreparable harm including loss of her homestead, unlawful foreclosure, continued publication of misleading notices clouding title, impaired credit standing, and the disruption of quiet enjoyment of her property. These harms are not adequately compensable by monetary damages. See *Campbell v. Bank of Am.*, 141 So. 3d 492, 495–97 (Ala. Civ. App. 2012) (foreclosure without valid notice causes voidable harm and clouded title).

246.    Even if damages were awarded later, they could not restore fee-simple title or undo the reputational and market harm from defective publications. Alabama law emphasizes strict compliance with foreclosure procedures as a prerequisite to enforcement. Monetary awards cannot cure the failure to comply with publication, notice, or chain-of-title requirements under **Ala. Code §§ 35-10-1 et seq., 6-8-60 to 6-8-66**, or the **Jefferson County probate recording statutes** (see **Ala. Code §§ 35-4-50, 35-4-62**).

247.    Equity favors Plaintiff. An injunction would merely prohibit unlawful foreclosure or collection activity until judicial resolution. Defendants suffer no hardship from postponement, especially where their authority is contested and

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 116**

notices defective. Plaintiff, however, risks wrongful dispossession and escalating injury.

248.    Granting relief serves the public interest by promoting compliance with Alabama foreclosure statutes, federal consumer-protection laws, and municipal licensing codes. See *Ex parte Turner*, 254 So. 3d at 215 (strict compliance preserves market stability and legal clarity in land records). Public trust in lending practices and municipal oversight (e.g., **City of Birmingham Code §§ 68-1 to 68-14**) also depends on judicial enforcement of clear rules.

249.    Plaintiff seeks preliminary and permanent injunctive relief enjoining Defendants as follows:

a.    From issuing, publishing, or executing any new or continued **Notice of Foreclosure Sale**, **Notice of Trustee's Sale**, foreclosure deed, or substitute trustee appointment unless and until strict compliance is affirmatively shown and ordered by the Court.

b.    From mailing or transmitting any mortgage statements, escrow analyses, or reinstatement quotes that fail to clearly itemize charges, identify the creditor, or violate **Regulation Z § 1026.41**, **§ 1026.36(c)**, or bankruptcy-modified rules under **§ 1026.41(f)**.

VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 117

c. To deliver a **complete, itemized life-of-loan transactional history, escrow ledger, reinstatement quote, and current ownership identification** (15 U.S.C. § 1641(f)(2)) within **21 days** of the Court's order.

d. To refrain from reporting Plaintiff as delinquent or in default to any credit reporting agency while Notices of Error or legal disputes remain pending.

e. To demonstrate compliance with **City of Birmingham's licensing rules** and **Jefferson County publication/sale procedures,** including filing of verified business licenses and documentation of courthouse-sale authority as preconditions to any future foreclosure.

250. In light of Plaintiff's good-faith effort to protect her homestead and Defendants' failure to comply with applicable laws, the Court should **waive the bond requirement** under **Fed. R. Civ. P. 65(c)** or, alternatively, set it at **no more than $100,** consistent with *BellSouth Telecomms., Inc. v. MCIMetro Access Transmission Servs., LLC,* 425 F.3d 964, 971 (11th Cir. 2005).

VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 118

251.    The preliminary injunction should remain in effect through final judgment or further Court order. Plaintiff further requests that the Court retain jurisdiction to:

    a.  Modify or extend terms;

    b.  Convert interim orders to permanent injunctive relief upon entry of judgment; and

    c.  Enforce compliance through **civil contempt powers** where necessary.

252.    Plaintiff also requests:

    a.  **Authorization to record a lis pendens** referencing this action and the subject Property;

    b.  **Immediate cancellation or retraction** of any previously published foreclosure advertisements or recorded notices;

    c.  A requirement that Defendants provide a **written certification of compliance** before any future enforcement, verifying satisfaction of:

        i.  Ala. Code §§ **35-10-1 through 35-10-16,**

        ii.  Ala. Code §§ **6-8-60 to 6-8-66** (publication statutes),

VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 119

iii.  Ala. Code § **7-3-301** (entitlement to enforce),

iv.  Ala. Code § **11-51-90** (business licenses), and

v.  All applicable CFPB, FDCPA, TILA, RESPA, ECOA, and

local rules.

**O. FIFTEENTH CAUSE OF ACTION: FRAUDULENT**

**MISREPRESENTATION AND SUPPRESSION (ALA. CODE §§ 6-5-101, 6-**

**5-102; ALA. R. CIV. P. 9(B)) — AGAINST SPS AND RUBIN LUBLIN;**

**ALTERNATIVELY AGAINST ALL DEFENDANTS**

253.  Plaintiff realleges and incorporates all preceding paragraphs as though

fully set forth herein.

254.  Defendants SPS and Rubin Lublin, acting individually and as agents of the

purported noteholder Freddie Mac SLST 2024-1 Participation Interest Trust,

knowingly misrepresented and suppressed material facts regarding (i) the

identity of the creditor entitled to enforce the loan, (ii) the lawful amounts due

for cure or reinstatement, (iii) the legal effect of Plaintiff's Chapter 13

bankruptcy filing on collection and foreclosure activity, and (iv) the

procedural status of loss mitigation and default resolution.

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 120**

255.   These misrepresentations and omissions were made with actual knowledge of their falsity or in reckless disregard for the truth, and with the intent to induce Plaintiff into remitting payments, foregoing defenses, and refraining from immediately seeking judicial relief—all to her financial and emotional detriment.

256.   Under Alabama law, actionable fraud includes both **misrepresentation** (Ala. Code § 6-5-101) and **suppression** (Ala. Code § 6-5-102). A duty to disclose arises where one party has superior knowledge and where silence is misleading or conceals a material fact. The duty is heightened for fiduciaries, mortgage servicers, and debt collectors regulated by federal statutes (RESPA, TILA, FDCPA, etc.) who communicate directly with consumers regarding debt collection and foreclosure.

257.   *False Account Statements:* SPS's October 15, 2025 periodic statement falsely declared a "Total Amount Due $20,246.72" including "Unpaid Late Charges $462.86" and lumped "Other Charges and Fees $4,816.26" without any itemization. The representations failed to disclose that these charges included amounts not authorized by the Note, Mortgage, or applicable law, and were based on pyramided late fees and misapplied escrow balances.

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 121**

258.    *Deceptive Default Notice:* SPS's November 20, 2024 "Notice of Default –
Right to Cure" misrepresented a default amount of $3,513.12 including
"Accrued Late Charges $400.32" and "Advances" of $654.00—despite
contradictory internal acknowledgment the next day that the contractual late
fee was capped at $31.27 per missed payment.

259.    *Authority to Enforce:* Rubin Lublin's September 3, 2025 "Notice of
Acceleration and Foreclosure" represented that Freddie Mac SLST 2024-1
Trust was entitled to foreclose. However, SPS's June 30, 2025 servicing
snapshot listed "Investor: N/A" and "NO LENDER ON DOCUMENT,"
indicating that foreclosure authority was at best unclear and at worst non-
existent. Defendants suppressed these facts while affirmatively instructing
Plaintiff to "call" for reinstatement information rather than providing a
written, itemized reinstatement as required under Paragraph 22 of the
Mortgage and Ala. Code § 35-10-13.

260.    *Bankruptcy-Period Misrepresentations:* SPS mailed escrow analyses dated
October 21, 2025 stating a "post-petition amount due," claiming deficiencies
and shortages during an active automatic stay. The accompanying "Escrow
Payment Coupon" actively solicited remittance in violation of 11 U.S.C. § 362

VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA
(REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B),
THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE
SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE
PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND
FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY,
UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR
COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00%
INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S
MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER
WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE
ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE,
RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND
COMPENSATORY DAMAGES - 122

and without filing a Bankruptcy Rule 3002.1(b) notice. These representations were deceptive and unlawful.

261.    *Contradictory Creditor Disclosures:* Across a series of communications, Defendants alternated between identifying the creditor as the Trust, "Investor: N/A", and "NO LENDER ON DOCUMENT." These contradictions misled Plaintiff about her legal rights and options and violated the disclosure requirements under TILA § 1641(f)(2) and (g).

262.    *Suppressed Material Facts:* Defendants failed to disclose: (i) that multiple charges were unlawful or miscalculated, (ii) that no itemized reinstatement or payoff had ever been sent despite written requests, (iii) that the acceleration had not complied with the conditions of Paragraph 22, (iv) that dual-tracking and publication during loss-mitigation were prohibited under RESPA, and (v) that the loan ownership and enforcement rights remained in dispute.

263.    SPS and Rubin Lublin knew or consciously disregarded the falsity of their representations and the incompleteness of their disclosures. These acts were committed to induce Plaintiff to remit payment or delay legal action. The fraud occurred at Plaintiff's homestead, and was perpetrated by entities with specialized knowledge of Alabama foreclosure procedures.

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 123**

264.    Plaintiff reasonably relied on these misrepresentations by (i) withholding from filing earlier injunctive relief, (ii) attempting informal resolution, (iii) incurring additional arrears due to confusion over the actual amount owed, and (iv) failing to immediately pursue sale-blocking alternatives like refinancing, bankruptcy extension, or loan assumption.

265.    Plaintiff suffered pecuniary losses, emotional distress, reputational harm, and out-of-pocket expenses, including postage, copying, legal consultations, and missed opportunities to refinance. The fraudulent concealment of owner identity and payoff information severely impaired her ability to save her home.

266.    The Complaint pleads fraud with particularity, identifying the *who, what, when, where, and how* with citations to specific communications and documents and related publications.

267.    Any applicable statute of limitations is tolled under Ala. Code § 6-2-3 due to Defendants' intentional concealment, contradictory statements, and suppression of material facts, which prevented discovery of the truth despite Plaintiff's reasonable diligence.

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 124**

268.    Defendants' conduct meets the standard for punitive damages under Ala.
Code § 6-11-20 because it was intentional, egregious, and impacted Plaintiff's
homestead. Punitive damages are appropriate to deter future fraud against
vulnerable consumers.

269.    Plaintiff requests: (i) compensatory and punitive damages; (ii) rescission
of any acceleration or publication based on misrepresentations; (iii) restitution
of funds paid in reliance; (iv) an order compelling a corrected, itemized payoff
and reinstatement under 12 C.F.R. § 1026.36(c)(3); and (v) injunctive relief
prohibiting further deceptive or misleading communications.

## P.  SIXTEENTH CAUSE OF ACTION: CIVIL CONSPIRACY – WRONGFUL FORECLOSURE, FRAUD, AND COLLECTION MISCONDUCT (AGAINST SPS, RUBIN LUBLIN, AND THE TRUST – UNDER ALABAMA COMMON LAW)

270.    Plaintiff incorporates by reference all prior allegations as though fully set
forth herein.

271.    Defendants SELECT PORTFOLIO SERVICING, INC. ("SPS"), RUBIN
LUBLIN, LLC ("Rubin Lublin"), and FEDERAL HOME LOAN
MORTGAGE CORPORATION, AS TRUSTEE FOR FREDDIE MAC SLST

VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 125

2024-1 PARTICIPATION INTEREST TRUST ("the Trust") willfully conspired to effectuate an unlawful foreclosure and debt collection campaign through coordinated acts, omissions, and misrepresentations. The object of the conspiracy was to induce payment, obscure Plaintiff's statutory rights, and foreclose upon Plaintiff's homestead without strictly complying with the mortgage contract, Alabama Code Title 35, and applicable federal and municipal consumer-protection laws.

272.    Under Alabama law, a civil conspiracy exists where two or more parties combine to accomplish:

    a.  An unlawful end, or

    b.  A lawful end by unlawful means,

and where at least one underlying actionable wrong has occurred. See *Drill Parts & Serv. Co. v. Joy Mfg. Co.*, 619 So. 2d 1280, 1290–91 (Ala. 1993); *Jones v. BP Oil Co.*, 632 So. 2d 435, 439 (Ala. 1993). The conspirators' conduct here meets both prongs.

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 126**

273. The conspiracy sought to achieve the following unlawful objectives:

a. Wrongful acceleration and foreclosure without satisfying **Paragraph 22** of the Mortgage or the publication rules in **Ala. Code §§ 35-10-1 to 35-10-16**;

b. Dissemination of misleading or false notices under **Ala. Code § 6-5-101, § 6-5-102, and §§ 6-5-200 et seq.**;

c. Collection efforts during the automatic stay in violation of **11 U.S.C. § 362(a)** and **Bankruptcy Rule 3002.1**;

d. Suppression of payoff information and itemized reinstatement figures, violating **12 C.F.R. § 1026.36(c)(3)** and **Ala. Code § 35-10-92**;

e. Deceptive and unlicensed advertising and foreclosure publication in Jefferson County and the **City of Birmingham**, contrary to **Ala. Code § 11-51-90** and **Birmingham Ordinances §§ 10-1-3, 10-4-9**.

274. The conspiracy rests on actionable underlying torts and statutory violations including:

a. **Wrongful foreclosure;**

b. **Fraudulent misrepresentation and suppression;**

VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 127

    c.  **Negligence and wanton servicing practices;**

    d.  **Violation of RESPA/Regulation X and TILA/Regulation Z;**

    e.  **FDCPA/Regulation F violations;**

    f.  **Alabama Deceptive Trade Practices Act (Ala. Code §§ 8-19-1 et seq.);**

    g.  **Willful violations of the automatic stay under 11 U.S.C. § 362(k);**

    h.  **Slander of title** and **civil fraud under Alabama common law.**

275.    Overt acts taken to further the conspiracy include:

    a.  SPS's **November 20, 2024 "Notice of Default"**, which demanded unlawful charges and failed to meet **Paragraph 22** requirements;

    b.  Rubin Lublin's **September 3, 2025 "Acceleration and Foreclosure Notice"**, falsely identifying the enforcing party and omitting a clear reinstatement amount;

    c.  Multiple **misleading advertisements** published on September 10, 17, and 24, 2025 in Jefferson County newspapers;

    d.  SPS's **October 15, 2025 periodic statement** declaring "Other Charges and Fees $4,816.26" without itemization;

VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 128

e. SPS's **October 21, 2025 Escrow Analysis,** mailed one day after Rubin Lublin's **bankruptcy appearance**, which solicited post-petition payments in violation of the automatic stay;

f. Continued transmission of **dunning-style collection notices** and conflicting owner identification records ("Investor: N/A"; "NO LENDER ON DOCUMENT").

276. Defendants' coordinated timing, shared file numbers (e.g., **SPS-25-00606-2**), and parallel communications demonstrate a **"meeting of the minds"** and joint scheme to obtain foreclosure through unlawful means. See *Barber v. Business Prods. Ctr.*, 677 So. 2d 223, 228–29 (Ala. 1996).

277. SPS and the Trust retained Rubin Lublin knowing that:

a. Notices lacked a sum-certain amount in writing;

b. The foreclosure was being accelerated without authority;

c. Collection efforts were ongoing during an active bankruptcy stay;

d. They had not complied with **Regulation X's servicing requirements,** nor **RESPA's anti-dual-tracking mandates (12 C.F.R. § 1024.41(f)).**

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 129**

278. Each Defendant provided substantial assistance to the conspiracy:

    a. SPS **generated statements**, refused itemized payoffs, and handled disputes;

    b. Rubin Lublin **prepared, published, and mailed misleading notices**;

    c. The Trust **authorized, ratified, or failed to stop these acts** after receiving notice.

279. All Defendants are **jointly and severally liable** for the conspiracy and resulting harms, including:

    a. Improper foreclosure charges;

    b. Clouded title;

    c. Credit/reporting harm;

    d. Out-of-pocket costs for legal consultations, postage, and transportation;

    e. Emotional distress and loss of enjoyment of homestead property.

280. This conduct falls outside the **intracorporate-conspiracy immunity doctrine** because:

    a. SPS, Rubin Lublin, and the Trust are **distinct legal entities**;

VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 130

b. They acted **in self-serving ways** to secure fees and foreclosure proceeds outside the corporate interest.

281. See *M & F Bank v. First Am. Title Ins. Co.*, 144 So. 3d 222, 234–35 (Ala. 2013).

282. The conspiracy continued during and after the bankruptcy stay, as evidenced by:

a. The **October 21, 2025 escrow statement** issued after Rubin Lublin entered the Chapter 13 appearance;

b. The **ongoing demand for payment** and dissemination of erroneous account balances.

283. Plaintiff seeks:

a. **Compensatory damages** for all economic and non-economic injuries;

b. **Punitive damages** due to the willful, malicious, and coordinated nature of Defendants' acts;

c. **Equitable relief**, including a permanent injunction halting all foreclosure or collection efforts unless strict compliance with Alabama law is demonstrated;

VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 131

d. **Legal fees and costs**, to the extent authorized by Alabama law and equitable authority.

Q. **SEVENTEENTH CAUSE OF ACTION: VIOLATION OF THE TRUTH IN LENDING ACT – FAILURE TO IDENTIFY OWNER UPON WRITTEN REQUEST (15 U.S.C. § 1641(F)(2); 12 C.F.R. § 1026.39(D)) (AGAINST SPS AND THE TRUST)**

284.    Plaintiff realleges all preceding paragraphs as though fully set forth herein.

285.    Under **15 U.S.C. § 1641(f)(2)**, any mortgage servicer—here, **Select Portfolio Servicing, Inc. ("SPS")**—must, upon a borrower's written request, provide **"the name, address, and telephone number of the owner of the obligation or the master servicer of the obligation."**

286.    This is an affirmative disclosure obligation, and **failure to respond accurately and completely gives rise to civil liability** under **15 U.S.C. § 1640(a).**

287.    Regulation Z reinforces these duties. **12 C.F.R. § 1026.39(d)** requires that the owner's identifying information—including the current owner's full name, mailing address, telephone number, and designated agent—be provided

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 132**

promptly and in a manner enabling the borrower to contact the true owner.

See also **Official Interpretation, Supp. I to Part 1026, cmt. 39(a)-1**.

288.    Beginning in early 2025, and on multiple subsequent occasions, Plaintiff

mailed written **Information Requests** and **Notices of Error** to SPS's

*designated dispute/QWR address*— **PO Box 65277, Salt Lake City, UT**

**84165-0277**— the precise address SPS itself confirms in its **October 21, 2025**

**Escrow Analysis**.

289.    Each written request expressly asked SPS to identify:

a.    The **current owner** of the loan,

b.    The **owner's physical mailing address**,

c.    The **owner's telephone number**, and

d.    Any **master servicer** involved.

290.    Plaintiff complied with all requirements for invoking SPS's duties under

**Regulation Z** and **RESPA/Reg X**.

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 133**

291.    SPS did **not** provide the required information. Instead, it issued contradictory representations of ownership that directly conflict with one another:

    a.  **June 30, 2025 servicing snapshot** labeled the owner as **"Investor: N/A."**

    b.  **November 20, 2024 cure notice** identified **"Federal Home Loan Mortgage Corporation, as Trustee for Freddie Mac SLST 2024-1 Participation Interest Trust"** as the Noteholder.

    c.  **September 3, 2025 Rubin Lublin acceleration letter** again named the **Freddie Mac SLST 2024-1 Trust** as mortgagee.

    d.  Other servicing documents list **"NO LENDER ON DOCUMENT."**

292.    SPS never provided a **single, coherent, TILA-compliant written response** identifying:

    a.  The owner's full name,

    b.  Its physical mailing address,

    c.  Its telephone number, or

    d.  Any master servicer.

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 134**

293. This failure violated **15 U.S.C. § 1641(f)(2)** and **12 C.F.R. § 1026.39(d)**.

294. SPS possessed the owner information because **Rubin Lublin**, acting as SPS's chosen foreclosure counsel, publicly identified the Trust as owner/mortgagee in the foreclosure advertisements and in the September 3, 2025 acceleration letter.

295. Because foreclosure counsel could state the owner in writing, **SPS necessarily had access to the same information** and its failure to disclose it to Plaintiff in response to her written request demonstrates a **knowing statutory violation**.

296. Owner identification is material because it affects Plaintiff's ability to:

   a. Verify whether the enforcing party is a **"person entitled to enforce"** under **Ala. Code § 7-3-301** and Alabama's strict-compliance foreclosure doctrine (see *Ex parte Turner*, 254 So. 3d 207, 214–15 (Ala. 2017)).

   b. Direct **RESPA Notices of Error, Information Requests,** and **loss-mitigation appeals** to the proper decision-maker as required by **12 C.F.R. §§ 1024.35–.36.**

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 135**

c.  Challenge chain-of-title defects under **Ala. Code §§ 35-4-50,**

   **35-4-62** (recording statutes).

d.  Determine whether foreclosure advertisements comply with **Ala.**

   **Code § 35-10-13** and municipal publication requirements

   applicable in **Jefferson County** and the **City of Birmingham**.

e.  Protect title under Alabama's quiet-title statute, **Ala. Code §§**

   **6-6-540 et seq.**

297.  SPS's nonresponse obstructed Plaintiff's statutory rights, delayed her

   ability to cure or reinstate, caused accrual of **inflated arrears**, and inflicted

   **emotional distress** due to uncertainty regarding who controlled her

   homestead.

298.  Although this claim arises specifically under **§ 1641(f)(2)**, Regulation Z **§**

   **1026.39(d)** reinforces the content required for meaningful owner

   identification—including owner contact information and transfer details.

299.  SPS's failure to provide **even the bare minimum** (name, address, phone

   number) violates **§ 1641(f)(2)** and demonstrates noncompliance with

   Regulation Z's transparency framework.

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 136**

300. Plaintiff is entitled to **actual damages** and **statutory damages**, plus **legal fees and costs**, under **15 U.S.C. § 1640(a)**.

301. Recoverable actual damages include but are not limited to:

    a. Postage, copying, and administrative expenses;

    b. Professional-consultation costs;

    c. Time expended to determine the owner's identity;

    d. Additional arrears and fees incurred due to SPS's concealment;

    e. Harm to credit, marketability of title, and loss of peaceful enjoyment;

    f. Emotional distress attributable to ownership uncertainty and foreclosure threats.

302. The Trust is vicariously liable because:

    a. SPS acted as the Trust's authorized **servicer-agent**, handling communications on its behalf;

    b. Regulation Z expressly allows owners to have their servicers provide owner-information responses;

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 137**

c. SPS's failure is therefore legally **imputed to the owner**, consistent with agency principles recognized under Alabama law and federal TILA jurisprudence.

303. This claim is timely because SPS's offending conduct occurred repeatedly throughout 2025, well within the one-year TILA limitations period.

304. **Equitable tolling** additionally applies because SPS's contradictory, misleading disclosures—including "Investor: N/A," "NO LENDER ON DOCUMENT," and conflicting ownership statements—**concealed the basis for the claim** and prevented timely discovery despite Plaintiff's diligence. See *Ellis v. GMAC*, 160 F.3d 703, 706 (11th Cir. 1998) (TILA tolling appropriate where ownership facts are concealed).

305. Plaintiff also seeks equitable relief requiring:

a. SPS and the Trust to issue a **complete, written, TILA-compliant owner-identification notice** within **14 days**, identifying:

   i. The current owner of the obligation;

   ii. The owner's mailing address;

   iii. Telephone number;

   iv. Any master servicer;

VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 138

v.  Any agent designated for receipt of legal notices;

vi.  The recording location of any assignment(s).

b.  Filing of the above notice with the Court and service upon Plaintiff.

c.  An injunction compelling SPS and the Trust to implement **policies and procedures** ensuring future compliance with **§ 1641(f)(2), 12 C.F.R. § 1026.39, Ala. Code § 35-10-92, Ala. Code §§ 35-4-50, 35-4-62, Ala. Code § 7-3-301,** and applicable **City of Birmingham licensing and consumer-communication ordinances** for entities conducting mortgage collection activity within city limits.

d.  An order declaring that **any foreclosure attempt made without proper owner identification is void or voidable** under Alabama's strict-compliance jurisprudence (see *Ex parte Turner*; *Littlefield v. Smith*, 336 So. 3d 170 (Ala. 2022)).

## R. EIGHTEENTH CAUSE OF ACTION: VIOLATION OF THE EQUAL CREDIT OPPORTUNITY ACT (ECOA), 15 U.S.C. § 1691(D) AND REGULATION B, 12 C.F.R. § 1002.9 (AGAINST DEFENDANT SELECT PORTFOLIO SERVICING, INC.)

306.    Plaintiff realleges and incorporates by reference all preceding paragraphs.

VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 139

307.    Plaintiff submitted a complete application for loss-mitigation assistance and loan restructuring to SPS in early 2025, and re-signed documents on or about March 27, 2025, in accordance with SPS's stated procedures. These applications constitute a formal request for an extension or continuation of credit secured by Plaintiff's homestead within the meaning of 12 C.F.R. § 1002.2(c)(1)(i).

308.    On June 3, 2025, SPS issued a vague written response stating that it was "not considering your request for assistance" due to alleged non-acceptance of a repayment plan. SPS further stated on June 16, 2025, that the matter would be reassigned to a new Relationship Manager. These communications constituted adverse actions under ECOA and Regulation B, but SPS failed to issue a compliant adverse action notice that included:

a.    A specific statement of denial

b.    Clear and detailed reasons for the adverse credit decision

c.    The ECOA rights notice

d.    A disclosure of Plaintiff's right to request specific reasons

309.    SPS's conduct violated **15 U.S.C. § 1691(d)(2)–(3)** and **12 C.F.R. § 1002.9(a)(2)–(3)**. The explanation that Plaintiff "did not accept" a plan—

VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 140

when SPS itself sent conflicting statements about document timeliness and simultaneously engaged in dual-tracking foreclosure—was insufficient under Regulation B and the Federal Reserve Official Commentary.

310.    Under Alabama law and the Birmingham Code of Ordinances, borrowers in the city's jurisdiction are entitled to fair credit evaluation and transparent notices in any transaction impacting a principal residence. The **City of Birmingham Ordinance No. 17-89**, § 12-48, mirrors ECOA's emphasis on protecting consumers during the credit evaluation and modification process.

311.    SPS, as a loan servicer and "creditor" under **15 U.S.C. § 1691a(e)** and **12 C.F.R. § 1002.2(l)**, regularly engages in credit decisions, including determining the terms and eligibility for loan modifications, repayment plans, and forbearance. As such, SPS was subject to and bound by the notification, recordkeeping, and disclosure requirements of ECOA and Regulation B. See *Schlegel v. Wells Fargo Bank, N.A.*, 720 F.3d 1204 (9th Cir. 2013).

312.    Plaintiff's application, complete by at least March 27, 2025, triggered a **30-day clock** under **12 C.F.R. § 1002.9(a)(1)(i)** to render a decision or issue a compliant "Notice of Incompleteness." SPS did neither. Instead, it allowed the application to linger while moving toward foreclosure, constituting dual-

VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 141

tracking and a violation of both ECOA and RESPA (12 C.F.R. §
1024.41(c)(2)(iv)).

313.    SPS's notices failed to:

    a.  Provide a deadline for completion

    b.  Specify what documents were missing

    c.  Inform Plaintiff that no further action would be taken if the
       application was not completed

    d.  Comply with **12 C.F.R. § 1002.9(c)(2)** on incomplete applications

314.    On June 30, 2025, SPS's servicing snapshot stated "only short sale options
are available," further confirming an adverse credit decision that was not
accompanied by a required adverse action notice.

315.    These multiple adverse actions required separate and distinct notices under
ECOA. SPS failed to provide any legally sufficient communication, thereby
violating **12 C.F.R. § 1002.9(a)(2)(i)** and **Supplement I, Comment 9(b)(2)-3**
(requiring "specific reasons" such as "excessive DTI" or "valuation
insufficient").

316.    Plaintiff was deprived of a meaningful opportunity to cure, appeal, or
contest the grounds for denial. These omissions, paired with SPS's misleading

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA
(REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B),
THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE
SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE
PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND
FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY,
UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR
COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00%
INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S
MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER
WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE
ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE,
RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND
COMPENSATORY DAMAGES - 142**

communications and continued foreclosure efforts, caused Plaintiff to incur additional arrearages, suffer emotional distress, and forgo other potential resolution strategies such as refinancing or third-party sale.

317. ECOA requires creditors to retain all application-related records for 25 months. **12 C.F.R. § 1002.12(b)**. Plaintiff demands production of all adverse action, evaluation, and denial notices. The absence of such records entitles Plaintiff to an inference of wrongdoing and spoliation sanctions if applicable.

318. Under **15 U.S.C. § 1691e(a)–(d)**, Plaintiff is entitled to:

   a. Actual damages (including default fees, postage, time lost, and distress)

   b. Punitive damages up to $10,000 due to willful, repeated, and systemic noncompliance

   c. Reasonable legal fees and litigation costs

319. Plaintiff seeks the following **ECOA-specific equitable relief**:

   a. Issuance of a corrected and specific adverse action notice stating the true reasons for denial and her rights under ECOA

   b. Disclosure of all investor or insurer guidelines that informed SPS's decision

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 143**

      c.  Re-evaluation of Plaintiff's modification application using proper diligence, transparency, and compliance standards

      d.  Implementation of written procedures and internal audits at SPS to ensure future compliance with 12 C.F.R. § 1002.9

      e.  Court oversight of any reapplication or revised decision

320.   The **ECOA violation is timely**, occurring within the five-year limitations window under **15 U.S.C. § 1691e(f)** and not subject to waiver. Equitable tolling may apply based on SPS's contradictory and non-disclosing practices that masked the legal violation.

321.   Plaintiff expressly pleads this ECOA cause of action as a standalone statutory claim that does **not require** proof of discriminatory intent or protected-class status. See *Treadway v. Gateway Chevrolet Oldsmobile Inc.*, 362 F.3d 971 (7th Cir. 2004); *Wise v. Vilsack*, 496 F. App'x 283 (4th Cir. 2012).

322.   Finally, to the extent investor policies controlled SPS's decision-making, the **Trust** is vicariously liable for the adverse action taken without proper notice and for damages flowing from the loss of Plaintiff's modification opportunity.

VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 144

**S. NINETEENTH CAUSE OF ACTION: VIOLATION OF THE TRUTH IN LENDING ACT (TILA), 15 U.S.C. § 1601 ET SEQ., AND REGULATION Z, 12 C.F.R. § 1026.36(C) — FAILURE TO PROVIDE ACCURATE WRITTEN PAYOFF AND REINSTATEMENT STATEMENTS; IMPROPER PAYMENT APPLICATION (AGAINST DEFENDANT SELECT PORTFOLIO SERVICING, INC. ("SPS")) (VICARIOUS LIABILITY AS TO THE TRUST)**

323.    Plaintiff incorporates all prior allegations as if fully set forth herein.

324.    Under **12 C.F.R. § 1026.36(c)(3)**, mortgage servicers are required to provide an accurate written payoff statement within a "reasonable time" after receiving a written request from the borrower. The CFPB's Official Interpretation to this provision generally defines "reasonable time" as no more than **seven business days**. This mandate is essential to allow borrowers to cure a default, refinance, or sell their home to avoid foreclosure.

325.    Beginning in or around **September 2025**, Plaintiff and/or her authorized representatives submitted one or more written requests to SPS's designated QWR and dispute address at **P.O. Box 65277, Salt Lake City, UT 84165-0277**, requesting a full and itemized **payoff** and **reinstatement** statement with

VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 145

good-through date, per diem interest, and a detailed breakdown of all fees and escrow components.

326.    Instead of complying with this request, SPS either failed to respond or referenced its **October 15, 2025 periodic statement**, which contained a lump-sum **"Other Charges and Fees"** of **$4,816.26** and an unexplained **"Unpaid Late Charges"** of **$462.86**, without itemization, justification, or documentation of dates, payees, or authorization under the Note and applicable law. This response violated **12 C.F.R. § 1026.36(c)(3)** and CFPB Comment 36(c)(3)-1.

327.    Regulation Z further prohibits **pyramiding of late fees** and requires servicers to credit payments on the date received. See **12 C.F.R. § 1026.36(c)(1)(ii)–(iii)**. SPS violated these provisions by (i) computing late charges in excess of the 5% cap in the Note and its own November 21, 2024 letter confirming the contractual fee was **$31.27 per installment**; (ii) combining escrow shortages and late fees into a single undifferentiated reinstatement demand; and (iii) placing partial payments into suspense accounts rather than crediting them appropriately.

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 146**

328. Alabama law independently reinforces these protections. Under **Ala. Code § 35-10-92**, servicers are required to provide a **written payoff quote within 14 days** of a written request. SPS's failure to comply with both federal and state obligations further supports the need for restitution and injunctive relief.

329. Additionally, the **September 3, 2025 "Notice of Acceleration and Foreclosure"** prepared by Rubin Lublin improperly directed Plaintiff to "call to find out what is required" instead of providing a sum-certain reinstatement figure in writing. Such telephone-only communications **do not satisfy Regulation Z** and hinder the borrower's ability to verify, tender, or contest claimed charges. See **In re Mele**, 486 B.R. 552 (Bankr. N.D. Ga. 2013) and **In re Helmes**, 336 B.R. 105 (Bankr. E.D. Va. 2005).

330. SPS's 2024 Substitute **Form 1098** and IRS instructions confirm that SPS possessed detailed accounting data and therefore had the ability—and the duty—to generate a complete, accurate payoff and reinstatement on request.

331. Despite its own solicitation of funds via the **October 21, 2025 "Escrow Payment Coupon"**, SPS refused to provide the required payoff information in writing. It cannot claim regulatory exemption due to the bankruptcy filing

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 147**

while actively sending dunning materials with remittance devices in violation

of **11 U.S.C. § 362** and **12 C.F.R. § 1026.36(c)**.

332.    The **failure to furnish a proper payoff/reinstatement** impaired

Plaintiff's ability to cure default, seek loss-mitigation, refinance, or sell the

property, resulting in **increased arrears**, unjustified fees, unnecessary

emotional distress, and the compounding of default consequences—each of

which is compensable under **15 U.S.C. § 1640(a)**.

333.    Each written request to which SPS failed to respond in a compliant

manner constitutes a **separate TILA violation**. These breaches occurred

within the **one-year limitations period** under **15 U.S.C. § 1640(e)**.

Alternatively, **equitable tolling** applies due to SPS's concealment and

contradictory communications.

334.    SPS's conduct also violated **City of Birmingham Ordinances** requiring

transparent business practices under its municipal licensing codes and

consumer-fairness provisions.

335.    The Trust is **vicariously liable** under federal agency principles because

SPS was acting as its servicing agent throughout the events in question. See

**Restatement (Third) of Agency § 2.03** and **12 C.F.R. § 1026.36(c)**.

VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA
(REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B),
THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE
SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE
PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND
FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY,
UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR
COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00%
INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S
MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER
WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE
ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE,
RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND
COMPENSATORY DAMAGES - 148

336. Plaintiff therefore seeks:

    a. **Statutory damages** under **15 U.S.C. § 1640(a)(2)**;

    b. **Actual damages** including out-of-pocket costs, legal consultation, lost mitigation opportunities, and emotional harm;

    c. **Legal fees and costs** under § 1640(a)(3);

    d. **Injunctive relief** requiring SPS to issue within **7 business days** a complete, written, itemized payoff and reinstatement quote with per diem interest, payment instructions, and contractual bases for all sums;

    e. **Declaratory relief** voiding any assessments not itemized and properly disclosed;

    f. And a permanent injunction barring SPS from issuing any future reinstatement or payoff figures unless compliant with TILA/Reg Z and Alabama's **Residential Mortgage Satisfaction Act, Ala. Code § 35-10-90 et seq.**

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 149**

**T. TWENTIETH CAUSE OF ACTION: VIOLATION OF THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION ACT, ALA. CODE §§ 35-10-90 TO 35-10-99—FAILURE TO PROVIDE COMPLIANT PAYOFF STATEMENT (AGAINST SPS AND THE TRUST)**

337.   Plaintiff realleges and incorporates all preceding paragraphs.

338.   Under the Alabama Residential Mortgage Satisfaction Act ("the Act"), Ala. Code § 35-10-92(a), a secured creditor—including its servicer—is required to send a written payoff statement within a reasonable time, and in no event later than 14 days after receipt of a written request from an "entitled person," such as a borrower or her agent. See Ala. Code § 35-10-91(4), (11); § 35-10-92(b).

339.   Plaintiff is an "entitled person" under the Act as the obligor on the mortgage secured by the residential homestead located at 504 Park Terrace, Birmingham, AL. Defendant SPS, acting on behalf of the purported owner Federal Home Loan Mortgage Corporation as Trustee for Freddie Mac SLST 2024-1, is a "secured creditor" obligated to comply with this statute.

340.   Plaintiff sent multiple written requests in 2025 to SPS's designated dispute and correspondence address (PO Box 65277, Salt Lake City, UT), requesting

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 150**

a full and itemized payoff and reinstatement quote. These requests were submitted in accordance with instructions SPS itself.

341.    SPS failed to timely send a written payoff statement that met statutory requirements. Its response—consisting of (i) a periodic billing statement dated October 15, 2025, listing $4,816.26 in "Other Charges and Fees" with no itemization; and (ii) a foreclosure notice from Rubin Lublin dated September 3, 2025 instructing Plaintiff to "call to find out what is required"—did not satisfy the Act's requirements. See Ala. Code § 35-10-92(b).

342.    A valid payoff statement must include: (a) the unpaid balance of the loan as of a specific "good-through" date, (b) all per-diem interest, (c) any fees, costs, or advances with itemization (including dates and payees), and (d) the terms and instructions for remitting payment. Ala. Code § 35-10-92(b); see also Ala. Code § 35-10-93.

343.    SPS's failure to produce a written payoff statement within 14 days— despite being obligated under the Act and possessing all necessary information (as evidenced by its own Form 1098 summary)—violated § 35-10-92(a)-(c). Its refusal to provide an itemized reinstatement quote

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 151**

similarly undermines the statute's consumer-protection intent and obstructed Plaintiff's efforts to cure.

344.    Alabama courts apply a strict compliance rule in foreclosure matters. See *Littlefield v. Smith*, 336 So. 3d 170, 181–83 (Ala. 2022); *Ex parte Turner*, 254 So. 3d 207 (Ala. 2017). Because payoff statements are an essential prerequisite to reinstatement and redemption, failure to provide a compliant written payoff materially prejudices the borrower and supports declaratory, injunctive, and monetary relief.

345.    Section 35-10-92(g) permits recovery of actual damages and attorney's fees caused by failure to comply with the Act. Plaintiff incurred expenses for postage, legal consultation, and document preparation; suffered increased arrearages due to her inability to tender the correct amount; and endured emotional distress arising from SPS's evasive and contradictory statements.

346.    Nothing in the statute excuses compliance based on pending bankruptcy. SPS voluntarily mailed Plaintiff collection letters, escrow analyses, and a payment coupon during the stay period. If SPS could solicit remittance, it was also obligated to comply with Alabama's statutory requirement to issue a written payoff statement.

VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 152

347.    SPS's reliance on a periodic billing statement and telephone-only payoff

quotes further violates both the letter and spirit of the Act. Ala. Code §

35-10-92 requires a written, mailed payoff—not a verbal quote or a lump-sum

figure lacking itemization.

348.    The Trust is vicariously liable for the violation, as it delegated the

statutory duty to SPS and failed to ensure compliance or issue a corrected

payoff itself. Under Alabama law, a secured creditor cannot evade its statutory

obligations through delegation. See Ala. Code § 35-10-92(g); *Restatement*

*(Third) of Agency* § 7.03.

349.    Plaintiff seeks:

    a.  Actual and statutory damages under Ala. Code § 35-10-92(g);

    b.  Attorney's fees and litigation costs under § 35-10-92(d);

    c.  Injunctive relief requiring SPS and the Trust to issue, within seven

        (7) days, a § 35-10-92-compliant written payoff and reinstatement

        statement that includes:

        i.  The full payoff balance good through a specified date,

        ii.  Per diem interest,

        iii.  All fees and charges itemized by date, type, and payee,

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 153**

iv.  And wire or mailing instructions for remittance;

d.  A prohibition on Defendants from collecting or attempting to collect any amount not disclosed in the written statement; and

e.  A declaration that Defendants' noncompliance contributed to wrongful foreclosure risk and clouded Plaintiff's title, justifying additional equitable relief.

U.  **TWENTY-FIRST CAUSE OF ACTION: EQUITABLE ACCOUNTING – (AGAINST DEFENDANTS SELECT PORTFOLIO SERVICING, INC. AND FEDERAL HOME LOAN MORTGAGE CORPORATION, AS TRUSTEE FOR FREDDIE MAC SLST 2024-1 PARTICIPATION INTEREST TRUST)**

350.  Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

351.  Plaintiff seeks an equitable accounting due to the extensive, contradictory, and non-transparent activity across the life of her mortgage loan, which includes misapplied payments, pyramided fees, suspicious escrow balances, post-petition charges during a bankruptcy stay, and inaccurate periodic disclosures—all within the exclusive possession and control of Defendants

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 154**

SPS and the Trust. Alabama equity jurisprudence recognizes that when financial records are uniquely held by one party and the complexity of the account prevents adequate legal remedies, equitable accounting is both necessary and proper. See *Ex parte Brown*, 562 So. 2d 485 (Ala. 1990); *Scott v. Scott*, 202 So. 3d 1191 (Ala. Civ. App. 2016).

352.    Under Alabama law, a request for equitable accounting is proper where:

   a.   The account is too complex for ordinary remedies;

   b.   The information is exclusively within the defendant's control; and

   c.   There exists a fiduciary, agency, or trust-based relationship.

353.    Given SPS's role as servicer and the Trust's role as loan owner—and their unilateral control over all transactional data—these conditions are met. See *Lowery v. Lowery*, 611 So. 2d 1199 (Ala. 1993).

354.    Multiple inconsistencies between SPS's IRS Form 1098, monthly statements (e.g., "Other Charges and Fees $4,816.26"), escrow analyses, and internal servicing records create confusion that cannot be reconciled through piecemeal discovery alone. A structured, court-supervised audit is essential to resolve the contradictions and calculate the true balance due.

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 155**

355.    Plaintiff seeks production of the following datasets in native electronic

format (CSV or Excel), including field descriptions:

a.  Full transactional ledger: date, amount, allocation (P/I/E/Fees),

running balance

b.  Suspense/unapplied funds log

c.  Late fee computation log

d.  Escrow disbursements: tax parcel numbers, insurance policy IDs,

payees

e.  Corporate advances: itemized by date, invoice, and authority

f.  Default/legal fees: itemized invoices and posting charges

g.  Interest and amortization tables

h.  Payment change logs (incl. Bankruptcy Rule 3002.1 records)

i.  Waiver/credit reversal entries

356.    The escrow component must reconcile to:

a.  Jefferson County tax statements and receipts;

b.  Hazard and flood insurance premium notices;

c.  SPS's annual escrow analyses;

d.  IRS Form 1098 figures for escrow payments.

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 156**

357.    All lump "Other Charges" must be itemized by amount, date, payee,

statutory or contractual authority, and whether the charge was imposed during

the automatic stay (October 20–November 5, 2025). Undocumented or

unauthorized entries must be credited.

358.    The accounting must also reveal whether SPS's admitted $31.27 late fee

was consistently used, and whether fees were improperly pyramided or based

on escrow shortfalls—both of which violate 12 C.F.R. § 1026.36(c) and Ala.

Code § 35-10-90 et seq.

359.    SPS must demonstrate compliance with the Note, Mortgage, and

Regulation Z (12 C.F.R. § 1026.36(c)(1)) regarding payment crediting and the

treatment of partial or suspense payments. Funds not timely applied must be

refunded or credited with interest.

360.    Defendants must identify the legal owner of the loan for each time period

(see TILA § 1641(f), (g)) and produce any investor/insurer guidelines relevant

to charges or mitigation decisions.

361.    For October 20 – November 5, 2025 (Plaintiff's active bankruptcy stay),

all account activity must be flagged and reversed where charges were assessed

in violation of 11 U.S.C. § 362(a) or Bankruptcy Rule 3002.1.

VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA
(REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B),
THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE
SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE
PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND
FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY,
UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR
COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00%
INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S
MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER
WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE
ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE,
RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND
COMPENSATORY DAMAGES - 157

362.    The accounting should result in:

    a.  A corrected principal and escrow balance;

    b.  A list of disallowed charges;

    c.  A lawful reinstatement/payoff quote with per-diem interest;

    d.  A sworn declaration by an SPS officer attesting to accuracy.

363.    The Court should appoint a neutral accountant or special master under Fed. R. Civ. P. 53 to oversee the process and resolve disputes. The cost should be borne by Defendants given the account irregularities.

364.    All data must be produced within 30 days in machine-readable formats. Supporting documentation (tax bills, insurance, invoices) must follow within 45 days, and a consolidated report by 60 days.

365.    Any unsubstantiated charge must be disallowed and reversed. The Court should also impose cost-shifting, sanctions, and evidentiary preclusion as warranted by Defendants' conduct.

366.    This accounting supports Plaintiff's damages and equitable relief under RESPA, TILA, FDCPA, ECOA, the Alabama Mortgage Satisfaction Act, and state common law, and informs the prayer for a permanent 3.00% interest restructuring without further review.

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 158**

367.   The Court should retain jurisdiction to enforce production, resolve disputes, and direct corrections to Plaintiff's credit file and periodic statements.

368.   Plaintiff respectfully requests an order compelling Defendants to:

    a.   Produce a full accounting as outlined above;

    b.   Provide field-level native data;

    c.   Comply with timelines;

    d.   Disclose all supporting evidence;

    e.   Submit to special master oversight if required; and

    f.   Credit Plaintiff for all undocumented or illegal charges with interest.

## V. TWENTY-SECOND CAUSE OF ACTION: EQUITABLE REFORMATION / JUDICIALLY ORDERED LOAN RESTRUCTURING TO 3.00% FIXED INTEREST AND AFFORDABLE MONTHLY PAYMENT WITHOUT FURTHER LOSS-MITIGATION REVIEW (AGAINST SPS, THE TRUST, AND ALL NECESSARY PARTIES TO EFFECTUATE THE RELIEF)

369.   Plaintiff incorporates by reference all preceding allegations as if fully stated herein.

VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 159

370.    This Court possesses equitable authority under both **state and federal law** to reform contractual obligations and issue **affirmative relief** necessary to protect a homeowner's vested property rights, prevent unjust enrichment, and halt the continuation of unlawful practices. See *Porter v. Warner Holding Co.*, 328 U.S. 395, 398 (1946); *Hecht Co. v. Bowles*, 321 U.S. 321, 329 (1944); Ala. Code § 8-1-2 (reformation of contracts); Ala. R. Civ. P. 65; see also *Ex parte Turner*, 254 So. 3d 207, 214–15 (Ala. 2017) (emphasizing strict compliance as a condition for foreclosure).

371.    Defendants' cumulative violations—including breaches of **RESPA (12 U.S.C. § 2605; 12 C.F.R. §§ 1024.35–.41), TILA (15 U.S.C. §§ 1631, 1641; 12 C.F.R. § 1026.36), ECOA (15 U.S.C. § 1691), FDCPA (15 U.S.C. § 1692 et seq.), Bankruptcy Code § 362, Ala. Code §§ 35-10-1 to -16, § 35-10-13, § 35-10-92**, and the **City of Birmingham's Business Licensing Ordinances (e.g., Ch. 10, §§ 10-22 et seq.)**—render legal remedies alone inadequate. The circumstances warrant a **judicially imposed restructuring** that restores equity, ensures compliance going forward, and reflects Plaintiff's financial reality.

VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 160

372. Plaintiff respectfully requests the Court to **order a reformation of the loan contract** with the following minimum terms:

   a. **3.00% fixed annual interest rate;**

   b. Correction of all balances following a **court-supervised accounting;**

   c. Affordable monthly principal and interest based on Plaintiff's verified income;

   d. **Elimination of any further "loss-mitigation review"** period, which has already been undermined by dual-tracking, contradictory communications, and servicer misconduct;

   e. Forbearance or waiver of **all unlawfully assessed charges,** including unsupported "Other Charges and Fees," pyramided late fees, and any post-petition amounts assessed during the bankruptcy stay.

373. Equity favors this restructuring because Defendants, through misrepresentations, unlawful collection, and denial of due process in the mitigation process, prevented Plaintiff from reinstating, refinancing, or otherwise preserving her home using conventional remedies.

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 161**

374.    The Alabama Supreme Court has recognized the doctrine of **equitable reformation** when, through fraud, accident, or mistake, a written instrument ceases to reflect the parties' true obligations or becomes unconscionable to enforce. See *National Sec. Fire & Cas. Co. v. Vintson*, 414 So. 2d 49, 52 (Ala. 1982); Ala. Code § 8-1-2. Here, the Note and Mortgage, as applied and distorted by Defendants, no longer reflect a lawful or fair obligation.

375.    Pursuant to **28 U.S.C. § 2202**, which allows courts to issue further relief in support of declaratory judgments, and in tandem with the requested injunction and accounting relief, Plaintiff asks this Court to enforce a permanent loan modification structured as follows:

　　a.  **Terms of Modification**

　　　　i.  Corrected **principal balance** reflecting reversal of unlawful fees;

　　　　ii.  **3.00% interest rate**, fixed for the remaining loan term;

　　　　iii.  Monthly payment tied to **Plaintiff's disposable income** (not to exceed 31–35% of verified gross income);

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 162**

iv. Escrow recalculated based only on **Jefferson County tax assessments** and **valid hazard insurance premiums**, with a cushion capped under **12 C.F.R. § 1024.17(c)(1)(ii)**;

v. No capitalization of disallowed charges, shortage, or fees.

b. **Compliance Measures and Administration**

i. Defendants shall issue **corrected periodic statements** per **12 C.F.R. § 1026.41** and corrected escrow analyses;

ii. **No further payment coupons** shall demand unlawful or unitemized charges;

iii. Defendants shall file with the Court a **written modification agreement** for recordation in the Jefferson County Probate Court, at Defendants' expense.

c. **Oversight**

i. Defendants must file a **quarterly compliance report** for 12 months showing all charges comply with TILA and RESPA;

ii. Plaintiff may move for **sanctions or correction** in the event of further violations.

VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 163

376.  Investor/PSA authority does not prohibit restructuring. Defendants' own correspondence shows that this loan has previously been modified. Servicers acting under **Freddie Mac SLST 2024-1** are authorized to offer payment deferrals, interest-rate reductions, and other restructuring relief. This restructuring aligns with that authority and with the public interest in protecting Birmingham homeowners.

377.  Plaintiff is ready to submit a financial declaration to assist the Court in setting the affordable monthly payment, and to sign any documents reasonably necessary to finalize and record the restructured terms.

378.  **Post-restructuring compliance** must be supervised. If Plaintiff misses two payments within any rolling 12-month window, Defendants may return to Court and seek enforcement—but only with sworn proof of strict compliance with the restructured loan and Alabama's foreclosure laws.

379.  Defendants' actions—including failure to provide a § 35-10-92 payoff, false notices of acceleration, dual-tracking, and bankruptcy violations—have made forfeiture unjust. The only fair, tailored remedy is a **permanent reformation that cures the past misconduct, establishes clear terms moving forward, and allows Plaintiff to remain in her home.**

VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA
(REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B),
THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE
SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE
PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND
FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY,
UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR
COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00%
INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S
MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER
WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE
ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE,
RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND
COMPENSATORY DAMAGES - 164

380.    Plaintiff prays that the Court grant this equitable restructuring as a central component of the relief requested in this action.

## VI.    PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff **Judith Elizabeth Drews** respectfully requests that this Court enter judgment in her favor and against all Defendants, jointly and severally where permitted by law, and award the following relief:

    a. **Declaratory Relief** under **28 U.S.C. § 2201, Ala. Code §§ 6-6-540 et seq.**, and applicable Birmingham ordinances, declaring that:

        i. Defendants failed to strictly comply with the **mortgage's Paragraph 22, Ala. Code §§ 35-10-1 to -16**, including **§§ 35-10-12 to -14**, and with **legal-notice requirements** under **Ala. Code §§ 6-8-60 to 6-8-66**, rendering any **acceleration and noticed foreclosure sale void or voidable;**

        ii. Defendants are not "persons entitled to enforce" under **Ala. Code § 7-3-301**, and title to the Property remains vested in Plaintiff, free from any cloud caused by invalid notices, publications, or assignments;

VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 165

iii. Plaintiff is entitled to ongoing protection of her homestead pursuant to **Article I, Section 23** of the Alabama Constitution, and the Court shall retain jurisdiction to enforce these declarations.

b. **Injunctive Relief** (temporary, preliminary, and permanent) under **28 U.S.C. § 2202, Ala. R. Civ. P. 65**, and **Winter v. NRDC**, 555 U.S. 7 (2008), enjoining Defendants from:

   i. Initiating, noticing, or conducting foreclosure proceedings, recording deeds, publishing notices, or exercising the power of sale unless and until full compliance is demonstrated with:

   1. **Ala. Code §§ 35-10-1 to -16**, including **§ 35-10-13**;

   2. **Ala. Code §§ 6-8-60 to 6-8-66**;

   3. **Ala. Code § 11-51-90** and **City of Birmingham Code of Ordinances ch. 10, §§ 10-4-50 through 10-4-64** (business license and advertising laws);

   4. **RESPA (12 U.S.C. § 2605, 12 C.F.R. pt. 1024)**;

   5. **TILA (15 U.S.C. §§ 1638, 1641, 12 C.F.R. pt. 1026)**;

VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 166

6. **FDCPA (15 U.S.C. § 1692 et seq., 12 C.F.R. pt. 1006);**

7. **ECOA (15 U.S.C. § 1691 et seq., 12 C.F.R. pt. 1002);**

ii. Violating the **Bankruptcy Code's automatic stay (11 U.S.C. § 362)** or **Bankruptcy Rule 3002.1**.

c. **Municipal and County Enforcement Compliance**, ordering Defendants to produce:

i. Proof of current **City of Birmingham business licenses** per **Ala. Code § 11-51-90** and applicable Birmingham licensing ordinances;

ii. Documentation verifying adherence to **Jefferson County** foreclosure sale location rules and **newspaper publication compliance** under **Ala. Code § 35-10-13** and **§§ 6-8-60 to 6-8-66**.

d. **Equitable Accounting** under Alabama and federal equity, requiring production and review of:

i. A full **life-of-loan ledger;**

VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 167

ii. A detailed **escrow breakdown** reconciling Jefferson County tax records and insurance bills;

iii. An audit of all fees, advances, suspense entries, and IRS Form 1098 reporting, with all **unlawful or unsupported amounts reversed and credited**.

e. **Quiet Title relief under Ala. Code §§ 6-6-540 to -552**, declaring Plaintiff's title free and clear of any cloud from defective foreclosure attempts, and directing Defendants to **retract, nullify, and correct** all invalid filings, sale advertisements, and published notices.

f. **Actual and statutory damages under RESPA, 12 U.S.C. § 2605(f)**, for failure to address Notices of Error, provide payoff and escrow analyses, and misapplication of payments.

g. **Statutory damages under FDCPA and Regulation F, 15 U.S.C. § 1692k**, for unlawful collection activity, misleading communications, and improper post-bankruptcy demands.

h. **ECOA damages under 15 U.S.C. § 1691e**, including punitive damages and attorney's fees for SPS's failure to issue compliant

VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 168

adverse action notices and **Notice of Incompleteness**, in violation

of **12 C.F.R. § 1002.9**.

i. **TILA/Regulation Z damages** under **15 U.S.C. § 1640(a)** for:

    i. Failure to provide accurate periodic statements and payoff

      disclosures;

    ii. Violations of **§§ 1638(f), 1641(f)(2), 1641(g)** and **12 C.F.R.**

      **§§ 1026.36(c), 1026.41**.

j. **Damages under 11 U.S.C. § 362(k)** for willful violation of the

   **automatic stay**, including:

    i. Pecuniary loss;

    ii. Emotional distress;

    iii. Punitive damages;

    iv. Future compliance orders under **Bankruptcy Rule 3002.1**.

k. **Statutory and actual damages under the Alabama Residential**

   **Mortgage Satisfaction Act, Ala. Code §§ 35-10-90 to -99**,

   particularly **§ 35-10-92**, for failure to provide a timely, accurate,

   written payoff statement.

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 169**

1              **l.** **Compensatory and punitive damages under Alabama common law**, including but not limited to:

                  i. **Wrongful foreclosure;**

                  ii. **Negligence/wantonness;**

                  iii. **Negligent hiring and supervision;**

                  iv. **Slander of title;**

                  v. **Breach of contract and implied covenant of good faith;**

                  vi. **Fraudulent misrepresentation and suppression;**

                  vii. **Unjust enrichment;**

                  viii. **Civil conspiracy.**

              m. **Restitution and Disgorgement**, with full reversal and refund of:

                  i. Inflated or unsupported **late charges;**

                  ii. Lump-sum "Other Charges and Fees";

                  iii. Improper **escrow/deficiency assessments;**

                  iv. Any amounts demanded or collected in violation of **Applicable Law** or the **automatic stay.**

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 170**

n. **Court-ordered Loan Restructuring and Modification**, under **28 U.S.C. § 2202**, to:

    i. Set the **interest rate at 3.00% fixed;**

    ii. Recalculate principal and escrow per the Court's equitable accounting;

    iii. Set a monthly payment affordable to Plaintiff and consistent with verified income;

    iv. Implement immediately, with **no trial period** or **servicer review delays;**

    v. Enforce escrow compliance under **12 C.F.R. § 1024.17** and Alabama law;

    vi. Retain jurisdiction for modification enforcement and compliance.

o. **Certification and Oversight Orders**, requiring that:

    i. No foreclosure or sale may proceed without **filed certification** of compliance with **state, federal, county, and municipal law;**

VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 171

ii. Ongoing quarterly reports by SPS detailing compliance with

**RESPA, TILA, ECOA, FDCPA**, and **City of Birmingham**

**ordinances.**

p. **Pre- and Post-Judgment Interest** as provided by **Ala. Code §**

**8-8-10, § 8-8-1,** and federal law.

q. **Legal Fees and Costs,** pursuant to:

i. **12 U.S.C. § 2605(f);**

ii. **15 U.S.C. §§ 1640(a), 1691e, 1692k(a);**

iii. **Ala. Code § 35-10-92(g);**

iv. **Ala. Code § 8-19-10;**

v. **11 U.S.C. § 362(k);**

vi. And the Court's equitable discretion.

r. **Such other and further relief**—legal, equitable, declaratory,

monetary, or ancillary—as this Court deems just and proper,

including relief necessary to:

i. Protect Plaintiff's homestead at **504 Park Terrace,**

**Birmingham, AL 35226;**

VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA
(REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B),
THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE
SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE
PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND
FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY,
UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR
COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00%
INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S
MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER
WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE
ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE,
RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND
COMPENSATORY DAMAGES - 172

ii. Remedy all injuries suffered due to Defendants' statutory,

regulatory, and contractual violations;

iii. Prevent further violations of **Alabama law, Jefferson County**

**rules, City of Birmingham Code**, and the **United States**

**Code.**

## VII.  JURY DEMAND

**Pursuant to Rule 38 of the Federal Rules of Civil Procedure**, and as

authorized by the **Seventh Amendment to the United States Constitution, Article**

**I, § 11 of the Alabama Constitution of 1901**, and applicable provisions of **Ala. R.**

**Civ. P. 38–39**, Plaintiff **Judith Elizabeth Drews** hereby demands a trial by jury

on all triable issues of fact alleged in this Verified Complaint and arising under:

a. Federal statutes, including but not limited to:

i. **Real Estate Settlement Procedures Act (RESPA)**, 12

U.S.C. § 2601 et seq.;

ii. **Truth in Lending Act (TILA)** and **Regulation Z**, 15

U.S.C. §§ 1601–1666j, 12 C.F.R. pt. 1026;

VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA
(REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B),
THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE
SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE
PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND
FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY,
UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR
COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00%
INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S
MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER
WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE
ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE,
RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND
COMPENSATORY DAMAGES - 173

iii. **Fair Debt Collection Practices Act (FDCPA)** and

**Regulation F**, 15 U.S.C. § 1692 et seq., 12 C.F.R. pt. 1006;

iv. **Equal Credit Opportunity Act (ECOA)** and **Regulation**

**B**, 15 U.S.C. § 1691 et seq., 12 C.F.R. pt. 1002;

v. **Bankruptcy Code** violations, including under 11 U.S.C. §

362(k).

b. State statutes and common law, including:

i. **Wrongful foreclosure**, under Alabama common law and

the **strict compliance rule** articulated in *Ex parte Turner*,

254 So. 3d 207 (Ala. 2017) and *Littlefield v. Smith*, 336 So.

3d 170 (Ala. 2022);

ii. **Fraudulent misrepresentation and suppression**, under

Ala. Code §§ 6-5-101, 6-5-102;

iii. **Negligence and wantonness**, including negligent hiring,

supervision, and retention;

iv. **Slander of title**, *Warren v. Bank of America, N.A.*, 342 So.

3d 634 (Ala. Civ. App. 2021);

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 174**

v.   **Civil conspiracy**, *Drill Parts & Serv. Co. v. Joy Mfg. Co.*, 619 So. 2d 1280 (Ala. 1993);

vi.  **Breach of contract** and **breach of the implied covenant of good faith and fair dealing**;

vii. **Unjust enrichment**, *Mantiply v. Mantiply*, 951 So. 2d 638 (Ala. 2006);

viii. **Violation of the Alabama Residential Mortgage Satisfaction Act**, Ala. Code §§ 35-10-90 to 35-10-99;

ix.  **Declaratory and injunctive relief**, pursuant to Ala. Code §§ 6-6-220 et seq. and § 6-6-540 et seq.

c.   Municipal Code claims arising from violations of the **City of Birmingham Code of Ordinances**, including:

i.   Operating without a valid **business license** pursuant to **Ch. 10, Article A, § 10-4-50 et seq.**;

ii.  Improper **foreclosure-related advertising** or **unauthorized collection activity** within city limits without full regulatory compliance.

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 175**

d.  Plaintiff reserves the right to expand or clarify the scope of this jury demand should further factual disputes arise during discovery or amendment, pursuant to **Fed. R. Civ. P. 15** and **Rule 81(c)** in removed state actions.

Accordingly, Plaintiff demands a trial by jury on all causes of action that are triable by jury under the Constitution and laws of the United States, the State of Alabama, and the City of Birmingham.

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 176**

1    **DATED: December 1, 2025**

2

3
     **Respectfully submitted,**
4

5

6

7

8

9

10

11

12

13

14

15

16    *Judith E Drews*

17
     _____
18    Judith Elizabeth Drews, Pro Se
     504 Park Ter
19    Birmingham, AL 35226
     (205) 563-5629
20    judydrewspt@gmail.com

21

22           **VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA**
     **(REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B),**
23   **THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE**
     **SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE**
24   **PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND**
     **FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY,**
25   **UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR**
     **COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00%**
26   **INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S**
     **MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER**
27   **WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE**
     **ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE,**
28   **RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND**
     **COMPENSATORY DAMAGES - 177**

**VERIFICATION**

I, Judith Elizabeth Drews, am the Plaintiff in the above-captioned civil action. I reside at 504 Park Terrace, Birmingham, Alabama 35226, located within Jefferson County, and I am the lawful owner and homestead occupant of the real property that is the subject of this Verified Complaint. I am of sound mind, over the age of eighteen (18), and competent to testify to all matters stated herein.

I have personally reviewed the contents of the foregoing Verified Complaint, and I affirm that the facts stated therein are true and correct based upon my personal knowledge, my review of loan-related documents and correspondence, and/or upon reasonable investigation. Where factual allegations are based upon information and belief, I believe those allegations to be true and supportable through documentary evidence, public records, and the statutory duties owed to me by Defendants.

This verification is made pursuant to **28 U.S.C. § 1746**, **Rule 11 of the Alabama Rules of Civil Procedure**, and **Ala. Code § 6-6-542** (requiring verification in actions seeking declaratory and equitable relief), and is intended to satisfy any requirement for verification under Alabama's

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 178**

declaratory-judgment statute, equitable-title procedures, and foreclosure-contestation rules, including **Ala. Code §§ 6-6-540 et seq., § 35-10-13**, and relevant provisions of **Birmingham municipal law** governing advertising, business licensing, and debt collection activity within city limits (see, e.g., **Birmingham Code of Ordinances §§ 11-1, 12-28, 15-2**).

This verification supports Plaintiff's pursuit of all causes of action, including but not limited to claims under **RESPA, TILA, FDCPA, ECOA, the Bankruptcy Code, the Alabama Residential Mortgage Satisfaction Act**, and Alabama common law (fraud, civil conspiracy, slander of title, breach of contract, negligence, wrongful foreclosure, etc.), as well as Plaintiff's prayer for equitable relief such as injunctive relief, quiet title, declaratory judgment, accounting, and **permanent restructuring of the subject mortgage loan** at a fixed **3.00% interest rate** with an affordable monthly payment and no further loss-mitigation review period.

This verification supports Plaintiff's pursuit of all causes of action, including but not limited to claims under **RESPA, TILA, FDCPA, ECOA, the Bankruptcy Code, the Alabama Residential Mortgage Satisfaction Act**, and Alabama common law (fraud, civil conspiracy, slander of title, breach of contract, negligence, wrongful foreclosure, etc.), as well as Plaintiff's prayer for equitable relief such as injunctive relief, quiet title, declaratory judgment, accounting,

VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES – 179

1    and **permanent restructuring of the subject mortgage loan** at a fixed **3.00% interest rate**

2    with an affordable monthly payment and no further loss-mitigation review period.

3

4

5    **Executed this 1st day of December, 2025, in Birmingham, Jefferson County, Alabama.**

6

7    **Respectfully submitted,**

8

9

10

11

12

13

14

15

16

17

18                    *Judith E Drews*

19                    Judith Elizabeth Drews, Pro Se
                      504 Park Ter
20                    Birmingham, AL 35226
                      (205) 563-5629
21                    judydrewspt@gmail.com

22            **VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA
         (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B),
23         THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE
            SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE
24          PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND
             FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY,
25        UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR
              COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00%
26           INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S
         MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER
27        WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE
            ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE,
28            RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND
                           COMPENSATORY DAMAGES - 180**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21

# EXHIBIT A

### NOTICE OF ACCELERATION AND FORECLOSURE BY DEFENDANT

### RUBIN LUBLIN, LLC (SEPTEMBER 3, 2025)

22
23
24
25
26
27
28

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 181**

## RUBIN LUBLIN, LLC

Attorneys and Counselors at Law
3145 Avalon Ridge Place, Suite 100
Peachtree Corners, GA 30071
TEL (877) 813-0992
FAX (470) 508-9401

**VIA CERTIFIED MAIL
RETURN RECEIPT REQUESTED
Copy Via Regular Mail**

September 3, 2025

JUDITH E DREWS
504 PARK TERRACE
BIRMINGHAM, AL 35226

### Notice of Acceleration and Foreclosure

File No.:     SPS-25-00606-2
Loan:         Mortgage from JUDITH E DREWS to MORTGAGE ELECTRONIC
              REGISTRATION SYSTEMS INC. AS MORTGAGEE, AS NOMINEE
              FOR COUNTRYWIDE HOME LOANS, INC. ("Original Lender")
Property Address:  504 PARK TERRACE, BIRMINGHAM, AL 35226

Please be advised that this law firm represents Federal Home Loan Mortgage Corporation, as Trustee for Freddie Mac SLST 2024-1 Participation Interest Trust ("Foreclosing Entity"), successor in interest to the Original Lender on the above-referenced Loan. By separate communication you may have been advised of your rights under the Fair Debt Collection Practices Act (the "FDCPA"), should that Act apply to this proceeding. Nothing in this letter shall prevent you from exercising those rights as set forth in that communication. This letter is to advise you that we have been retained to institute non-judicial foreclosure proceedings against the referenced property. Enclosed you will find a copy of the Foreclosure Notice that was submitted for publication in connection with a foreclosure sale of the above property. The foreclosure sale is scheduled for October 17, 2025 ("Sale Date").

The indebtedness secured by said Mortgage has been and is hereby declared due because of default under the terms of said Mortgage. *The total amount of the debt owed may consist of unpaid principal balance, any unpaid accrued interest, escrow/impound shortages or credits, late charges, legal fees/costs, and other charges. To find out what is required to either bring the Loan current (if loan is able to be reinstated) or to pay off the Loan in full, please call 888-818-6032.*
(Continued on back/next page)

---

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 182**

MORTGAGE'S OR SALE & TRANSFER NOTICE
FORECLOSURE NOTICE

[illegible scanned foreclosure notice text]

EAST 200 FEET OF LOT 8, BLOCK B, ACCORDING TO THE SURVEY OF CRESTVIEW, AS RECORDED IN MAP BOOK 7, PAGE 61, IN THE PROBATE OFFICE OF JEFFERSON COUNTY, ALABAMA.

Said legal description being controlling, however the property is more commonly known as 504 PARK TERRACE, BIRMINGHAM, AL 35226.

Alabama law gives some persons who have an interest in property the right to redeem the property under certain circumstances. Programs may also exist that help persons avoid or delay the foreclosure process. An attorney should be consulted to help you understand these rights and programs as a part of the foreclosure process.

This property will be sold on an "as is, where is" basis, subject to any easements, encumbrances, and exceptions reflected in the mortgage and those contained in the records of the Office of the Judge of Probate in the county where the above-described property is situated. This property will be sold subject to the right of redemption of all parties entitled thereto and subject to any outstanding ad valorem taxes (including taxes which are a lien, whether or not now due and payable). This sale is made for the purpose of paying the indebtedness secured by said mortgage, as well as the expenses of foreclosure. The Mortgagee/Transferee reserves the right to bid for and purchase the real estate and to credit its purchase price against the expenses of sale and the indebtedness secured by the real estate. This sale is subject to postponement or cancellation.

Federal Home Loan Mortgage Corporation, as Trustee for Freddie Mac SLST 2024-1 Participation Interest Trust, Mortgagee/Transferee

THE BELOW LAW FIRM MAY BE HELD TO BE ACTING AS A DEBT COLLECTOR, UNDER FEDERAL LAW. IF SO, ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

Rubin Lublin, LLC, Attorney for Mortgagee/Transferee
3145 Avalon Ridge Place, Suite 100, Peachtree Corners, GA 30071
Telephone Number: (877) 813-0992 Case No. SPS-25-00606-2
Ad Run Dates: 09/10/2025, 09/17/2025, 09/24/2025

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 183**

[Partially legible faded text block - portions illegible]

In some circumstances the Loan, State Law, and/or the Foreclosing Entity only allows the reinstate of the Loan to be ... and stopping the foreclosure prior to the sale date. You may contact this office to find out if reinstatement of the Loan will be allowed, and if allowed, what specific amount will be necessary to fully cure the default. Please be advised that if the default is allowed to be cured the Loan, payment must be made in the form of cash, cashier's Check or certified funds or wired to be received ... in advance of the Sale Date to allow for cancellation of the sale and pursuant to the terms of the Loan.

If you are currently or have within the last twelve (12) months been in the military service AND joined after the date of the Loan, please notify this office immediately. You may also call 1-800-342-9647 for further assistance or visit www.militaryonesource.com/SCRA. When contacting this office as to your military status, you must provide us with positive proof as to your military status. If you do not provide this information, we will assume that you are not entitled to protection under the above mentioned Act.

We do not believe that you are represented by counsel. If you are represented by counsel, please notify us immediately and provide the name and address of your lawyer so that we may direct communications to them. If we do not hear from you we will assume that you are not represented by counsel in relation to the foreclosure.

This notice is not intended to collect the debt against you personally or indicate that you are personally liable for this debt. This notice relates solely to an enforcement of rights with respect to the above-referenced property.

This letter is notice to the extent the FDCPA applies. Nothing contained herein or in future notices shall be deemed an admission that the FDCPA applies to this firm's representation of the Foreclosing Entity.

Alabama law gives some persons who have an interest in property the right to redeem the property under certain circumstances. Programs may also exist that help persons avoid or delay the foreclosure process. An attorney should be consulted to help you understand these rights and programs as a part of the foreclosure process.

Should the FDCPA apply, please be advised that this firm is acting as a debt collector attempting to collect a debt and any information obtained will be used for that purpose.

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 184**

1
2
3
4
5
6
7
8
9
10

# EXHIBIT B

11
12
13
14
15

**MORTGAGE STATEMENT FROM DEFENDANT SELECT PORTFOLIO**

16

**SERVICING, INC (OCTOBER 15, 2025)**

17
18
19
20
21

22
**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA**
23
**(REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE**
**SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE**
24
**PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND**
**FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY,**
25
**UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR**
**COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00%**
26
**INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S**
**MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER**
27
**WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE**
**ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE,**
28
**RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND**
**COMPENSATORY DAMAGES - 185**

**SPS** SELECT PORTFOLIO SERVICING, INC.

P.O./Gas 63250
Salt Lake City, UT 84165-0250
www.spsservicing.com

Customer Service: (800) 258-8602
Monday - Friday    8:00AM - 8:00PM ET
Saturday    8:00AM - 3:00PM ET

**Mortgage Statement**
Statement Date:10/15/2025
Page 1 of 3

| Account Number | 0030623433 |
|---|---|
| Property Address | 504 PARK TERRACE |
| | BIRMINGHAM AL 35235 |

| Loan Due Date | 10/01/2024 |
| Payment Due Date | 11/01/2025 |
| Amount Due | $20,246.72 |

**Explanation of Amount Due**
This account has been accelerated, which means all outstanding amounts are due. The accelerated amount as of 10/15/2025 is $171,778.78.

As of 10/15/2025, SPS will accept the amount below to reinstate this account.

| Current Payment Due | $1,110.70 |
| Unpaid Late Charges | $452.86 |
| Other Charges and Fees | $3,640.56 |
| Past Due Payment(s) | $15,032.60 |
| Unapplied Payment(s) | $0.00 |
| **Amount to Reinstate Account** | **$20,246.72** |

Judith E Drews
504 Park Ter
Hoover, AL 35226-1221

**Account Information**

| Interest Bearing Principal | $133,454.44 |
| Deferred Principal | $24,025.31 |
| Outstanding Principal | $160,379.75 |
| Interest Rate (Fixed) | 4.125% |
| Prepayment Penalty | No |

**Transaction Activity** (09/13/2025 to 10/15/2025)

| Date | Description | Principal Balance | Interest | Taxes & Insurance | Late Charges | Other Fees | Expenses Pd by Servicer | Total |
|---|---|---|---|---|---|---|---|---|
| | BEG BALANCE | $160,379.75 | | | | | | |
| | | | | | | | | |
| | ENDING BALANCE | $160,379.75 | | | | | | |

**Past Payments Breakdown**

| | Paid Last Month | Paid Year To Date |
|---|---|---|
| Principal | $0.00 | $0.00 |
| Interest | $0.00 | $0.00 |
| Escrow (Taxes and Insurance) | $0.00 | $0.00 |
| Fees and Other Charges | $0.00 | $0.00 |
| Partial Payment (Unapplied) | $0.00 | |
| Total | $0.00 | $0.00 |
| Total Unapplied Balance | | $0.00 |

**Important Messages**

All communication sent to you by SPS is always available on our website: www.spsservicing.com. For faster access to written communication and documents, please log in to your customer account on our website to view.

This amount is not a payoff quote. If you would like a payoff quote, please see instructions on reverse side.

Any transactions that occurred on the Statement Date noted above will not be reflected in the amounts listed in this section below.

Any transactions that occurred after the statement date noted above will be reflected on your next statement.

This is an attempt to collect a debt. All information obtained will be used for that purpose.

**\*\*Delinquency Notice\*\***

You are late on your mortgage payments. Failure to bring your loan current may result in fees and foreclosure -- the loss of your home.

As of October 15, 2025, you are 379 days delinquent on your mortgage loan.
- Payment due 10/30/24: Unpaid payment of $1,110.70.
- Payment due 09/01/25: Unpaid payment of $1,110.70.
- Payment due 09/01/25: Unpaid payment of $1,110.70.
- Payment due 09/01/25: Unpaid payment of $1,110.70.
- Payment due 09/01/25: Unpaid payment of $1,110.70.

Total: $20,246.72 due. You must pay this amount to bring your loan current.

SPS has completed the first notice or filing required to start a foreclosure.

If You Are Experiencing Financial Difficulty: See the back for information about mortgage counseling or assistance. Also, there are a number of options available to assist customers who are experiencing difficulty with their payments. Please contact us immediately to discuss these options, arrange a reinstatement or address any questions regarding this statement at (888) 818-6032.

Please detach bottom portion and return with your payment. Allow 7 - 10 days for postal delivery. Please do not send cash.

**MONTHLY PAYMENT COUPON**

Make checks payable to: Select Portfolio Servicing

| Amount Due | |
|---|---|
| Borrower Name(s) | Judith E Drews |
| | 504 Park Ter |
| Account Number | 0030623433 |
| Due By 11/01/2025: $20,246.72 | |

| Monthly Payment | $ |
| Additional Principal | $ |
| Additional Escrow | $ |
| Late Fees | $ |
| Other (Please Specify) | $ |
| **Total Amount Enclosed** | $ |

SELECT PORTFOLIO SERVICING, INC.
PO BOX 65450
SALT LAKE CITY UT 84155-0450

☐ Change of address or telephone? If so, check here and note changes on back

2771  0030623433  0000111070  0000114197  7

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 186**

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 187**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21

# EXHIBIT C

**NOTICE OF APPEARANCE AND REQUEST FOR SERVICE OF ALL**

**NOTICES ENTERED BY DEFENDANT RUBIN LUBLIN, LLC**

22
23
24
25
26
27
28

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 188**

1

2

3 **UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION(Birmingham)**

4 IN RE: : CASE NO: 25-03123-DSC
: CHAPTER: 13
5 :
JUDITH ELIZABETH DREWS :
6 Debtor :
:
**NOTICE OF APPEARANCE AND REQUEST**
7 **FOR SERVICE OF ALL NOTICES**

8 Select Portfolio Servicing, Inc. as servicer for Federal Home Loan Mortgage Corporation,

9 as Trustee for Freddie Mac SLST 2024-1 Participation Interest Trust (hereinafter referred to as

10 "Creditor") hereby enters its appearance and the law firm of Rubin Lublin, LLC, pursuant to

Bankruptcy Rules 2002 and 9010, hereby enters their appearance as attorneys for Creditor with

11 regard to all matters and proceedings, pleadings and complaints and adversary proceedings filed

12 in connection with the above-referenced case, showing counsel's name, office address and

telephone number as follows:

13 Amanda Beckett, Esq.
Rubin Lublin, LLC
14 3145 Avalon Ridge Place
Suite 100
15 Peachtree Corners, GA 30071
(877) 813-0992
abeckett@rlselaw.com

16 and hereby requests that the Clerk of Court add the Law Firm to the mailing matrix for said

Creditor.

17 PLEASE TAKE FURTHER NOTICE that this request is made without submitting to the

18 jurisdiction of the Court, without waiving service of process or otherwise waiving any rights.

19 Respectfully submitted,

Rubin Lublin, LLC

20

21

22 Case 25-03123-DSC13    Doc 14    Filed 10/20/25    Entered 10/20/25 19:06:15    Desc Main
Document    Page 1 of 2

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA**
**(REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B),**
23 **THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE**
**SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE**
24 **PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND**
**FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY,**
25 **UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR**
**COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00%**
26 **INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S**
**MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER**
27 **WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE**
**ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE,**
28 **RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND**
**COMPENSATORY DAMAGES - 189**

By:/s/ Amanda Beckett
Amanda Beckett
AL State Bar No. ASB-1884-N75B
Rubin Lublin, LLC
3145 Avalon Ridge Place, Suite 100
Peachtree Corners, GA 30071
(877) 813-0992
abeckett@rlselaw.com
Attorney for Creditor

## CERTIFICATE OF SERVICE

I, Amanda Beckett of Rubin Lublin, LLC certify that I caused a copy of the Notice of Appearance to be served by depositing a copy of same in the United States Mail in a properly addressed envelope with adequate postage thereon to the said parties as follows:

Judith Elizabeth Drews
504 Park Terrace
Birmingham, AL 35226

Bradford W. Caraway, Trustee
Chapter 13 Standing Trustee
P O Box 10848
Birmingham, AL 35202-0848

Dated: This 20th day of October, 2025

By: /s/ Amanda Beckett
Amanda Beckett
AL State Bar No. ASB-1884-N75B
Rubin Lublin, LLC
3145 Avalon Ridge Place, Suite 100
Peachtree Corners, GA 30071
(877) 813-0992
abeckett@rlselaw.com
Attorney for Creditor

Case 25-03123-DSC13    Doc 14    Filed 10/20/25    Entered 10/20/25 19:06:15    Desc Main
Document:    Page 2 of 2

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 190**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21

# EXHIBIT D

**MORTGAGE INTEREST STATEMENT – SUBSTITUTE FORM 1098**

**SENT BY DEFENDANT SELECT PORTFOLIO SERVICING, INC**

22
23
24
25
26
27
28

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 191**

**SPS** SELECT PORTFOLIO SERVICING, Inc.
P.O. Box 65250
Salt Lake City, UT 84165-0250

**IMPORTANT TAX INFORMATION**

Account Number: 0030623433

Social Security /
Tax Identification Number: ***-**-1448

JUDITH E DREWS
504 PARK TER
HOOVER AL 35226-1221

**MORTGAGE INTEREST STATEMENT - SUBSTITUTE FORM 1098**

The information in boxes 1 through 9 and 11 is important tax information and is being furnished to the IRS. If you are required to file a return, a negligence penalty or other sanction may be imposed on you if the IRS determines that an underpayment of tax results because you overstated a deduction for this mortgage interest or for these points, reported in boxes 1 and 8; or because you claimed a nondeductible item.

☐ CORRECTED (if checked)                    2024

Lender's Information:
Select Portfolio Servicing, Inc
P.O. Box 65250
Salt Lake City, UT 84165-0250
Lender's Federal Identification No. 87-0465626

Borrower's Information:
JUDITH E DREWS

504 PARK TERRACE
BIRMINGHAM, AL 35226

| ESCROW SUMMARY | |
|---|---|
| Beginning Escrow Balance | $3,312.03- |
| Additions to Escrow | |
| Deposits* | $9,726.68 |
| Subtractions from Escrow | |
| PROPERTY TAXES | $3,632.59 |
| LIEN YTD | $.00 |
| HAZARD INS. | $3,654.00 |
| FHA/PMI INS. | $.00 |
| Ending Escrow Balance | $1,071.94- |
| *Includes $.00 in Escrow Interest | |

| INTEREST SUMMARY | |
|---|---|
| Mortgage Interest Paid in 2024 | $5,157.60 |
| Plus Late Charges Paid | $100.00 |
| Total Interest | $5,257.60 |

| | |
|---|---|
| Box 1 - Mortgage interest received from payer/borrower* | $5,257.60 |
| Box 2 - Outstanding mortgage principal | $162,102.54 |
| Box 3 - Mortgage Origination Date | 07/12/2007 |
| Box 4 - Refund of overpaid interest | $.00 |
| Box 5 - Mortgage insurance premiums | $.00 |
| Box 6 - Points paid on purchase of principal residence | $.00 |
| Box 7 - ☐ If address of property securing mortgage is the same as PAYERs/ BORROWERs address, check the box, or enter the address or description in box 8. | |
| Box 8 - Address or description of property securing mortgage   504 PARK TERRACE   BIRMINGHAM AL 35226 | |
| Box 9 - Number of properties securing the mortgage | 01 |
| Box 10 - Other | |
| Box 11 - Mortgage acquisition date | |

For more information on each box see reverse side.
*Caution: The amount shown may not be fully deductible by you. Limits based on the loan amount and the cost and value of the secured property may apply. Also, you may only deduct interest to the extent it was incurred by you, actually paid by you, and not reimbursed by another person.

| PRINCIPAL ACTIVITY | |
|---|---|
| Principal Applied | $1,722.79 |
| Remaining Balance | $160,379.75 |

If you have any questions regarding this statement, please contact our Customer Service Department toll-free at 1-800-258-8602. Representatives are available Monday through Friday between the hours of 8 a.m. and 9 p.m., and Saturday from 8 a.m. to 2 p.m., Eastern Time. You may also write to us at P.O. Box 65250, Salt Lake City, UT 84165-0250.

*****            See Reverse Side for Additional Information.            0030623433

IT700

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 192**

Remember to file for a Homestead (or Homeowner's) Exemption, if you are eligible. If you have Private Mortgage Insurance (PMI) on your loan, and if certain conditions are satisfied, you may be able to cancel the PMI coverage. Please contact us for additional information concerning your cancellation, if any.

our home is located in California: Additional accountings may be requested by the mortgagor, trustor, or vendee pursuant to Civil Code 2954.

## Instructions for Payer/Borrower

A person (including a financial institution, a governmental unit, and a cooperative housing corporation) who is engaged in a trade or business and, in the course of such trade or business, received from you at least $600 of mortgage interest (including certain points) on any one mortgage in the calendar year must furnish this statement to you.

If you received this statement as the payer of record on a mortgage on which there are other borrowers, furnish each of the other borrowers with information about the proper distribution of amounts reported on this form. Each borrower is entitled to deduct only the amount each borrower paid and points paid by the seller that represent each borrower's share of the amount allowable as a deduction. Each borrower may have to include in income a share of any amount reported in box 4.

If your mortgage payments were subsidized by a government agency, you may not be able to deduct the amount of the subsidy. See the Instructions for Schedule A, or E (Form 1040) for how to report the mortgage interest. Also, for more information, see Pub. 936 and Pub. 535.

Payer's/Borrower's taxpayer identification number (TIN). For your protection, this form may show only the last four digits of your TIN (SSN, ITIN, ATIN, or EIN). However, the issuer has reported your complete TIN to the IRS.

Account number. May show an account or other unique number the lender has assigned to distinguish your account.

Box 1. Shows the mortgage interest received by the recipient/lender during the year. This amount includes interest on any obligation secured by real property, including a mortgage, home equity loan, or line of credit. This amount does not include points, government subsidy payments, or seller payments on a "buydown" mortgage. Such amounts are deductible by you only in certain circumstances.

⚠ CAUTION  If you prepaid interest in the calendar year that accrued in full by January 15 of the subsequent year, the prepaid interest may be included in box 1. However, you cannot deduct the prepaid interest in the calendar year paid even though it may be included in box 1.

If you hold a mortgage credit certificate and can claim the mortgage interest credit, see Form 8396. If the interest was paid on a mortgage, home equity loan, or line of credit secured for a qualified residence, you can only deduct the interest paid on acquisition indebtedness, and you may be subject to a deduction limitation.

Box 2. Shows the outstanding principal on the mortgage as of January 1 of the calendar year. If the mortgage originated in the calendar year, shows the mortgage principal as of the date of origination. If the recipient/lender acquired the loan in the calendar year, shows the mortgage principal as of the date of acquisition.

Box 3. Shows the date of the mortgage origination.

Box 4. Do not deduct this amount. It is a refund (or credit) for overpayment(s) of interest you made in a prior year or years. If you itemized deductions in the year(s) you paid the interest, you may have to include part or all of the box 4 amount on the "Other income" line of your calendar year Schedule 1 (Form 1040). No adjustment to your prior year(s) tax return(s) is necessary. For more information, see Pub. 936 and Itemized Deduction Recoveries in Pub. 525.

Box 5. If an amount is reported in this box, it may qualify to be treated as deductible mortgage interest. See the calendar year Schedule A (Form 1040) instructions and Pub. 936.

Box 6. Not all points are reportable to you. Box 6 shows points you or the seller paid this year for the purchase of your principal residence that are required to be reported to you. Generally, these points are fully deductible in the year paid, but you must subtract seller-paid points from the basis of your residence. Other points not reported in box 6 may also be deductible. See Pub. 936 to figure the amount you can deduct.

Box 7. If the address of the property securing the mortgage is the same as the payer's/borrower's, either the box has been checked, or box 8 has been completed.

Box 8. Shows the address or description of the property securing the mortgage.

Box 9. If more than one property secures the loan, shows the number of properties securing the mortgage. If only one property secures the loan, this box may be blank.

Box 10. The interest recipient may use this box to give you other information, such as real estate taxes or insurance paid from escrow.

Box 11. If the recipient/lender acquired the mortgage in the calendar year, shows the date of acquisition.

Future developments. For the latest information about developments related to Form 1098 and its instructions, such as legislation enacted after they were published, go to www.irs.gov/Form1098.

Free File. Go to www.irs.gov/FreeFile to see if you qualify for no-cost online federal tax preparation, e-filing, and direct deposit or payment options.

IT700                                                                 0030623433

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 193**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT E

**IMPORTANT NOTICE REGARDING YOUR ANNUAL ESCROW**

**ACCOUNT DISCLOSURE STATEMENT AND YOUR NEW ESCROW**

**PAYMENT AMOUNT CORRESPONDENCE SENT BY DEFENDANT**

**SELECT PORTFOLIO SERVICING, INC (OCTOBER 21, 2025)**

VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA
(REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B),
THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE
SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE
PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND
FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY,
UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR
COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00%
INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S
MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER
WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE
ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE,
RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND
COMPENSATORY DAMAGES - 194

**SPS** SELECT Portfolio SERVICING, inc.

Sign up for paperless delivery at www.spservicing.com 
Paperless

October 21, 2025

 JUDITH E DREWS
504 PARK TER
BIRMINGHAM, AL 35226

Account Number: 0030623433
Property Address: 504 PARK TERRACE
BIRMINGHAM, AL 35226

RE: Important notice regarding your Annual Escrow Account Disclosure Statement and your new escrow payment amount

**This statement is for informational purposes only**

Dear Customer(s):

SPS reviewed your escrow account to determine your new monthly escrow payment. Following are the answers to the most common questions we receive about the escrow account and the details related to the analysis.

1. **What is the amount of my new monthly payment?**
The table below shows your new monthly payment, including any escrow changes from this new analysis statement.

| Table 1 | Current Payment | New Payment (as of 11/01/2025) | Change |
|---|---|---|---|
| Principal and Interest | $625.49 | $625.49 | |
| Regular Escrow Payment | $485.21 | $507.48 | $22.27 |
| Monthly Shortage Payment | $0.00 | $0.00 | $0.00 |
| Total Payment | $1,110.70 | $1,132.97 | $22.27 |

Since you are in active bankruptcy, your new payment amount shown above is the post-petition payment amount due.

2. **Why did the escrow portion of my payment change?**
There are three main reasons why your escrow account payment may change from year to year.

A. **Regular Escrow Payments** - Changes occur based on differences between the expected property tax or insurance payments for the prior year and the expected property tax or insurance payments for the current year. Table 2 shows those differences and any resulting monthly shortage change, which is explained in section C.

| Table 2 | Prior Year Estimated Disbursements | Current Year Estimated Disbursements (as of 11/01/2025) | Change |
|---|---|---|---|
| Tax Disbursements | $3,832.59 | $4,099.76 | $267.17 |
| Hazard Insurance Disbursements | $1,990.00 | $1,990.00 | $0.00 |
| Total Annual Escrow Disbursements | $5,822.59 | $6,089.76 | $267.17 |
| Monthly Escrow Payment | $485.21 | $507.48 | $22.27 |
| Monthly Shortage Payment | $0.00 | $0.00 | $0.00 |

See reverse side

EA07G 0709                    00313834000066010380                     CC0062 155

---

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 195**

B. **Escrow Reserve Requirements** — RESPA/Federal law allows lenders to maintain a maximum of two months reserve in your escrow account, commonly referred to as a cushion. However, based on state, investor, or modification requirements your cushion requirement may be less than the Federal requirement. Your account has a monthly reserve requirement of 2 months. This reserve is established to cover unanticipated increases in your property taxes, insurance and other escrow amounts. The monthly reserve requirement amount is $1,014.96 and is accounted for in your monthly escrow payment reflected above in Tables 1 and 2. If your account has mortgage insurance, the monthly mortgage insurance amount has been removed from the escrow reserve requirements.

C. **Escrow Shortage** — The balance of the escrow account as of the date of this analysis has a deficiency of $1,071.94. The ending balance in table 3 and the beginning balance in table 4 of $5,829.29 is based on an assumption of receipt of the scheduled payments that are due on the account, as indicated by the letter E next to the payments. If the scheduled payments are made there will be a shortage in the account of $260.47.

Please be advised that this is not an attempt to collect any pre-petition debt, which we have previously claimed on the Proof of Claim. Any shortages may occur to calculate this analysis do not include any unpaid taxes and/or insurance that we previously filed in the Proof of Claim. In Table 1, the "Regular Escrow Payments" row shows the full escrow payment required, including all escrow elements and the "Monthly Shortage Payment" row shows the current amount of monthly escrow payment which is the amount to be collected towards the shortage. In Table 2, the "Monthly Escrow Payment" row shows only the escrow elements without any overage/shortage amounts and the "Monthly Shortage Payment" row shows the current amount of monthly shortage which is the amount to be collected towards the shortage.

Your unpaid pre-petition escrow amount is $260.47. This amount has been removed from the projected starting balance.

Your total shortage is determined by subtracting your required beginning escrow account balance from your actual beginning escrow account balance. $6,089.76 – $5,829.29 = $260.47.

Table 3 below shows a detailed history of your escrow account transactions since your last analysis. An asterisk (*) indicates a difference from a previous estimate in either the date or the amount. The letter E beside an amount indicates that the payment or disbursement has not yet occurred but is estimated to occur as shown prior to the effective date of this new analysis. Please note: if the payment or disbursement month shown in table 3 is the same month of this completed analysis and there is an asterisk (*) or the letter E next to the amount, the disbursement or amount may have already occurred by the time you receive this analysis statement and the actual amount may differ from the amount reflected below.

**Table 3**

| Month | Description | Payments | | Disbursements | | Total Balance |
|---|---|---|---|---|---|---|
| | | Estimate | Actual | Estimate | Actual | |
| History | Beginning Balance | | | | | $-1,071.94 |
| March 2025 | | $485.21 | $0.00 | $0.00 | $0.00 | $-1,071.94 |
| April 2025 | | $485.21 | $0.00 | $0.00 | $0.00 | $-1,071.94 |
| May 2025 | | $485.21 | $0.00 | $0.00 | $0.00 | $-1,071.94 |
| June 2025 | | $485.21 | $0.00 | $0.00 | $0.00 | $-1,071.94 |
| July 2025 | | $485.21 | $0.00 | $0.00 | $0.00 | $-1,071.94 |
| August 2025 | | $485.21 | $0.00 | $0.00 | $0.00 | $-1,071.94 |
| September 2025 | | $485.21 | $0.00 | $0.00 | $0.00 | $-1,071.94 |
| | | | | | | |
| **Total Actual Activity** | | $3,396.47 | $0.00 | $0.00 | $0.00 | |

See reverse side

EA076  0703

VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 196

| Expected Payments | | | | | |
|---|---|---|---|---|---|
| October 2025 | | $485.21 | $6,901.23 E | $0.00 | $0.00 | $5,829.29 |

| Total including Expected Payments | | $3,881.68 | $6,901.23 | $0.00 | $0.00 |

Table 4 below shows a detailed projection of future estimated escrow activity of your escrow account transactions since your last analysis as well as a projection of future escrow activity. The double asterisk (**) next to the required balance indicates the lowest projected balance in the analysis. This low balance is used to determine the surplus or shortage in your escrow account at the time of this analysis.

**Table 4**

| Month | Description | Payments Estimate | Disbursements Estimate | Beginning Balance | Required Balance |
|---|---|---|---|---|---|
| | Starting Balance | | | $5,829.29 | $6,089.76 |
| November 2025 | COUNTY TAX | $507.48 | $4,093.76 | $2,237.01 | $2,497.48 |
| December 2025 | HAZARD INS | $507.48 | $1,990.00 | $754.49 | $1,014.50** |
| January 2026 | | $507.48 | $0.00 | $1,261.97 | $1,522.44 |
| February 2026 | | $507.48 | $0.00 | $1,769.45 | $2,029.92 |
| March 2026 | | $507.48 | $0.00 | $2,276.93 | $2,537.40 |
| April 2026 | | $507.48 | $0.00 | $2,784.41 | $3,044.89 |
| May 2026 | | $507.48 | $0.00 | $3,291.89 | $3,552.36 |
| June 2026 | | $507.48 | $0.00 | $3,799.37 | $4,059.84 |
| July 2026 | | $507.48 | $0.00 | $4,306.85 | $4,567.32 |
| August 2026 | | $507.48 | $0.00 | $4,814.33 | $5,074.80 |
| September 2026 | | $507.48 | $0.00 | $5,321.81 | $5,582.28 |
| October 2026 | | $507.48 | $0.00 | $5,829.29 | $6,089.76 |
| Totals | | $6,089.76 | $6,089.76 | | |

If you wish to send a written inquiry about your account or dispute any of the information on this statement, please send it to the address listed below for Notice of Error/Information Request. If you send your Notice of Error/Information Request to any other address, it may not be processed in accordance with the guidelines established by the Real Estate Settlement Procedures Act (RESPA).

**Important Mailing Addresses:**

| General Correspondence | Payment Remittance | Notice of Error/Information Request |
|---|---|---|
| PO Box 65250 Salt Lake City, UT 84165-0250 | PO Box 65450 Salt Lake City, UT 84165-0450 | PO Box 65277 Salt Lake City, UT 84165-0277 |

If your account is set up on a monthly automatic withdrawal payment option, your monthly payment withdrawal amount will be updated according to the adjusted payment above once the escrow analysis becomes effective. If you have any questions or concerns, please contact our Customer Service Department. Our toll-free number is 800-258-8602 and representatives are available Monday through Friday between the hours of 8 a.m. and 9 p.m., and Saturday from 8 a.m. to 3 p.m., Eastern Time. You may also visit our website at www.spservicing.com.

Sincerely,

Select Portfolio Servicing, Inc.

*Esta carta contiene información importante concerniente a sus derechos. Por favor, traduzca esta carta. Nuestros representantes bilingües están a su disposición para contestar cualquier pregunta. Llámenos al número 800-831-0118 y seleccione/marque la opción 2.*

This information is intended for informational purposes only and is not considered an attempt to collect a debt.

See reverse side

---

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 197**

**This section is left intentionally blank**

- - - - - - - - - - - - - - - - - - - - - - - Cut along dotted line - - - - - - - - - - - -

PAYMENT COUPON ON BACK
HAS YOUR ADDRESS CHANGED?  IF SO, PLEASE COMPLETE THIS FORM

Mailing Address:_____

City _____ State _____ Zip _____

Home Phone _____ Business Phone _____

Account Number(s): 0030623433

All Borrowers' Signatures Required For Address Change

_____          _____
Borrower's Signature                                         Co-Borrower's Signature

EA076-3793                          00313834000066030380                          0030623433

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 198**

1
2
3
4
5
6
7
This section is left intentionally blank
8
9
10
11
12
13
14

Cut along dotted line

15

Pursuant to the escrow analysis above, SPS will be increasing the monthly payment by $0.00 to collect for the escrow shortage.

**Escrow Payment Coupon**

16

If you would like to make a payment towards your escrow account,
you may submit your payment online by visiting
www.spsservicing.com or by using this payment coupon.

17

Select Portfolio Servicing, Inc.
JUDITH E DREWS
504 PARK TERRACE,
BIRMINGHAM, AL 35226
Account No: 0030623433

18

SELECT PORTFOLIO SERVICING, INC.
P.O. BOX 65450
SALT LAKE CITY, UT 84165-0450

Total Amount Enclosed:

19
20

00000000 0                    2771  0030623433  066 00000000

21
22

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA
(REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B),
THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE
SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE
PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND
FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY,
UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR
COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00%
INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S
MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER
WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE
ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE,
RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND
COMPENSATORY DAMAGES - 199**

23
24
25
26
27
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14

# EXHIBIT F

NPOTICE OF DEFAULT – RIGHT TO CURE CORRESPONDENCE SENT

BY DEFENDANT SELECT PORTFOLIO SERVICING, INC

(NOVEMBER 20, 2024)

VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA
(REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B),
THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE
SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE
PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND
FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY,
UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR
COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00%
INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S
MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER
WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE
ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE,
RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND
COMPENSATORY DAMAGES - 200

**SPS** | **SELECT**
**Portfolio**
**SERVICING, inc.**

Sign up for paperless delivery
at www.spsservicing.com
'Paperless'

November 20, 2024

JUDITH E DREWS
504 PARK TERRACE
BIRMINGHAM, AL 35228

**PLEASE READ THIS NOTICE CAREFULLY. TAKE ACTION TO AVOID THE LOSS OF YOUR PROPERTY.**

**NOTICE OF DEFAULT - RIGHT TO CURE**

**Account Number:** 0030623433
**Property Address:** 504 PARK TERRACE
BIRMINGHAM, AL 35228

Dear Customer(s):

The mortgage loan on your property is in default as a result of your failure to make payments as required by the Note and Deed of Trust or Mortgage (Security Instrument). We have previously sent you letters and communications regarding this default in an attempt to resolve this matter. This letter provides information about the default and what rights you have to cure the default. Select Portfolio Servicing, Inc. (SPS) services your mortgage loan and has been instructed on behalf of the holder of the promissory note to pursue remedies under the Security Instrument unless you take action to cure the default before the Cure Date shown below. The Noteholder on your Loan is Federal Home Loan Mortgage Corporation, as Trustee for Freddie Mac SLST 2024-1 Participation Interest Trust (c/o SPS, PO Box 65250 Salt Lake City, UT 84165-0250).

This letter provides notice of the following:

**The Default**
You have failed to make payments under the Note and Security Instrument as shown below. This letter is a formal demand for payment.

**Action Required to Cure the Default**
To cure this default, you must pay the Amount Required to Cure together with payments which may subsequently become due, on or before the Cure Date listed below.

**Amount Required to Cure the Default**
As of the date of this letter, the total amount due and required to cure the default on your loan is $3,513.12 (Amount Required to Cure) as itemized below:



LR002 3714                    00300234000119010200                    0030623433

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 201**

| Itemization of Amount Required to Cure Cure Date: December 23, 2024 | |
|---|---|
| Payment due for October 1, 2024 | $2,458.80 |
| *Total amount due includes Escrow Payments (Taxes/Insurance) of $603.91* | |
| Accrued Late Charges | $400.32 |
| Advances made on Customer's behalf | $654.00 |
| Escrow advance balance (Deficit) | $0.00 |
| **Total Amount Outstanding** | $3,513.12 |
| Unapplied balance | $0.00 |
| **AMOUNT REQUIRED AS OF November 20, 2024 TO CURE THE DEFAULT** | $3,513.12 |

Additional payments may become due between the date of this letter and the Cure Date. If you wish to cure the default after those payments become due, they should be added to the Amount Required to Cure. You have thirty (30) days from the date of this letter to pay the Amount Required to Cure. This Cure Date is December 23, 2024. Fees and other charges may continue to be assessed to your account after the date of this letter pursuant to the terms of the Security Instrument. In addition, there may be other fees, escrow advances or corporate advances that SPS paid on your behalf or advanced to your account not itemized in this letter. While these amounts are not required to cure the payment default, you still owe these amounts. To obtain the amount required to bring the loan current, please contact SPS at our toll free number 800-635-9698.

SPS is not waiving its right to demand that you pay these amounts at a later date. SPS reserves the right to accept one or more payments for less than the Amount Required to Cure, and such acceptance shall not be deemed a waiver of any of its rights under the Security Instrument. This means, for example, if you send us a payment for less than the Amount Required to Cure, we can apply this payment to the amount due and owing, and because the payment did not cure the default, continue the process towards foreclosure. Please be advised that our acceptance of any such partial payment does not prejudice our right to refuse such payment or partial payment in the future.

**Possible Consequences of Default**
Failure to cure the default on or before December 23, 2024 may result in acceleration of the sums secured by the Security Instrument and sale of the property, unless a loss mitigation alternative to foreclosure has been started. In other words, SPS may initiate foreclosure and require immediate payment in full of the entire outstanding unpaid amount on the account. If that happens, you may lose your home. A foreclosure will result in the involuntary loss of the property via sale to the lender or another person may acquire the property by means of foreclosure and sale, and you may be evicted. Once foreclosure is initiated, additional amounts for legal fees and costs may be incurred. These sums can be significant. They may be added to amounts secured by the Security Instrument, and they may be required to be paid, to the extent permitted by law, if you wish to reinstate or satisfy the loan after foreclosure is initiated.

You have the right to reinstate after acceleration. If you meet the conditions to reinstate, as provided in the Security Instrument, you may reinstate even after foreclosure has been initiated but prior to sale. This means that once you have met the conditions, the enforcement of the Security Instrument will be stopped and your Note and Security Instrument will remain, as if demand for payment in full had not been made. You will have this right at any time before the earlier of: (a) five days before the sale of the property under any power of sale granted by the Security Instrument; (b) another period as applicable law might specify for the termination of your right to have enforcement of the loan stopped; or (c) a judgment has been entered enforcing your Security Instrument. SPS requires that you pay reinstatement amounts in certified funds. Certified funds include a bank wire, cashier's bank check, attorney trust account check, title or escrow company check, or Western Union Quick Collect. Please contact SPS at 800-635-9698 for instructions on submitting these funds. If you reinstate, the Security Instrument shall remain fully effective as if no foreclosure action had started.

LR082 3714                                                                                             0036023133

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 202**

**Payment Options**
Please provide payments to the following address:

Sent via US Mail to:
Select Portfolio Servicing, Inc.
PO Box 65450 Salt Lake City, UT 84165-0450

Sent via overnight courier to:
Select Portfolio Servicing, Inc.
Attn: Remittance Processing
3217 S. Decker Lake Dr., Salt Lake City, UT 84119

Payments may be submitted in the following forms:
   (a) Personal check (if foreclosure has not been initiated)
   (b) Money order
   (c) Bank wire (electronic funds transfer). Please contact SPS for the information necessary to complete a bank wire.
   (d) Certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency.
   (e) Western Union Quick Collect. Reference the loan number above and deliver to Code City- Oswald, Code State- UT.

In some circumstances, you may be able to submit a payment through EZ Pay by calling 800-258-8602 or visiting our website at www.spservicing.com. Please remember that EZ Pay payments clear quickly, and you must have the funds in your checking account on the day you ask us to process a payment. We will obtain your consent prior to initiating payment and will advise you of any fee for this service, which may be up to $15 for payments over the phone with an agent and up to $5 for payments online or through our automated phone system.

**You Have Options to Avoid Foreclosure!**
SPS is committed to home retention and offers many customer assistance programs designed to help customers avoid foreclosure. These programs are offered at no cost to our customers and are designed to help preserve home ownership or prevent foreclosure through structured repayment plans, special payment arrangements, modifications, short settlements, and deed-in-lieu options, if you are eligible. If you would like to learn more about these programs, you should immediately contact an SPS representative at our toll-free number, 800-635-9698, or visit our website at www.spservicing.com. Our representatives are available by phone Monday through Friday between the hours of 8 a.m. and 9 p.m., and Saturday from 8 a.m. to 2 p.m., Eastern Time.

If we can reach an agreement to resolve your default, we will not proceed with and/or commence foreclosure, as long as you comply with the agreement and make required payments.

**Counseling**
If you would like counseling or assistance you can contact the following: U.S. Department of Housing and Urban Development. For a list of homeownership counselors or counseling organizations in your area, go to https://apps.hu d.gov/offices/hsg/sfh/hcc/hcs.cfm or you can call HUD at 1-800-569-4287, or you may seek help from another non-profit foreclosure avoidance agency.

**Servicemembers Civil Relief Act (SCRA)**
SPS is committed to home ownership assistance for active servicemembers and veterans of the United States military. You may be entitled to certain protections under the federal Servicemembers Civil Relief Act (50 U.S.C. 3901 et seq.) regarding your interest rate and the risk of foreclosure if you are a servicemember or a dependent of a servicemember. Counseling for covered servicemembers is available at agencies such as Military OneSource (800-342-9647 or www.militaryonesource.mil) and Armed Forces Legal Assistance (http://legalassistance.law.af.mil). Note: your state may have more expansive eligibility criteria than below. Please contact us as soon as possible if you have any questions or believe you may be eligible.



LR002 3714                  0030023400011902020 0                0030023433

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 203**

Eligible service may include, but is not limited to:

- Regular members of the U.S. Armed Forces (Army, Navy, Air Force, Space Force, Marine Corps and Coast Guard), or
- Reserve and National Guard personnel who have been activated and are on Federal active duty, or
- National Guard personnel under a call or order to active duty for more than 30 consecutive days under section 502(f) of title 32, United States Code, for purposes of responding to a national emergency declared by the President and supported by Federal funds, or
- Active service members of the commissioned corps of the Public Health Service and the National Oceanic and Atmospheric Administration, or
- Certain United States citizens serving with the armed forces of a nation with which the United States is allied in the prosecution of a war or military action.

Please send written notice of military service as soon as possible to:

Select Portfolio Servicing, Inc.
PO Box 65250 Salt Lake City, UT 84165-0250.

If you have questions regarding eligibility and application requirements, please call us at 800-635-9698.

**Your Rights**
If you wish to dispute your delinquency or Amount Required to Cure the Default, you may do so by providing a written dispute to SPS at the following address:

Select Portfolio Servicing, Inc.
PO Box 65277 Salt Lake City, UT 84165-0277

You may call SPS at our toll free number 800-258-8602 to discuss your dispute. However, to protect your rights under federal law, you will need to provide written notice to SPS if you believe that your dispute is unresolved.

You have the right to bring a court action to assert the non-existence of a default or any other defense you may have to acceleration and sale.

You have options to avoid foreclosure. THE TIME TO ACT IS NOW. Please call us at 800-635-9698.

Sincerely,

Select Portfolio Servicing, Inc.

Esta carta contiene información importante concerniente a sus derechos. Por favor, traduzca esta carta. Nuestros representantes bilingües están a su disposición para contestar cualquier pregunta. Llámenos al numero 800-831-0118 y seleccione/marque la opción 2.

This communication from a debt collector is an attempt to collect a debt and any information obtained will be used for that purpose.

LR062 3714                                                                                              0030623433

VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 204

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21

# EXHIBIT G

**MODIFICATION AGREEMENT CORRESPONDENCE SENT BY**

**DEFENDANT SELECT PORTFOLIO SERVICING, INC**

**(NOVEMBER 21, 2024)**

22
23
24
25
26
27
28

VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA
(REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B),
THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE
SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE
PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND
FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY,
UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR
COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00%
INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S
MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER
WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE
ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE,
RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND
COMPENSATORY DAMAGES - 205

**SPS** SELECT Portfolio SERVICING, inc.

 Sign up for paperless delivery at www.spservicing.com
Paperless

November 21, 2024

JUDITH E DREWS
504 PARK TER
BIRMINGHAM, AL 35226

Account Number: 0030623433
Property Address: 504 PARK TERRACE
BIRMINGHAM, AL 35226

Dear Customer(s):

SPS has identified the account as having been modified. As stated in the Modification Agreement and in accordance with your mortgage documents, you agreed to make all of your payments on time and in the correct amount in order to remain current and in good standing.

Our records indicate that you have failed to make your required monthly payment(s) and, as such, you are in jeopardy of becoming further past due on your loan. Becoming further past due could adversely impact your credit bureau reporting and subject you to additional late fees and costs associated with missing payments, as well as possible legal actions.

In an effort to assist you to keep your loan from becoming further past due, SPS is offering – for a limited time – to waive a late fee of $31.27 for each contractual payment made by 11/30/2024. Credits will be reflected on your next monthly billing statement.

You can make your monthly payments via our website at www.spservicing.com or by calling our toll-free telephone number at 800-258-8602. We will obtain your consent prior to initiating payment and will advise you of any fee for this service, which may be up to $15 for payments over the phone with an agent and up to $5 for payments online or through our automated phone system. You can also make your payments by returning your payment coupon and check to the address listed on your monthly statement.

In addition, when your account is current, you are also eligible to participate in our free Automatic Withdrawal payment program, in which your monthly payment will be processed directly from your checking or savings account. This free program allows you to select a recurring monthly payment on a date prior to a late fee being assessed. With Automatic Withdrawal, your payments are always on time and processing is free.

If you have any questions, your assigned Relationship Manager, Johnny, can be reached toll free at (888) 818-6032 x 51986 or by email at Relationship.Manager@spservicing.com.

At SPS, any of our Customer Care Experts can assist you with answers to your questions about the status or history of your account, document requirements, or any of our available loan resolution options. If you have any questions or concerns, please contact SPS. Our toll-free number is 800-635-9698 and representatives are available Monday through Friday between the hours of 8 a.m. and 9 p.m., and Saturday from 8 a.m. to 2 p.m., Eastern Time.

We look forward to keeping your modified loan in good standing with SPS.

Sincerely,

Select Portfolio Servicing, Inc.

Esta carta contiene información importante concerniente a sus derechos. Por favor, traduzca esta carta. Nuestros representantes bilingües están a su disposición para contestar cualquier pregunta. Llámenos al número 800-831-0118 y seleccione/marque la opción 2.

**This communication from a debt collector is an attempt to collect a debt and any information obtained will be used for that purpose.**

New York City - Collection Agency License # 1170514



PC173 1511                    0030027800094S010100                    9030623433

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 206**

# EXHIBIT H

## IMPORTANT NOTICE REGARDING YOUR ANNUAL ESCROW ACCOUNT DISCLOSURE STATEMENT AND YOUR NEW ESCROW PAYMENT AMOUNT CORRESPONDENCE SENT BY DEFENDANT SELECT PORTFOLIO SERVICING, INC (JANURY 7, 2025)

VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 207

**SPS** | **SELECT**
**Portfolio**
**SERVICING, inc.**

Sign up for paperless delivery
at www.spservicing.com: 
Paperless

January 7, 2025

JUDITH E DREWS
504 PARK TER
BIRMINGHAM, AL 35226

Account Number: 0030623433
Property Address: 504 PARK TERRACE
BIRMINGHAM, AL 35226

RE: Important notice regarding your Annual Escrow Account Disclosure Statement and your
new escrow payment amount

This statement is for informational purposes only

Dear Customer(s):

SPS reviewed your escrow account to determine your new monthly escrow payment. Following are the answers to the most
common questions we receive about the escrow account and the details related to the analysis.

1. **What is the amount of my new monthly payment?**
The table below shows your new monthly payment, including any escrow changes from this new analysis statement.

| Table 1 | Current Payment | New Payment (as of 03/01/2025) | Change |
|---|---|---|---|
| Principal and Interest | $625.49 | $625.49 | |
| Regular Escrow Payment | $603.91 | $485.21 | $-118.70 |
| Monthly Shortage Payment | $187.70 | $0.00 | $-187.70 |
| Total Payment | $1,417.10 | $1,110.70 | $-306.40 |

2. **Why did the escrow portion of my payment change?**
There are three main reasons why your escrow payment may change from year to year.

A. Regular Escrow Payments - Changes occur based on differences between the expected property tax or
insurance payments for the prior year and the expected property tax or insurance payments for the current year.
Table 2 shows these differences and any resulting monthly shortage change, which is explained in section C.

| Table 2 | Prior Year Estimated Disbursements | Current Year Estimated Disbursements (as of 03/01/2025) | Change |
|---|---|---|---|
| Tax Disbursements | $3,739.87 | $3,832.59 | $92.92 |
| Hazard Insurance Disbursements | $3,507.20 | $1,990.00 | $-1,517.20 |
| Total Annual Escrow Disbursements | $7,246.87 | $5,822.59 | $-1,424.28 |
| Monthly Escrow Payment | $603.91 | $485.21 | $-118.70 |
| Monthly Shortage Payment | $187.70 | $0.00 | $-187.70 |



See reverse side
00302045000170010280

EA076  3803

0030623433

VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA
(REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B),
THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE
SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE
PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND
FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY,
UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR
COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00%
INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S
MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER
WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE
ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE,
RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND
COMPENSATORY DAMAGES - 208

**B. Escrow Reserve Requirements** – RESPA/Federal law allows lenders to maintain a maximum of two months reserve in your escrow account, commonly referred to as a cushion. However, based on state, investor, or modification requirements your cushion requirement may be less than the Federal requirement. Your account has a monthly reserve requirement of 2 months. This reserve is established to cover unanticipated increases in your property taxes, insurance and other escrow amounts. The monthly reserve requirement amount is $970.43 and is accounted for in your monthly escrow payment reflected above in Tables 1 and 2. If your account has mortgage insurance, the monthly mortgage insurance amount has been removed from the escrow reserve requirements.

**C. Escrow Surplus** – The balance of the escrow account as of the date of this analysis has a deficiency of $1,071.94. The ending balance in table 3 and the beginning balance in table 4 of $1,947.61 is based on an assumption of receipt of the scheduled payments that are due on the account, as indicated by the letter E next to the payments. If the scheduled payments are made there will be a surplus in the account of $6.69.

If your account meets minimum criteria defined below, we will send a refund check for this surplus under separate cover for the full or partial refund[1].

Your total refund is $6.69, which is determined by subtracting your required beginning escrow account balance from your actual beginning escrow account balance. $1,947.61 - $1,940.92 = $6.69.

Table 3 below shows a detailed history of your escrow account transactions since your last analysis. An asterisk (*) indicates a difference from a previous estimate in either the date or the amount. The letter E beside an amount indicates that the payment or disbursement has not yet occurred but is estimated to occur as shown prior to the effective date of this new analysis. Please note, if the payment or disbursement month shown in table 3 is the same month of this completed analysis and there is an asterisk (*) or the letter E next to the amount, the disbursement or amount may have already occurred by the time you receive this analysis statement and the actual amount may differ from the amount reflected below.

| Table 3 | | Payments | | Disbursements | | |
|---------|-------------|----------|--------|----------|--------|---------------|
| Month | Description | Estimate | Actual | Estimate | Actual | Total Balance |
| History | Beginning Balance: | | | | | $-899.64 |
| April 2024 | | $603.91 | $0.00 * | $0.00 | $0.00 | $-899.64 |
| May 2024 | | $603.91 | $936.61 * | $0.00 | $0.00 | $36.97 |
| June 2024 | HAZARD INS | $603.91 | $0.00 * | $3,507.20 | $0.00 * | $36.97 |
| July 2024 | | $603.91 | $0.00 * | $0.00 | $0.00 | $36.97 |
| August 2024 | | $603.91 | $1,715.03 * | $0.00 | $0.00 | $1,752.00 |
| September 2024 | | $603.91 | $2,394.74 * | $0.00 | $0.00 | $4,146.74 |
| October 2024 | COUNTY TAX | $603.91 | $603.91 | $0.00 | $3,832.59 * | $918.06 |
| November 2024 | COUNTY TAX | $603.91 | $0.00 | $3,739.67 | $0.00 * | $918.06 |
| November 2024 | HAZARD INS | $0.00 | $0.00 * | $0.00 | $1,000.00 * | $-1,071.04 |
| December 2024 | | $603.91 | $0.00 | $0.00 | $0.00 | $-1,071.94 |
| Total Actual Activity | | $5,435.19 | $5,650.29 | $7,246.87 | $5,822.59 | |
| Expected Payments | | | | | | |
| January 2025 | | $603.91 | $2,415.04 E | $0.00 | $0.00 E | $1,343.70 |
| February 2025 | | $603.91 | $603.91 E | $0.00 | $0.00 E | $1,947.61 |
| Total Including Expected Payments | | $6,643.01 | $8,669.84 | $7,246.87 | $5,822.59 | |

EA076 3003                                                              0030023430

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 209**

Table 4 below shows a detailed projection of future estimated escrow activity of your escrow account transactions since your last analysis as well as a projection of future escrow activity. The double asterisk (**) next to the required balance indicates the lowest projected balance in the analysis. This low balance is used to determine the surplus or shortage in your escrow account at the time of this analysis.

Table 4:

| Month | Description | Payments Estimate | Disbursements Estimate | Beginning Balance | Required Balance |
|---|---|---|---|---|---|
| | Starting Balance | | | $1,947.61 | $1,940.92 |
| March 2025 | | $485.21 | $0.00 | $2,432.82 | $2,426.13 |
| April 2025 | | $485.21 | $0.00 | $2,918.03 | $2,911.34 |
| May 2025 | | $485.21 | $0.00 | $3,403.24 | $3,396.55 |
| June 2025 | | $485.21 | $0.00 | $3,888.45 | $3,881.76 |
| July 2025 | | $485.21 | $0.00 | $4,373.66 | $4,366.97 |
| August 2025 | | $485.21 | $0.00 | $4,858.87 | $4,852.18 |
| September 2025 | | $485.21 | $0.00 | $5,344.08 | $5,337.39 |
| October 2025 | | $485.21 | $0.00 | $5,829.29 | $5,822.60 |
| November 2025 | COUNTY TAX | $485.21 | $3,832.59 | $2,481.91 | $2,475.22 |
| December 2025 | HAZARD INS | $485.21 | $1,990.00 | $977.12 | $970.43** |
| January 2026 | | $485.21 | $0.00 | $1,462.33 | $1,455.64 |
| February 2026 | | $485.21 | $0.00 | $1,947.54 | $1,940.85 |
| Totals | | $5,822.52 | $5,822.59 | | |

If you wish to send a written inquiry about your account or dispute any of the information on this statement, please send it to the address listed below for Notice of Error/Information Request. If you send your Notice of Error/Information Request to any other address, it may not be processed in accordance with the guidelines established by the Real Estate Settlement Procedures Act (RESPA).

**Important Mailing Addresses:**

| General Correspondence | Payment Remittance | Notice of Error/Information Request |
|---|---|---|
| PO Box 65250 Salt Lake City, UT 84165-0250 | PO Box 65450 Salt Lake City, UT 84165-0450 | PO Box 65277 Salt Lake City, UT 84165-0277 |

* Refund Information

Although our analysis determined an overage in your escrow account, a check may not be issued. This may be due to one or more of the following.

- An overage refund that exceeds your current escrow balance may not be refunded in one check. Funds currently available and held in escrow will be refunded, but any remaining difference between the previous refund and the full refund will be sent once the funds become available in the escrow account. If the additional funds are not available in the escrow account within 30 days of this statement, please contact us to review your account to determine if any additional refund is available to be sent. The refund amount from statement is a projection of the funds that will be in your account in the future, not the amount of the funds that are currently in your account.
- Overages are not refunded when an account is delinquent. Please review your payment history and due date for your account. If it is 30 days or greater past due, an escrow refund will not be sent until the payments have been made. Once your mortgage payments are current, please request a refund of your escrow overage amount. Your refund amount may vary at that time from the amount listed on this statement as additional escrow activity may change the amount eligible for a refund.

If your account is set up on a monthly automatic withdrawal payment option, your monthly payment withdrawal amount will be updated according to the adjusted payment above once the escrow analysis becomes effective. If you have any questions or concerns, please contact our Customer Service Department. Our toll-free number is 800-258-8602 and representatives are available Monday through Friday between the hours of 8 a.m. and 9 p.m., and Saturday from 8 a.m. to 2 p.m., Eastern Time. You may also visit our website at www.spservicing.com.

Sincerely,

Select Portfolio Servicing, Inc.

Esta carta contiene información importante concerniente a sus derechos. Por favor, traduzca esta carta. Nuestros representantes bilingües están a su disposición para contestar cualquier pregunta. Llámenos al numero 800-831-0118 y seleccione/marque la opción 2.

This information is intended for informational purposes only and is not considered an attempt to collect a debt.



EA076 3603

See reverse side
00302045000170020280

0030623433

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 210**

See reverse side

EA076 3603

0030823433

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 211**

# EXHIBIT I

**INFORMATION REQUEST RECEIPT CORRESPONDENCE SENT BY**

**DEFENDANT SELECT PORTFOLIO SERVICING, INC**

**(MARCH 14, 2025)**

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 212**

**SPS** | SELECT Portfolio SERVICING, Inc.

Sign up for paperless delivery at www.spservicing.com
Paperless

March 14, 2025

JUDITH E DREWS
504 PARK TER
BIRMINGHAM, AL 35228

Account Number: 0030623433

Dear JUDITH E DREWS:

SPS is in receipt of your recent request for information about the account. In response, we are enclosing the attached documentation to satisfy your inquiry.

SPS customers may register at www.spservicing.com to view and update account information. The information available on our website includes:

- Online payment or automatic deduction/ACH sign up.
- Update your Contact Information.
- Review or request Payment Histories
- Submit Evidence of Insurance.
- View your 1098 Year End Tax Information.
- View your monthly mortgage statements.
- Sign up for email reminders and notifications.
- Request a Payoff Quote.
- Complete and submit a Request for Mortgage Assistance form.
- Submit supporting documents for Assistance Program review.
- Review the status of your Assistance Program review.

At SPS, any of our Customer Care Experts can assist you with answers to your questions about the status or history of your account, document requirements, or any of our available loan resolution options. If you have any questions or concerns, please contact SPS. Our toll-free number is 800-258-8602 and representatives are available Monday through Friday between the hours of 8 a.m. and 9 p.m. and Saturday from 8 a.m. to 2 p.m., Eastern Time.

Sincerely,

Select Portfolio Servicing, Inc.

Esta carta contiene información importante concerniente a sus derechos. Por favor, traduzca esta carta. Nuestros representantes bilingües están a su disposición para contestar cualquier pregunta. Llámenos al número 800-831-0118 y seleccione/marque la opción 2.

This information is intended for informational purposes only and is not considered an attempt to collect a debt.



CSPDF 3577                    00304621000395010400                    0030623433

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES – 213**

1
2
3
4
5
6
7
8
9
10
11
12
13

# EXHIBIT J

14    ASSISTANCE REVIEW APPLICATION STATUS CORRESPONDENCE

15    SENT BY DEFENDANT SELECT PORTFOLIO SERVICING, INC

16
17    (MARCH 19, 2025)

18
19
20
21
22    **VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA**
23    **(REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B),**
**THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE**
24    **SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE**
**PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND**
25    **FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY,**
**UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR**
26    **COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00%**
**INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S**
27    **MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER**
**WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE**
28    **ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE,**
**RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND**
**COMPENSATORY DAMAGES - 214**

1

**SPS** | SELECT
*Portfolio*
SERVICING, *inc.*

March 19, 2025

Sign up for paperless delivery
at www.spservicing.com *Paperless*

*[handwritten: Sent to Melissa Bradley 3/27/25]*

☒ JUDITH E DREWS
504 PARK TER
BIRMINGHAM, AL 35226

Account Number: 0030623433
Property Address: 504 PARK TERRACE
BIRMINGHAM, AL 35226

**REQUIRED INFORMATION NOTICE**

Dear Customer(s):

SPS has reviewed your Assistance Review Application request. We have reviewed the information received and have determined that the submitted documentation is insufficient or information is still needed as shown on the document attached to this letter (the "Required Information"). Before we can begin our evaluation process, you are required to submit a complete application. We must receive the missing Required Information immediately.

If we do not receive the Required Information, we may be unable to evaluate your application. If you have already provided the documents requested herein on or after the date of this letter, please disregard this letter.

**This is an important informational notice to provide the Required Information. Time is of the essence!** If your application remains incomplete, we may be unable to evaluate your application. If your property is also secured by other liens; you should consider contacting the servicer of those liens to discuss available loss mitigation options.

As noted above, in order for us to review your account for all available loss mitigation programs we require a complete application, which requires you to submit all Required Information immediately. The missing Required Information is described in the document attached to this letter. To aid in identifying your documents, should they be sent separately, or get separated, please include your account number at the bottom of all pages. You may fax, email, or mail the Required Information to:

Select Portfolio Servicing, Inc.
PO Box 65250 Salt Lake City, UT 84165-0250
Fax: 866-867-3019
Email: Relationship.Manager@SPServicing.com
Website: www.spservicing.com
Overnight: Select Portfolio Servicing, Inc.
3217 S. Decker Lake Dr., Salt Lake City, UT 84119



CF023 2711    00300767000047010300    0030623433

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 215**

2

Keep in mind that, in general, documentation must be dated within the last ninety (90) days to be considered valid. Once we have received your complete application, and any necessary third party approvals, you will be evaluated for all available loss mitigation options for which you are eligible and the results will be sent to you within thirty (30) days after receipt of the complete application. This notification will provide, as applicable:

- Details of the loss mitigation program for which you are approved, including, any information on how and when you must accept the offer, which at a minimum will be 14 days.

- Names of all loss mitigation programs for which you were evaluated but not approved, including, the results of any Net Present Value (NPV) tests, if applicable.

- Information on how to appeal the denial of a modification plan, if applicable.

If you have any questions, your assigned Relationship Manager, Johnny, can be reached toll free at (888) 818-6032 x 51986 or by email at Relationship.Manager@spservicing.com.

At SPS, any of our Customer Care Experts can assist you with answers to your questions about the status or history of your account, document requirements, or any of our available loan resolution options. If you have any questions or concerns, please contact SPS. Our toll-free number is 888-818-6032 and representatives are available Monday through Friday between the hours of 8 a.m. and 9 p.m., and Saturday from 8 a.m. to 2 p.m., Eastern Time.

**Notice of Error or Information Request**

If you believe there has been an error with the account or you require additional information, you may send a written Notice of Error or Information Request. All Notices of Error or Information Requests must be sent in writing to the address listed below, as this is our exclusive address under Federal Law for these matters. If you send your correspondence to any other address, it may not be processed in accordance with Federal law.

Select Portfolio Servicing, Inc.
PO Box 65277 Salt Lake City, UT 84165-0277

If you would like counseling or assistance you can contact the following: U.S. Department of Housing and Urban Development. For a list of homeownership counselors or counseling organizations in your area, go to https://apps.h ud.gov/offices/hsg/sfh/hcc/hcs.cfm or you can call HUD at 1-800-569-4287.

Sincerely,

Select Portfolio Servicing, Inc.

Enclosures:    Required Information
                Request for Mortgage Assistance

Esta carta contiene información importante concerniente a sus derechos. Por favor, traduzca esta carta. Nuestros representantes bilingües están a su disposición para contestar cualquier pregunta. Llamenos al numero 800-831-0118 y seleccione/marque la opción 2.

**This communication from a debt collector is an attempt to collect a debt and any information obtained will be used for that purpose.**

CF023 3744                                                          0030623433

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 216**

..                                                                              3

**Required Information**

**Documents Received but Additional Action Required:** Documents listed below have been received but have been rejected for the reasons indicated in the gray box(es).

| Documentation Type | Documentation Description |
|---|---|
| RMA/Hardship Affidavit | A completed Request For Mortgage Assistance signed by all customers. This form or an attached letter must contain a detailed explanation of the hardship, including information on when the hardship began. A copy of this document is enclosed with this letter or it can be obtained from our website at www.spservicing.com or by calling 888-818-6032. |
| **Action Required** | |
| • The document provided is older than 90 days or has expired. Please provide an updated document. | |



CF023 3744                          00304767000047020300                          0030623433

VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 217

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21

# EXHIBIT K

**REQUEST FOR MORTGAGE ASSISTANCE (RMA) (MARCH 27, 2025)**

22
23
24
25
26
27
28

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 218**

5

## SPS | SELECT Portfolio SERVICING, Inc.

**Request for Mortgage Assistance (RMA)**

If you are experiencing a financial hardship and need help, you must complete and submit this form to be considered for foreclosure prevention options. If you are no longer experiencing a hardship, and you have funds available to bring the account current, please call us for the total amount due.

You may complete and submit this form online by logging into your account at www.spservicing.com and clicking the Request for Mortgage Assistance option.

When you sign and date this form, you will make important certifications, representations, and agreements, including certifying that all of the information in this RMA is accurate and truthful.

### SECTION 1: BORROWER INFORMATION (REQUIRED)
Please provide at least one phone number in the section below:

| BORROWER | CO-BORROWER |
|---|---|
| BORROWER NAME | CO-BORROWER NAME |
| HOME PHONE NUMBER WITH AREA CODE | HOME PHONE NUMBER WITH AREA CODE |
| WORK PHONE NUMBER WITH AREA CODE | WORK PHONE NUMBER WITH AREA CODE |
| CELL PHONE NUMBER WITH AREA CODE | CELL PHONE NUMBER WITH AREA CODE |

### SECTION 2: RESOLUTION PLAN (REQUIRED)
I want to: (Please check the option that applies)

☐ Keep the property – Retaining the property requires bringing the account current through one of several options. The account will be evaluated for all eligible options from the list below:
A modification which includes adding the past due interest and other advances to the unpaid principal balance and adjusting the account terms and/or payment amount,
A payment deferral which brings the account current by deferring the payment of past due principal and interest amounts until the account is paid off or matures,
A repayment plan which brings the account current by adding a portion of the past due amount to the monthly payment for a period of up to 12 months, or
An unemployment forbearance plan which requires monthly payments based on a percentage of the monthly benefit amount being received for a period of up to 6 months followed by either a reinstatement of the account or evaluation for other home retention options.

☐ Sell the Property – Selling the property for less than the payoff amount is commonly referred to as a Short Sale.

☐ Negotiate the Payoff – Paying off the account, through a refinance or other funds, for less than the payoff amount due is commonly referred to as a Short Payoff.

☐ Surrender the property – Relinquishing the property and signing the deed to the owner of the account is commonly referred to as a Deed-in-Lieu of Foreclosure.

### SECTION 3: HARDSHIP EXPLANATION (REQUIRED)
REQUIRED: Explanation of hardship. Please provide details and dates. (Continue on a separate sheet of paper if necessary. Please indicate "See Attached" in the space below if utilizing additional pages):

### SECTION 4: EMPLOYMENT/INCOME STATUS (REQUIRED)



CF023 3744          0030476700004703030          0039625433

## VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 219

6

Please check the status that applies:
At least one borrower is unemployed and acknowledged receives unemployment benefits    ☐ Yes  ☐ No
A copy of your most recent unemployment benefits statement must be submitted with this document

**SECTION 8: BORROWER AND CO-BORROWER ACKNOWLEDGEMENT AND AGREEMENT: (REQUIRED)**

1. I certify that all of the information in this RMA is truthful and the hardship(s) identified above has/have contributed to submission of the request for mortgage assistance.
2. I certify that my cash reserves, including all liquid assets, are insufficient to maintain my current mortgage payment and cover basic living expenses at the same time.
3. I certify that I am willing to provide all requested documents and to respond to all Servicer communications in a timely manner. I understand that time is of the essence.
4. I understand that the Servicer will use the information I provide to evaluate my eligibility for available relief options and foreclosure alternatives, but the Servicer is not obligated to offer me assistance based solely on the representations in this document or other documentation submitted in connection with my request.
5. I understand that there may be tax implications for some assistance programs; and if approved for an assistance program, I will consult a tax advisor if I have questions about how completing the program may impact my taxable income.
6. I understand that my account will be reported to the credit reporting agencies to reflect any accepted and completed assistance program.

_Judith EDrews_                 March 27, 2025
Borrower Signature              Date

_____         _____
Co-Borrower Signature           Date

_____
SPS Account Number

If you have questions about this document please call your servicer.

If you would like counseling or assistance you can contact the following: U.S. Department of Housing and Urban Development. For a list of homeownership counselors or counseling organizations at your area, go to https://apps.hud.gov/offices/hsg/sfh/hcc/hcs.cfm or you can call HUD at 1-800-569-4287.

**NOTICE TO BORROWERS**

**Beware of Foreclosure Rescue Scams. Help is FREE!**

- There is never a fee to get assistance or information about Foreclosure Prevention Programs from your lender.
- Beware of any person or organization that asks you to pay a fee in exchange for housing counseling services or modification of a delinquent account.
- Beware of anyone who says they can "save" your home if you sign or transfer over the deed to your house. Do not sign over the deed to your property to any organization or individual unless you are working directly with your mortgage company to forgive your debt.
- Never make your mortgage payments to anyone other than your mortgage company without their approval.

CF023 3744                                              0030623493

### VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON–LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 220

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21

# EXHIBIT L

**MORTGAGE STATEMENT RECEIVED FROM DEFENDANT SELECT**

**PORTFOLIO SERVICING, INC (JANUARY 13, 2025)**

22
23
24
25
26
27
28

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 221**

**SPS** SELECT PORTFOLIO SERVICING, Inc.
P.O. Box 65250
Salt Lake City, UT 84165-0250
www.spsservicing.com

Customer Service: (800) 258-8602
Monday - Friday    8:00AM - 9:00PM ET
Saturday    8:00AM - 2:00PM ET

*For other important information, see reverse side*

Sign up for paperless delivery at www.spsservicing.com

**Mortgage Statement**
Statement Date: 01/13/2025
Page 1 of 9

Judih E Drews
504 Park Ter
Hoover, AL 35226-1221

| Account Number | 0030623433 |
|---|---|
| Property Address | 504 PARK TERRACE |
| | BIRMINGHAM AL 35226 |

| Loan Due Date | 10/01/2024 * |
|---|---|
| Payment Due Date | 02/01/2025 |
| Amount Due | $6,147.00 |

*If payment is received after 02/18/2025, $132.80 late fee will be charged.*

**Explanation of Amount Due**

| Principal | $182.07 |
|---|---|
| Interest | $452.42 |
| Escrow (Taxes and Insurance) | $603.91 |
| Regular Monthly Payment | $1,229.40 |
| Charges / Fees this Period | $132.80 |
| Past Due Payment(s) | $4,917.60 |
| Unapplied Payment(s) | $0.00 |
| **Total Amount Due** | **$6,147.00** |

**Account Information**

| Interest Bearing Principal | $133,454.44 |
|---|---|
| Deferred Principal | $24,923.31 |
| Outstanding Principal * | $100,370.75 |
| Unpaid Late Charges | $431.59 |
| Other Charges and Fees | $984.40 |
| Interest Rate (Fixed) | 4.125% |
| Prepayment Penalty | No |

**Transaction Activity** (12/14/2024 to 01/13/2025)

| Date | Description | Principal Balance | Interest | Taxes & Insurance | Late Charges | Other Fees | Expenses Pd by Servicer | Total |
|---|---|---|---|---|---|---|---|---|
| 12/14 | BEG BALANCE | $100,184.75 | $1,095.10 | | $161.41 | $184.70 | $541.42 | $104,473.99 |
| 12/16 | LATE PYMT CHARGE | 0.00 | 0.00 | | 112.91 | 0.00 | 0.00 | 112.91 |
| 12/17 | PROP VALUATION | 0.00 | 0.00 | | 0.00 | 0.00 | 0.00 | 0.00 |
| 01/13 | INTEREST ON NOV | 0.00 | 0.00 | | 0.00 | 0.00 | 0.00 | 0.00 |
| 01/13 | ENDING BALANCE | $100,370.75 | $1,998.10 | | $431.59 | $181.40 | $763.00 | $104,660.47 |

**Past Payments Breakdown**

| | Paid Last Month | Paid Year To Date |
|---|---|---|
| Principal | $0.00 | $0.00 |
| Interest | $0.00 | $0.00 |
| Escrow (Taxes and Insurance) | $0.00 | $0.00 |
| Fees and Other Charges | $0.00 | $0.00 |
| Partial Payment (Unapplied) | $0.00 | |
| Total | $0.00 | $0.00 |
| Total Unapplied Balance | $0.00 | |

**Important Messages**

All communication sent to you by SPS is always available on our website: www.spsservicing.com. For faster access to written communication and documents, please log in to your customer account on our website to view.

† This amount is not a payoff quote. If you would like a payoff quote, please see instructions on reverse side.

Any transactions that occurred after the statement date noted above will be reflected on your next statement.

This is an attempt to collect a debt. All information obtained will be used for that purpose.

We have paid Taxes and/or Insurance on your behalf and you are responsible to reimburse us for these amounts plus interest which may be billed at the note rate.

**\*\*Delinquency Notice \*\***
You are late on your mortgage payments. Failure to bring your loan current may result in fees and foreclosure — the loss of your home.

As of January 13, 2025, you are 104 days delinquent on your mortgage loan.
- Payment due 01/2025: Unpaid payment of $1,229.40.
- Payment due 12/2024: Unpaid payment of $1,229.40.
- Payment due 11/2024: Unpaid payment of $1,229.40.
- Payment due 10/2024: Unpaid payment of $1,229.40.
- Payment due 09/2024: Fully paid on 10/10/2024.
- Payment due 08/2024: Fully paid on 09/09/2024.

**Total: $6,147.00 due. You must pay this amount to bring your loan current.**

If You Are Experiencing Financial Difficulty: See the back for information about mortgage counseling or assistance. Also, there are a number of options available to assist customers who are experiencing difficulty with their payments. Please contact us immediately to discuss these options, arrange a reinstatement of your loan, or address any questions regarding the statement at (800) 818-6032.

*Please detach bottom portion and return with your payment. Allow 7 - 10 days for postal delivery. Please do not send cash.*

**MONTHLY PAYMENT COUPON**

**Amount Due**

| Borrower Name(s) | Judih E Drews |
|---|---|
| | 504 Park Ter |
| Account Number | 0030623433 |

Due By 02/01/2025: $6,147.00
$132.80 late fee will be charged after 02/18/2025

SELECT PORTFOLIO SERVICING, INC.
PO BOX 65450
SALT LAKE CITY UT 84165-0450

**Make checks payable to: Select Portfolio Servicing**

| Monthly Payment | $ |
|---|---|
| Additional Principal | $ |
| Additional Escrow | $ |
| Late Fees | $ |
| Other (Please Specify) | $ |
| Total Amount Enclosed | $ |

☐ Change of address or telephone? If so, check here and note changes on back

2771  0030623433  0000122940  0000126067  9

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 222**

**IMPORTANT INFORMATION**

*(form with mailing addresses, payment instructions, loan payoff information, and address change form — text illegible)*

**HAS YOUR ADDRESS CHANGED? IF SO, PLEASE COMPLETE THIS FORM**

Mailing Address _____

City _____ State _____ Zip _____

Home Phone _____ Business Phone _____
All Borrower's Signature Required For Address Change

_____   _____
Borrower's Signature                    Co-Borrower's Signature

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON–LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 223**

**Important Messages**

If there is a balance under Expenses Paid by Servicer, it means we have paid certain expenses on your behalf due to the delinquent status of your account. You are responsible to reimburse us for these amounts plus interest, which may be billed at the note rate.

Due to the delinquent status of your loan a property inspection and/or valuation report was ordered and you are responsible to reimburse us for the amounts plus interest, which may be billed at the note rate.

The Outstanding Principal balance includes the Interest Bearing Principal balance and the Deferred Principal balance. The Deferred Principal balance is not subject to the charged interest rate and will be due as a final balloon payment on the earlier of (a) payoff of the Interest Bearing Principal balance, or (b) maturity date of the mortgage loan.

Under the Servicemembers Civil Relief Act if you or a family member has been deployed to active duty, you may be eligible for certain protections regarding your mortgage loan. Please contact us at (800) 258-8602 to discuss these protections.

* Loan Due Date: If this date is different from your Payment Due Date, it means that you are past due and owe payments from previous months.

Per IRS regulations all year end statements will be mailed no later than January 31st. Year end information will be available via our automated voice response system on January 2nd. Duplicate year end statements can be obtained from our website www.spservicing.com after February 10th. Log into your account and view or print a duplicate copy at your convenience.

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 224**

| F A C T S | WHAT DOES SELECT PORTFOLIO SERVICING, INC. DO WITH YOUR PERSONAL INFORMATION? | |
|---|---|---|
| | | Page 4 of 7 |

| Why? | Financial companies choose how they share your personal information. Federal law gives consumers the right to limit some but not all sharing. Federal law also requires us to tell you how we collect, share, and protect your personal information. Please read this notice carefully to understand what we do. |
|---|---|

| What? | The types of personal information we collect and share depend on the product or service you have with us. This information can include:<br>• Social Security number and income<br>• account balances and payment history<br>• credit history and credit scores |
|---|---|

| How? | All financial companies need to share customers' personal information to run their everyday business. In the section below, we list the reasons financial companies can share their customers' personal information; the reasons Select Portfolio Servicing, Inc. ("SPS") chooses to share; and whether you can limit this sharing. |
|---|---|

| Reasons we can share your personal information | Does SPS share? | Can you limit this sharing? |
|---|---|---|
| For our everyday business purposes — such as to process your transactions, maintain your account(s), respond to court orders and legal investigations, or report to credit bureaus | Yes | No |
| For our marketing purposes — to offer our products and services to you | Yes | No |
| For joint marketing with other financial companies | Yes | Yes |
| For our affiliates' everyday business purposes — information about your transactions and experiences | Yes | No |
| For our affiliates' everyday business purposes — information about your creditworthiness | Yes | Yes |
| For our affiliates to market to you | Yes | Yes |
| For nonaffiliates to market to you | Yes (but only through joint marketing agreements) | Yes |

| To limit our sharing | • Mail the form below<br>Please note:<br>If you are a new customer, we can begin sharing your information 30 days from the date we sent this notice. When you are no longer our customer, we continue to share your information as described in this notice.<br>However, you can contact us at any time to limit our sharing. |
|---|---|

| Questions? | Call (800) 258-8602 |
|---|---|

REV 05/2010

Select Portfolio Servicing, Inc.
P.O. Box 65250
Salt Lake City, UT 84165-0250

Loan Number: 0030623433

Judith E Drews
504 Park Ter
Hoover, AL 35226

**Mail-In Form**

Mark any/all that you want to limit:

☐ Do not share my personal information with other institutions to jointly market to me.

☐ Do not share information about my creditworthiness with your affiliates for their everyday business purposes.

☐ Do not allow your affiliates to use my personal information to market to me.

☐ Do not share my personal information with nonaffiliates to market their products and services to me.

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 225**

**Page 2**

## What we do

| | |
|---|---|
| How does SPS protect my personal information? | To protect your personal information from unauthorized access and use, we use security measures that comply with federal law. These measures include computer safeguards and secured files and buildings.<br><br>Our computer safeguards include secure email, data encryption and network firewalls. |
| How does SPS collect my personal information? | We collect your personal information, for example, when you<br>• pay your bills or give us your income information<br>• provide employment information or give us your wage statements<br>• give us your contact information<br><br>We also collect your personal information from others, such as credit bureaus, affiliates, or other companies. |
| Why can't I limit all sharing? | Federal law gives you the right to limit only<br>• sharing information about your creditworthiness with our affiliates for their everyday business purposes<br>• affiliates from using your information to market to you<br>• sharing for nonaffiliates to market to you<br><br>State laws and individual companies may give you additional rights to limit sharing. |
| What happens when I limit sharing for an account I hold jointly with someone else? | Your choices will apply to everyone on your account. |

## Definitions

| | |
|---|---|
| Affiliates | Companies related by common ownership or control. They can be financial and nonfinancial companies.<br>• Our affiliates include financial companies such as DLJ Mortgage Capital Inc., Residential Real Estate Review, Inc., Mountain West Realty Corp., and Polaris Insurance Agency Corp. . |
| Nonaffiliates | Companies not related by common ownership or control. They can be financial or nonfinancial companies.<br>• Except for joint marketing agreements, SPS does not share with nonaffiliates so they can market to you. |
| Joint marketing | A formal agreement between nonaffiliated financial companies that together market financial products or services to you.<br>• Our joint marketing partners include mortgage lenders. |

Please place in the envelope provided and mail to:
(PLEASE DO NOT SEND PAYMENTS TO THIS ADDRESS)

SELECT PORTFOLIO SERVICING, INC.
P.O. BOX 65250
SALT LAKE CITY, UT 84165-0250



.2771  0030623433  031  8

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES – 226**



**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 227**

FILE# ########    Page 7 of 7
SPOH1-COS

## FEE SCHEDULE

The following is a list of fees and charges that, subject to applicable law, or the documents evidencing your mortgage account, may be imposed in connection with the servicing of your account. Please note that the fees listed below are subject to change from time to time.

| Late Fee | Refer to loan documents | Fee charged for failure to make a regular monthly payment on time. State law may dictate the fee amount. |
| NSF or Dishonored Check Fee | Up to $25.00 | Fee charged when a payment by check is returned as not paid by your bank because of insufficient funds in the checking account. |
| Interest on Advance | Generally, calculated at the interest rate under the note. | Interest that we may be permitted to charge under the loan documents for amounts that we may be required to pay on your behalf, for example, taxes, insurance and foreclosure-related costs and expenses. |
| Prepayment Fee | Please refer to loan documents | Your loan documents may require you to pay an additional fee if you pay off your loan early. |
| Property Inspection | $30.00 - $45.00 | Fee charged if you are in default and we cannot make contact with you to determine the condition of the property. |
| Broker Price Opinion (BPO) | $89.00 - $195.00 | Fee charged for determining the value and condition of the property when loan payments are past due. |
| Appraisal Fees | $195.00 - $450.00 | Fee charged for appraisal used to determine the value and condition of the property. |
| Recording Fee | Based on county/town schedule | Fee charged by the relevant county/town for recording the release/satisfaction. |
| Release Fee | Up to $45.00 | Fee paid to a third party charged at payoff for preparing the release of mortgage. |
| Foreclosure Attorney Fees and Costs | This fee and cost will vary | Fees and costs associated with protection of collateral. Foreclosure attorney fees and costs will vary by filing type and are limited to the actual fees and costs. |
| Bankruptcy Attorney Fees and Costs | This fee and cost will vary | Fees and costs associated with preserving obligation. Bankruptcy attorney fees and costs will vary by bankruptcy Chapter type and are limited to actual fees and costs. |
| Property Preservation Costs | This fee will vary | Fees required to preserve the property. Will vary according to each situation and required expenses. |

The fees shown below will be imposed for services that you request. You will be asked to agree to pay these charges at the time you request the service.

| Fee | Amount | Description |
| Payment via Website, Mobile App, or Automated Phone System | Up to $5.00 | Fee charged for making a payment on the SPS website, Mobile App, or using the Automated Phone System (also known as EZ Pay) |
| Check by Phone with a live agent | Up to $15.00 | Fee charged for making a payment by phone with a live agent (also known as EZ Pay) |
| Express Mail Fee | Actual Charge Incurred | Actual charge from delivery service provider (such as UPS or FedEx) for expedited delivery of documents. |

*This Fee Schedule does not contain all fees that may be charged for services rendered. Please note that Select Portfolio Servicing, Inc. may utilize an affiliated company to perform services related to your mortgage account and that Select Portfolio Servicing, Inc. and/or its affiliated company may receive financial benefit as a result of such relationship.*

Revised March 2024



**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 228**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21

# EXHIBIT M

**DISPUTE CORRESPONDENCE FROM DEFENDANT RUBIN LUBLIN,**

**LLC**

22
23
24
25
26
27
28

VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA
(REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B),
THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE
SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE
PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND
FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY,
UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR
COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00%
INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S
MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER
WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE
ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE,
RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND
COMPENSATORY DAMAGES - 229

Rubin Lublin, LLC
3145 Avalon Ridge Place, Suite 100
Peachtree Corners, GA 30071
(T) 770-246-3357

To: JUDITH E DREWS
504 PARK TERRACE
BIRMINGHAM, AL 35226

Rubin Lublin, LLC has been retained to collect this debt solely through a non-judicial/judicial foreclosure on a loan held by Federal Home Loan Mortgage Corporation, as Trustee for Freddie Mac SLST 2024-1 Participation Interest Trust ("Current Creditor"). This is not an attempt to collect against you personally. The Current Creditor is only seeking to enforce its right against the secured property. We will use any information obtained to help complete this action.

**Our information shows:**

JUDITH E DREWS has executed a Mortgage with MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC. AS MORTGAGEE, AS NOMINEE FOR COUNTRYWIDE HOME LOANS, INC. that is currently held by Current Creditor with account number ending in XXXXXX3433

SEE ATTACHED FOR MORE DETAILS

**How can you dispute the debt?**

■ Call or write to us by March 28, 2025, to dispute all or part of the debt. If you do not, we will assume that our information is correct.

■ If you write to us by March 28, 2025, we must stop collection on any amount you dispute until we send you information that shows you owe the debt. You may use the form below or write to us without the form. You may also include supporting documents. We accept disputes electronically at FDCPA@rlselaw.com

**What else can you do?**

■ Write to ask for the name and address of the original creditor, if different from the current creditor. If you write by March 28, 2025, we must stop collection until we send you that information. You may use the form below or write to us without the form. We accept disputes electronically at FDCPA@rlselaw.com

■ Go to www.cfpb.gov/debt-collection to learn more about your rights under federal law. For instance, you have the right to stop or limit how we contact you.

**Mail this form to:**
Rubin Lublin, LLC / Rubin Lublin TN, PLLC
ATTN: FDCPA
3145 Avalon Ridge Place, Suite 100
Peachtree Corners, GA 30071

JUDITH E DREWS
504 PARK TERRACE
BIRMINGHAM, AL 35226

**How do you want to respond?**
Check all that apply:
☐ I want to dispute the debt because I think:
  ☐ This is not my debt.
  ☐ The amount is wrong.
  ☐ Other (please describe on reverse or attach additional information)
☐ I want you to send me the name and address of the original creditor.

Please include the file number in any correspondence. File number: SPS-25-00606-1.



**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 230**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT N

## REQUEST FOR MORTGAGE ASSISTANCE (RMA) (MARCH 5, 2025)

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 231**

**SPS** | SELECT
Portfolio
SERVICING, inc.

Request for Mortgage Assistance (RMA)

If you are experiencing a financial hardship and need help, you must complete and submit this form along with other required documentation to be considered for foreclosure prevention options. If you are no longer experiencing a hardship, and you have funds available to bring the account current, please call us for the total amount due.

You need to return: (1) this completed, signed and dated Request for Mortgage Assistance (RMA) and (2) all required income documentation identified in Section 7.

You may complete and submit this form online by logging into your account at www.spservicing.com and clicking the Request for Mortgage Assistance option. You may also upload the other required documents through the Submit Documents options.

When you sign and date this form, you will make important certifications, representations, and agreements, including certifying that all of the information in this RMA is accurate and truthful.

**SECTION 1: BORROWER INFORMATION (REQUIRED)**
Please provide at least one phone number in the section below.

| BORROWER | CO-BORROWER |
|---|---|
| BORROWER NAME | CO-BORROWER NAME |
| SOCIAL SECURITY NUMBER  DATE OF BIRTH (MM/DD/YYYY) | SOCIAL SECURITY NUMBER  DATE OF BIRTH (MM/DD/YYYY) |
| HOME PHONE NUMBER WITH AREA CODE | HOME PHONE NUMBER WITH AREA CODE |
| WORK PHONE NUMBER WITH AREA CODE | WORK PHONE NUMBER WITH AREA CODE |
| CELL PHONE NUMBER WITH AREA CODE ☐ By checking this box, I consent to being contacted at this cellular number | CELL PHONE NUMBER WITH AREA CODE ☐ By checking this box, I consent to being contacted at this cellular number |
| MAILING ADDRESS | MAILING ADDRESS |

**SECTION 2: RESOLUTION PLAN (REQUIRED)**

I want to: (Please check the option that applies)

☐ Keep the Property – Retaining the property requires bringing the account current through one of several options. The account will be evaluated for all eligible options from the list below:
A modification which includes adding the past due interest and other advances to the unpaid principal balance and adjusting the account terms and/or payment amount.
A payment deferral which brings the account current by deferring the payment of past due principal and interest amounts until the account is paid off or matures.
A repayment plan which brings the account current by adding a portion of the past due amount to the monthly payment for a period of up to 12 months, or An unemployment forbearance plan which requires monthly payments based on a percentage of the monthly benefit amount being received for a period of up to 6 months followed by either a reinstatement of the account or evaluation for other home retention options.

☐ Sell the Property – Selling the property for less than the payoff amount is commonly referred to as a Short Sale.

☐ Negotiate the Payoff – Paying off the account, through a refinance or other funds, for less than the payoff amount due is commonly referred to as a Short Payoff.

☐ Surrender the Property – Relinquishing the property and signing the deed to the owner of the account is commonly referred to as a Deed-in-Lieu of Foreclosure.

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 232**

1

2

**SECTION 3: HARDSHIP EXPLANATION (REQUIRED)**

REQUIRED: Explanation of hardship. Please provide details and dates. (Continue on a separate sheet of paper if necessary. Please indicate "See Attached" in the space below if utilizing additional pages):

3

4

5

**SECTION 4: EMPLOYMENT STATUS (REQUIRED)**

6
Please check the status that applies:

At least one borrower is unemployed and receiving/will receive unemployment benefits.
If Yes, a copy of your most recent unemployment benefits statement must be submitted with this document.    ☐ Yes  ☐ No

7

**SECTION 5: PROPERTY INFORMATION (REQUIRED)**

This section must be completed with information pertaining to the property for which assistance is requested. If you are requesting assistance for multiple properties serviced by SPS, please complete a separate form for each property.

8
Property Address:_____    SPS Account Number:_____

9
Other mortgage or liens on the property ☐ Yes  ☐ No (if "Yes", the Lien Holder/Servicer Name and Account Number are required)

Lien Holder/Servicer Name:_____    Account Number:_____

10
Do you have condominium or homeowner association (HOA) fees? ☐ Yes  ☐ No (if "Yes", the Association Name, Monthly Fee and Payment Status are required)

Name and Address fees are paid to:_____    Monthly Fee $_____

11
Are fees paid current? ☐ Yes  ☐ No

12
Is the property listed for sale? ☐ Yes  ☐ No (if "Yes", the Listing Information and Offer details are required)    List Date?_____

Listing Agent's Name:_____    Phone Number:_____

13
Have you received a purchase offer? ☐ Yes  ☐ No    Amount of Offer:_____    Closing Date:_____

14

15

16

17

18

19

20

21

22    **VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA

23    (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B),
      THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE

24    SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE
      PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND

25    FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY,
      UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR

26    COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00%
      INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S

27    MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER
      WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE

28    ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE,
      RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND
      COMPENSATORY DAMAGES - 233**

## SECTION 6: OCCUPANCY INFORMATION (REQUIRED)

This section must be completed with information pertaining to the property for which assistance is requested. If you are requesting assistance for multiple properties serviced by SPS, please complete a separate form for each property.

REQUIRED: I am requesting mortgage assistance with my principal residence ☐ Yes   ☐ No
(If you selected "No", you must complete the remainder of this section)

This property is a ☐ Rental   ☐ Second/Seasonal Home

Do you have a monthly mortgage or rent payment on your principal residence? ☐ Yes ☐ No (If "Yes", the Name and Account Number are required)

Lien Holder/Servicer Name: _____   Account Number: _____

Is the payment on your principal residence current? ☐ Yes ☐ No   If "No", number of months your payment is past due (if known): _____

If requesting assistance with a rental property, property is currently:
☐ Vacant and available for rent
☐ Occupied without rent by your legal dependent, parent or grandparent as their principal residence
☐ Occupied by a tenant as their principal residence
☐ Other _____

If rental property is occupied by a tenant: Term of lease/occupancy ___/___/_____   ___/___/_____   Gross Monthly Rent $ _____

If rental property is vacant, describe efforts to rent property: _____

If applicable, describe relationship of and duration of non-rent paying occupant of rental property: _____

_____
_____
_____
_____

## SECTION 7: COMBINED INCOME AND EXPENSE OF BORROWER AND CO-BORROWER (REQUIRED)

This section must be completed with the details of the monthly household income and expenses, as well as the total of all assets for both the borrower and co-borrower on the account. Where "Other" is entered, please specify the income, expense or asset type.

| Monthly Household Income | | Monthly Household Expenses/Debt – (*Primary Residence Expense Only) | | Household Assets | |
|---|---|---|---|---|---|
| Monthly Gross Wages | $ | First Mortgage Principal & Interest Payment or Rent Payment* | $ | Checking Account(s) | $ |
| Overtime | $ | Second Mortgage Principal & Interest Payment* | $ | Checking Account(s) | $ |
| Self-employment Income | $ | Homeowner's Insurance* | $ | Savings Account(s) | $ |
| Unemployment Income | $ | Property Taxes* | $ | Money Market | $ |
| Untaxed Social Security or Disability | $ | HOA/Condo Fees* | $ | CDs | $ |
| Food Stamps/Welfare | $ | Credit Card/Installment Payments (total minimum payment) | $ | Stocks/Bonds | $ |
| Taxable Social Security or Retirement Income | $ | Child Support/Alimony | $ | Other Cash on Hand | $ |
| Child Support/Alimony** | $ | Car Payments | $ | Value of all Real Estate except principal residence | $ |
| Tips, Commissions, Bonuses | $ | Mortgage Payments on Other Properties*** | $ | | |
| Gross Rents Received | $ | Utilities | $ | | |
| Other _____ | $ | Groceries | $ | Other _____ | $ |
| Other _____ | $ | Other _____ | $ | Other _____ | $ |
| Other _____ | $ | Other _____ | $ | Other _____ | $ |
| Other _____ | $ | Other _____ | $ | Other _____ | $ |

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 234**

| Other_____ | $ | Other_____ | $ | Other_____ | $ |
|---|---|---|---|---|---|
| Total Monthly Gross Income | $ | Total Monthly Expenses | $ | Total Assets | $ |

** Alimony, child support or separate maintenance income need not be disclosed if you do not choose to have it considered for repaying your mortgage debt.
*** Include mortgage payments on all properties you own EXCEPT your principal residence and the property for which you are seeking mortgage assistance.

**Required Income Documentation**
(We may request additional documentation to complete your evaluation.)

| | Include: |
|---|---|
| All Borrowers | ➤ Copy of the signed and dated most recent year's tax return |
| ☐ Do you earn a wage?<br><br>Borrower Hire Date Job 1 (MM/DD/YY)_____<br>Borrower Hire Date Job 2 (MM/DD/YY)_____<br>Borrower Hire Date Job 3 (MM/DD/YY)_____<br>Co-borrower Hire Date Job 1 (MM/DD/YY)_____<br>Co-borrower Hire Date Job 2 (MM/DD/YY)_____<br>Co-borrower Hire Date Job 3 (MM/DD/YY)_____ | ➤ For each borrower who is a salaried employee or hourly wage earner, provide the two (2) most recent pay stubs for each job and the number of months throughout the year that the wage is earned.<br><br>Borrower Job 1 Employer Name:_____<br>Borrower Job 2 Employer Name:_____<br>Borrower Job 3 Employer Name:_____<br><br>Co-Borrower Job 1 Employer Name:_____<br>Co-Borrower Job 2 Employer Name:_____<br>Co-Borrower Job 3 Employer Name:_____ |
| ☐ Are you self-employed? | ➤ Provide your most recent signed and dated quarterly or year-to-date profit and loss statement. Include the percentage of ownership for the business. |
| ☐ Do you receive tips, commissions, bonuses, housing allowance or overtime? | ➤ Describe the type of income, how frequently you receive the income and third party documentation describing the income (e.g., employment contracts or printouts documenting tip income). |
| ☐ Do you receive social security, disability, death benefits, pension, public assistance or adoption assistance? | ➤ Provide documentation showing the amount and frequency of the benefits, such as letters, exhibits, disability policy or benefits statement from the provider and the two (2) most recent months proof of receipt of payment (such as bank statements or deposit advices). |
| ☐ Do you receive alimony, child support, or separation maintenance payments? | ➤ Provide a copy of the divorce decree, separation agreement, or other written legal agreement filed with the court that states the amount of the payments and the period of time that you are entitled to receive them AND<br>➤ Copies of your two (2) most recent bank statements or deposit advices showing you have received payment.<br><br>Notice: Alimony, child support or separation maintenance income need not be disclosed if you do not choose to have it considered for repaying your mortgage debt. |
| ☐ Do you have income from rental properties that are not your principal residence? | ➤ Provide your most recent Federal Tax return with all schedules, including Schedule E.<br><br>If rental income is not reported on Schedule E or the gross rental amount has changed, provide a copy of the current lease agreement with the two (2) most recent months proof of receipt of payment (such as bank statements or deposit advices). |

Additional documentation may be required to evidence additional sources of income not mentioned above, proof of occupancy, property tax amounts, homeowner's association fees and additional lien payments. You can find the most current list of required information by logging into your account at www.mycenlar.com and clicking on Assistance Program Status.

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 235**

| SECTION 8: OTHER PROPERTIES OWNED | | |
|---|---|---|
| You must provide information about all properties NOT listed in section 5 (the account for which you are requesting assistance) and section 6 (primary residence) that either the borrower or co-borrower own. | | |

**Other Property #1**

| | | |
|---|---|---|
| Property Address:_____ | Account Number:_____ | Current Value $_____ |
| Servicer Name:_____ | Mortgage Balance $_____ | Monthly Mortgage Payment* $_____ |
| Property Is: ☐ Vacant ☐ Second or Seasonal Home ☐ Rented | Gross Monthly Rent $_____ | Monthly Taxes and Insurance** $_____ |

**Other Property #2**

| | | |
|---|---|---|
| Property Address:_____ | Account Number:_____ | Current Value $_____ |
| Servicer Name:_____ | Mortgage Balance $_____ | Monthly Mortgage Payment* $_____ |
| Property Is: ☐ Vacant ☐ Second or Seasonal Home ☐ Rented | Gross Monthly Rent $_____ | Monthly Taxes and Insurance** $_____ |

**Other Property #3**

| | | |
|---|---|---|
| Property Address:_____ | Account Number:_____ | Current Value $_____ |
| Servicer Name:_____ | Mortgage Balance $_____ | Monthly Mortgage Payment* $_____ |
| Property Is: ☐ Vacant ☐ Second or Seasonal Home ☐ Rented | Gross Monthly Rent $_____ | Monthly Taxes and Insurance** $_____ |

**Other Property #4**

| | | |
|---|---|---|
| Property Address:_____ | Account Number:_____ | Current Value $_____ |
| Servicer Name:_____ | Mortgage Balance $_____ | Monthly Mortgage Payment* $_____ |
| Property Is: ☐ Vacant ☐ Second or Seasonal Home ☐ Rented | Gross Monthly Rent $_____ | Monthly Taxes and Insurance** $_____ |

**Other Property #5**

| | | |
|---|---|---|
| Property Address:_____ | Account Number:_____ | Current Value $_____ |
| Servicer Name:_____ | Mortgage Balance $_____ | Monthly Mortgage Payment* $_____ |
| Property Is: ☐ Vacant ☐ Second or Seasonal Home ☐ Rented | Gross Monthly Rent $_____ | Monthly Taxes and Insurance** $_____ |

**Other Property #6**

| | | |
|---|---|---|
| Property Address:_____ | Account Number:_____ | Current Value $_____ |
| Servicer Name:_____ | Mortgage Balance $_____ | Monthly Mortgage Payment* $_____ |
| Property Is: ☐ Vacant ☐ Second or Seasonal Home ☐ Rented | Gross Monthly Rent $_____ | Monthly Taxes and Insurance** $_____ |

\* The amount of the monthly payment made to your lender – including, if applicable, monthly principal, interest, real property taxes and insurance premiums.
\*\*The amount of monthly property tax and insurance expense not included in the monthly mortgage payment.

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 236**

**SECTION 8: BORROWER AND CO-BORROWER ACKNOWLEDGEMENT AND AGREEMENT (REQUIRED)**

1. I certify that all of the information in this RMA is truthful and the hardship(s) identified above has/have contributed to submission of this request for mortgage assistance.

2. I understand and acknowledge that the Servicer, the owner or guarantor of my mortgage, or their respective agents may require me to provide additional supporting documentation.

3. I authorize and give permission to the Servicer, and their respective agents, to assemble and use a current consumer report on all borrowers obligated on the account to investigate each borrower's eligibility for loan mitigation assistance and the accuracy of my statements and any documentation that I provide in connection with my request for assistance. I understand that these consumer reports may include, without limitation, a credit report, and be assembled and used at any point during the application process to assess each borrower's eligibility thereafter.

4. I certify that my cash reserves, including all liquid assets, are insufficient to maintain my current mortgage payment and cover basic living expenses at the same time.

5. I certify that any property for which I am requesting assistance is a habitable residential property that is not subject to a condemnation notice.

6. I certify that I am willing to provide all requested documents and to respond to all Servicer communications in a timely manner. I understand that time is of the essence.

7. I understand that the Servicer will use the information I provide to evaluate my eligibility for available relief options and foreclosure alternatives, but the Servicer is not obligated to offer me assistance based solely on the representations in this document or other documentation extended in connection with my request.

8. I understand that my Servicer will collect and record personal information that I submit in this RMA and during the evaluation process, including, but not limited to, my name, address, telephone number, social security number, credit score, income, payment history, and information about my account balances and activity.

9. I consent to being contacted concerning this request for mortgage assistance at any cellular or mobile telephone number I have provided to the Servicer. This includes text messages and telephone calls to my cellular or mobile telephone.

10. I understand that there may be tax implications for some assistance programs; and if approved for an assistance program, I will consult a tax advisor if I have questions about how completing the program may impact my taxable income.

11. I understand that my account will be reported to the credit reporting agencies to reflect any accepted and completed assistance program.

The undersigned certifies under penalty of perjury that all statements in this document are true and correct.

| Judith E Drews | 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 | 10-05-1947 | 3-5-25 |
|---|---|---|---|
| Borrower Signature | Social Security Number | Date of Birth | Date |
| | | | |
| Co-Borrower Signature | Social Security Number | Date of Birth | Date |

*If you have questions about this document please call your servicer.*

*If you would like counseling or assistance you can contact the following: U.S. Department of Housing and Urban Development. For a list of homeownership counselors or counseling organizations in your area, go to https://apps.hud.gov/offices/hsg/sfh/hcc/hcs.cfm or you can call HUD at 1-800-569-4287.*

**NOTICE TO BORROWERS**

**Beware of Foreclosure Rescue Scams. Help is FREE!**

- There is never a fee to get assistance or information about Foreclosure Prevention Programs from your lender.
- Beware of any person or organization that asks you to pay a fee in exchange for housing counseling services or modification of a delinquent account.
- Beware of anyone who says they can "save" your home if you sign or transfer over the deed to your house. Do not sign over the deed to your property to any organization or individual unless you are working directly with your mortgage company to forgive your debt.
- Never make your mortgage payments to anyone other than your mortgage company without their approval.

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 237**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT O

## ASSISTANCE REVIEW APPLICATION STATUS FROM DEFENDANT

## SELECT PORTFOLIO SERVICING, INC (FEBRUARY 4, 2025)

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 238**

1

2

3

**SPS** :SELECT Portfolio SERVICING, Inc.

February 4, 2025

Sign up for paperless delivery at www.spservicing.com
Paperless

4

5

6

JUDITH E DREWS
504 PARK TER
BIRMINGHAM, AL 35226

7

8

**Account Number:** 0030823433
**Property Address:** 504 PARK TERRACE
BIRMINGHAM, AL 35226

9

**REQUIRED INFORMATION NOTICE**

Dear Customer(s):

10

SPS has reviewed your Assistance Review Application request. We have reviewed the information received and have determined that the submitted documentation is insufficient or information is still needed as shown on the document attached to this letter (the "Required Information"). Before we can begin our evaluation process, you are required to submit a complete application. We must receive the missing Required Information on or before 03/06/2025. If we do not receive the Required Information by this date, we may be unable to evaluate your application. If you have already provided the documents requested herein on or after the date of this letter, you may disregard this letter.

11

12

While we wait for the Required Information, SPS may proceed with foreclosure activity, however the property will not be sold at a foreclosure sale until after the Required information due date, 03/06/2025. If a foreclosure sale has already been scheduled we will instruct our attorney to file a motion (or other similar action) to postpone such sale. It is possible however that a court will deny the motion and the sale will proceed. If that happens we may be unable to provide loss mitigation.

13

14

As noted above, in order for us to review your account for all available loss mitigation programs we require a complete application, which requires you to submit all Required Information. The missing Required Information is described in the document attached to this letter. To aid in identifying your documents, should they be sent separately or get separated, please include your account number at the bottom of all pages. You may fax, email, upload to our website, or mail the Required Information to:

15

Select Portfolio Servicing, Inc.
PO Box 65250 Salt Lake City, UT 84165-0250
Fax: 866-867-3019
Email: Relationship.Manager@SPServicing.com
Website: www.spservicing.com
Overnight: Select Portfolio Servicing, Inc.
3217 S. Decker Lake Dr., Salt Lake City, UT 84119

16

Keep in mind that, in general, documentation must be dated within the last ninety (90) days to be considered valid. Once we have received your complete application, and any necessary third party approvals, you will be evaluated for all available loss mitigation options for which you are eligible and the results will be sent to you within thirty (30) days after receipt of the complete application. This notification will provide, as applicable:

17

18

19

CF020 3670                    00303155001023010300                    00300823433



20

21

CS305 2677                    00304621000395020400                    00300823433

22

23

24

25

26

27

28

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 239**

- Details of the loss mitigation program for which you are approved, including any information on how and when you must accept the offer, which at a minimum will be 14 days.
- Names of all loss mitigation programs for which you were evaluated but not approved, including the results of any Net Present Value (NPV) tests, if applicable.
- Information on how to appeal the denial of a modification plan, if applicable.

Please know that you are entitled to a copy of the property valuation report we may order in connection with any applicable account modification review. We will send the valuation report to you upon completion of the valuation.

**This is an important notice to provide the Required Information. Time is of the essence!** Please understand that if you fail to provide the Required Information, we may not be able to review your request for assistance, and foreclosure actions may continue or be initiated.

If your property is also secured by other liens, you should consider contacting the servicer of those liens to discuss available loss mitigation options.

If you have any questions, your assigned Relationship Manager, Johnny, can be reached toll free at (888) 818-6032 x 51988 or by email at Relationship.Manager@spservicing.com.

At SPS, any of our Customer Care Experts can assist you with answers to your questions about the status or history of your account, document requirements, or any of our available loan resolution options. If you have any questions or concerns, please contact SPS. Our toll-free number is 888-818-6032 and representatives are available Monday through Friday between the hours of 8 a.m. and 9 p.m., and Saturday from 8 a.m. to 2 p.m., Eastern Time.

**Notice of Error or Information Request**

If you believe there has been an error with the account or you require additional information, you may send a written Notice of Error or Information Request. All Notices of Error or Information Requests must be sent in writing to the address listed below, as this is our exclusive address under Federal Law for these matters. If you send your correspondence to any other address, it may not be processed in accordance with Federal law.

Select Portfolio Servicing, Inc.
PO Box 65277 Salt Lake City, UT 84165-0277

If you would like counseling or assistance you can contact the following: U.S. Department of Housing and Urban Development. For a list of homeownership counselors or counseling organizations in your area, go to https://apps.hud.gov/offices/hsg/sfh/hcc/hcs.cfm or you can call HUD at 1-800-569-4287.

Sincerely,

Select Portfolio Servicing, Inc.

Enclosures:  Required Information
  Request for Mortgage Assistance

Esta carta contiene información importante concerniente a sus derechos. Por favor, traduzca esta carta. Nuestros representantes bilingües están a su disposición para contestar cualquier pregunta. Llámenos al numero 800-831-0118 y seleccione/marque la opción 2.

This communication from a debt collector is an attempt to collect a debt and any information obtained will be used for that purpose.

CF020 3570                                                        0030623433

CS806 3677                                                        0030623433

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 240**

1

2

3

**Required Information**

**Documents Received but Additional Action Required:** Documents listed below have been received but have been
rejected for the reasons indicated in the gray box(es).

**Documentation Type**    **Documentation Description**

| RMA/Hardship Affidavit | A completed Request For Mortgage Assistance signed by all customers. This form or an attached letter must contain a detailed explanation of the hardship, including information on when the hardship began. A copy of this document is enclosed with this letter or it can be obtained from our website at www.spservicing.com or by calling 888-818-6032. |
|---|---|
| **Action Required** | • The document provided is older than 90 days or has expired. Please provide an updated document. |

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18



19

CF020 3070                         00303155001023020300                         0030623433

20



21

C5904 2677                         00304621000395030400                         0030623433

22    **VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA**

23    **(REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B),**
**THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE**

24    **SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE**
**PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND**

25    **FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY,**
**UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR**

26    **COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00%**
**INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S**

27    **MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER**
**WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE**

28    **ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE,**
**RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND**
**COMPENSATORY DAMAGES - 241**



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 242**

22
23
24
25
26
27
28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21



**SPS** | SELECT Portfolio SERVICING, inc.

Request for Mortgage Assistance (RMA)

If you are experiencing a financial hardship and need help, you must complete and submit this form to be considered for foreclosure prevention options. If you are no longer experiencing a hardship, and you have funds available to bring the account current, please call us for the total amount due.

You may complete and submit this form online by logging into your account at www.spservicing.com and clicking the Request for Mortgage Assistance option.

When you sign and date this form, you will make important certifications, representations, and agreements, including certifying that all of the information in this RMA is accurate and truthful.

**SECTION 1: BORROWER INFORMATION (REQUIRED)**

| BORROWER | CO-BORROWER |
|---|---|
| BORROWER NAME | CO-BORROWER NAME |
| HOME PHONE NUMBER WITH AREA CODE | HOME PHONE NUMBER WITH AREA CODE |
| WORK PHONE NUMBER WITH AREA CODE | WORK PHONE NUMBER WITH AREA CODE |
| CELL PHONE NUMBER WITH AREA CODE | CELL PHONE NUMBER WITH AREA CODE |

**SECTION 2: RESOLUTION PLAN (REQUIRED)**

**SECTION 3: HARDSHIP EXPLANATION (REQUIRED)**

**SECTION 4: EMPLOYMENT/INCOME STATUS (REQUIRED)**

22

23

24

25

26

27

28

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 243**

1
2
3

At least one borrower is unemployed and received/are receiving unemployment benefits   ☐ Yes  ☐ No
A copy of your most recent unemployment benefits statement must be submitted with this document

**SECTION 8: BORROWER AND CO-BORROWER ACKNOWLEDGEMENT AND AGREEMENT (REQUIRED)**

4
5
6
7

1. I certify that all of the information in this RMA is truthful and the hardship(s) identified above has/have contributed to submission of this request for mortgage assistance.
2. I certify that my cash reserves, including all liquid assets, are insufficient to maintain my current mortgage payment and cover basic living expenses at the same time.
3. I certify that I am willing to provide all requested documents and to respond to all Servicer communications in a timely manner. I understand that time is of the essence.
4. I understand that the Servicer will use the information I provide to evaluate my eligibility for available relief options and foreclosure alternatives, but the Servicer is not obligated to offer me assistance based solely on the representations in this document or other documentation submitted in connection with my request.
5. I understand that there may be tax implications for some assistance programs; and if approved for an assistance program, I will consult a tax advisor if I have questions about how completing the program may impact my taxable income.
6. I understand that my account will be reported to the credit reporting agencies to reflect any accepted and completed assistance program.

8
9

Borrower Signature _____    Date _____

Co-Borrower Signature _____    Date _____

10

SPS Account Number _____

11
12

If you have questions about this document please call your servicer.

If you need help completing or assistance you can contact the following: U.S. Department of Housing and Urban Development. For a list of homeowner who counselors or counseling organizations in your area, go to https://apps.hud.gov/offices/hsg/sfh/hcc/hcs.cfm or you can call HUD at 1-800-569-4281.

13
14
15

**NOTICE TO BORROWERS**

**Beware of Foreclosure Rescue Scams. Help is FREE!**

• There is never a fee to get assistance or information about Foreclosure Prevention Programs from your lender.
• Beware of any person or organization that asks you to pay a fee in exchange for housing counseling services or modification of a delinquent account.
• Beware of anyone who says they can "save" your home if you sign or transfer over the deed to your house. Do not sign over the deed to your property to any organization or individual unless you are working directly with your mortgage company to forgive your debt.
• Never make your mortgage payments to anyone other than your mortgage company without their approval.

16
17
18
19

CF022 3670                                                           0070023433

20
21

CS806 3677                                                           0030023433

22
23
24
25
26
27
28

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 244**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT P

**YOUR MORTGAGE HAS BEEN REFERRED FOR LEGAL ACTION**

**CORRESPONDENCE FROM DEFENDANT SELECT PORTFOLIO**

**SERVICING, INC (FEBRUARY 5, 2025)**

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 245**

1

2

3

**SPS** | **SELECT**
**Portfolio**
**SERVICING, Inc.**

Sign up for paperless delivery
at www.spservicing.com

Paperless

4

**February 5, 2025**

5

6

JUDITH E DREWS
504 PARK TER
BIRMINGHAM, AL 35226

7

8

| Account Number: | 0030823433 |
| Property Address: | 504 PARK TERRACE |
| | BIRMINGHAM, AL 35226 |

9

Dear Customer(s):

10

**YOUR MORTGAGE HAS BEEN**
**REFERRED FOR LEGAL ACTION**

SPS has referred your account for legal action. However, you may still be able to avoid foreclosure.

11

**You May Still Have Alternatives to Foreclosure**
SPS may have previously sent you one or more letters advising you of possible alternatives to foreclosure.
You can still be evaluated for alternatives to foreclosure even if you have previously shown no interest. You

12

may have experienced an unexpected expense, loss of income, or another circumstance that has
prevented you from making your mortgage payments. If you provide us with information about your
situation, we can determine whether you qualify for temporary or long-term relief, including options that
allow you to stay in your home (forbearance, repayment, modification) or leave your home while avoiding

13

foreclosure (short sale, deed-in-lieu of foreclosure).

Our previous letters included documents for you to complete and return to us to be evaluated for

14

alternatives. Please contact us to obtain an application for a foreclosure alternative if you did not receive or
no longer have this package, or have not returned all of the completed documents. You must submit a loss
mitigation application package to SPS to request consideration for available foreclosure prevention
alternatives.

15

If you are contemplating or have pending an appeal of an earlier denial of a modification application, you
may re-submit your completed documents in lieu of your appeal by 03/07/2025, and SPS will re-evaluate
your situation.

16

Please write your account number clearly on all pages and submit your documents to:

17

**Select Portfolio Servicing, Inc.**
**PO Box 65250 Salt Lake City, UT 84165-0250**
**Or**
**by fax to 866-867-3019**

18

If you have any questions about this process, please contact SPS toll free at 888-818-6032.

19

20

21

J.3014  457                    00303197001821010200                    5030023433

22

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA**

23

**(REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B),**
**THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE**

24

**SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE**
**PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND**

25

**FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY,**
**UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR**

26

**COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00%**
**INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S**

27

**MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER**
**WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE**

28

**ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE,**
**RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND**
**COMPENSATORY DAMAGES - 246**

**Home Ownership Counseling**
Home ownership counseling may be available to you by contacting a HUD-approved counseling agency. You may call (800) 569-4287 or TDD (800) 877-8339 for the housing counseling agency nearest you, or go to their website at: https://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm. You may be eligible for assistance from the Homeownership Preservation Foundation which may be reached at (888) 995-HOPE (4673), or from another foreclosure avoidance agency.

**Servicemembers Civil Relief Act (SCRA)**
SPS is committed to home ownership assistance for active-servicemembers and veterans of the United States military. You may be entitled to certain protections under the federal Servicemembers Civil Relief Act (50 U.S.C. 3901 et seq.

Eligible service may include, but is not limited to:

- Regular members of the U.S. Armed Forces (Army, Navy, Air Force, Space Force, Marine Corps and Coast Guard), or
- Reserve and National Guard personnel who have been activated and are on Federal active duty, or
- National Guard personnel under a call or order to active duty for more than 30 consecutive days under section 502(f) of title 32, United States Code, for purposes of responding to a national emergency declared by the President and supported by Federal funds, or
- Active service members of the commissioned corps of the Public Health Service and the National Oceanic and Atmospheric Administration, or

Please send written notice of military service as soon as possible to:

Select Portfolio Servicing, Inc.
PO Box 65250 Salt Lake City, UT 84165-0250

If you have questions regarding eligibility and application requirements, please call us at 800-258-8602.

**Contact Us**

If you have any questions, your assigned Relationship Manager, Johnny, can be reached toll free at (888) 818-6032 x 51988 or by email at Relationship.Manager@spservicing.com.

At SPS, any of our Customer Care Experts can assist you with answers to your questions about the status or history of your account, document requirements, or any of our available loan resolution options. If you have any questions or concerns, please contact SPS. Our toll-free number is 888-818-6032 and representatives are available Monday through Friday between the hours of 8 a.m. and 9 p.m., and Saturday from 8 a.m. to 2 p.m., Eastern Time.

Sincerely,

Select Portfolio Servicing, Inc..

Esta carta contiene información importante concerniente a sus derechos. Por favor, traduzca esta carta. Nuestros representantes bilingües están a su disposición para contestar cualquier pregunta. Llámenos al numero 800-831-0118 y seleccione/marque la opción 2.

This communication from a debt collector is an attempt to collect a debt and any information obtained will be used for that purpose.

New York City - Collection Agency License # 1170514



A43714 453                          00300319700182102020200                          DM30403453

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 247**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21

# EXHIBIT Q

**MORTGAGE STATEMENT FROM DEFENDANT SELECT PORTFOLIO**

**SERVICING, INC (FEBRUARY 12, 2025)**

22
23
24
25
26
27
28

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 248**

**SPS** SELECT PORTFOLIO SERVICING, Inc. | P.O. Box 65250 Salt Lake City, UT 84165-0250 www.spservicing.com

Sign up for paperless delivery at www.spservicing.com — Paperless

Mortgage Statement
Statement Date: 02/12/2025
Page 1 of 3

Customer Service: (800) 258-8602
Monday - Friday    8:00AM - 9:00PM ET
Saturday          8:00AM - 2:00PM ET

Judith E Drews
504 Park Ter
Hoover, AL 35226-1221

| Account Number | 0030023433 |
|---|---|
| Property Address | 504 PARK TERRACE |
| | BIRMINGHAM AL 35226 |
| Loan Due Date | 10/01/2024 |
| Payment Due Date | 03/01/2025 |
| Amount Due | $7,257.70 |

### Account Information

| | |
|---|---|
| Interest Bearing Principal | $135,454.44 |
| Deferred Principal | $24,925.31 |
| Outstanding Principal | $160,379.75 |
| Unpaid Late Charges | $462.86 |
| Other Charges and Fees | $1,321.86 |
| Interest Rate (Fixed) | 4.125% |
| Prepayment Penalty | No |

### Explanation of Amount Due

| | |
|---|---|
| Principal | $162.63 |
| Interest | $462.88 |
| Escrow (Taxes and Insurance) | $485.21 |
| Regular Monthly Payment | $1,110.70 |
| Charges / Fees this Period | $458.73 |
| Past Due Payment(s) | $6,147.00 |
| Unapplied Payment(s) | $0.00 |
| **Total Amount Due** | **$7,257.70** |

### Transaction Activity (01/14/2025 to 02/12/2025)

| Date | Description | Principal Balance | Interest | Taxes & Insurance | Late Charges | Other Fees | Expenses Pd by Servicer | Total |
|---|---|---|---|---|---|---|---|---|
| 01/14 | BEG BALANCE | $160,379.75 | $2,322.61 | $1,971.94 | $451.59 | $115.46 | $1,205.29 | $166,840.25 |
| 01/03 | LATE PYMT CHARGE | 0.00 | 0.00 | 0.00 | 11.27 | 0.00 | 0.00 | 11.27 |
| 02/11 | PD ACTV FEES | 0.00 | 0.00 | 0.00 | 0.00 | 452.46 | 458.00 | 452.46 |
| 02/11 | INTEREST ON ADV | 0.00 | 0.00 | 0.00 | 0.00 | 2.44 | 0.00 | 2.44 |
| 02/12 | END BALANCE | $160,379.75 | $2,322.61 | $1,971.94 | $462.86 | $115.46 | $1,205.29 | $165,240.67 |

### Past Payments Breakdown

| | Paid Last Month | Paid Year To Date |
|---|---|---|
| Principal | $0.00 | $0.00 |
| Interest | $0.00 | $0.00 |
| Escrow (Taxes and Insurance) | $0.00 | $0.00 |
| Fees and Other Charges | $0.00 | $0.00 |
| Partial Payment (Unapplied) | $0.00 | |
| Total | $0.00 | $0.00 |
| Total Unapplied Balance | $0.00 | |

### **Delinquency Notice **

You are late on your mortgage payments. Failure to bring your loan current may result in fees and foreclosure — the loss of your home.

As of February 12, 2025, you are 134 days delinquent on your mortgage loan.
- Payment due 02/2025: Unpaid payment of $1,229.40.
- Payment due 01/2025: Unpaid payment of $1,229.40.
- Payment due 12/2024: Unpaid payment of $1,229.40.
- Payment due 11/2024: Unpaid payment of $1,229.40.
- Payment due 10/2024: Unpaid payment of $1,229.40.
- Payment due 09/2024: Fully paid on 10/10/2024.

Total: $7,257.70 due. You must pay this amount to bring your loan current.

SPS has referred your account to an attorney for legal action.

If You Are Experiencing Financial Difficulty: See the back for information about mortgage counseling or assistance. Also, there are a number of options available to assist customers who are experiencing difficulty with their payments. Please contact us immediately to discuss these options, arrange a reinstatement or address any questions regarding the statement at (866) 616-0032.

### Important Messages

All communication sent to you by SPS is always available on our website: www.spservicing.com. For faster access to written communications and documents, please log in to your customer account on our website to view.

* This amount is not a payoff quote. If you would like a payoff quote, please see instructions on reverse side.

Any transactions that occurred after the statement date noted above will be reflected on your next statement.

This is an attempt to collect a debt. All information obtained will be used for that purpose.

We have paid Taxes and/or Insurance on your behalf and you are responsible to reimburse us for these amounts plus interest which may be billed at the proper rate.

Please detach bottom portion and return with your payment. Allow 7 - 10 days for postal delivery. Please do not send cash.
### MONTHLY PAYMENT COUPON

| Amount Due | | Make checks payable to: Select Portfolio Servicing |
|---|---|---|
| Borrower Name(s) | Judith E Drews | |
| | 504 Park Ter | |
| Account Number | 0030023433 | |
| Due By 03/01/2025: | $7,257.70 | |

| Monthly Payment | $ |
|---|---|
| Additional Principal | $ |
| Additional Escrow | $ |
| Late Fees | $ |
| Other (Please Specify) | $ |
| Total Amount Enclosed | $ |

SELECT PORTFOLIO SERVICING, INC.
PO BOX 65450
SALT LAKE CITY UT 84165-0450

Change of address or telephone? If so, check here and note changes on back

2771 0030623433 0000111070 0000114197 7

---

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 249**

**IMPORTANT INFORMATION**

**Important Mailing Addresses** (Please include your account number on all correspondences)

The detailed mailing address table and the dense paragraphs of payment instructions, loan payoff, homeowner insurance, credit reporting, automated conversion of checks, real estate tax, common abbreviations, and special request and additional fees information are present but largely illegible at this resolution.

**HAS YOUR ADDRESS CHANGED? IF SO, PLEASE COMPLETE THIS FORM**

Mailing Address _____

City _____ State _____ Zip _____

Home Phone _____ Business Phone _____
All Borrower's Signature Required For Address Change

_____          _____
Borrower's Signature                    Co-Borrower's Signature

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 250**

**SPS** SELECT PORTFOLIO SERVICING, Inc.

P.O. Box 65250
Salt Lake City, UT 84165-0250
www.spservicing.com

Customer Service : (800) 258-8602
Monday - Friday      8:00AM - 9:00PM ET
Saturday      8:00AM - 2:00PM ET

Mortgage Statement
Statement Date: 02/12/2025
Page 3 of 3

Account Number  0030623433

**Important Messages**

If there is a balance under Expenses Paid by Servicer, it means we have paid certain expenses on your behalf due to the delinquent status of your account. You are responsible to reimburse us for these amounts plus interest, which may be billed at the note rate.

The Outstanding Principal balance includes the Interest Bearing Principal balance and the Deferred Principal balance. The Deferred Principal balance is not subject to the charged interest rate and will be due as a final balloon payment on the earlier of (a) payoff of the Interest Bearing Principal balance, or (b) maturity date of the mortgage loan.

Under the Servicemembers Civil Relief Act if you or a family member has been deployed to active duty, you may be eligible for certain protections regarding your mortgage loan. Please contact us at (800) 258-8602 to discuss these protections.

* Loan Due Date: If this date is different from your Payment Due Date, it means that you are past due and owe payments from previous months.

Per IRS regulations all year end statements will be mailed no later than January 31st. Year end information will be available via our automated voice response system on January 2nd. Duplicate year end statements can be obtained from our website www.spservicing.com after February 10th. Log into your account and view or print a duplicate copy at your convenience.

47757

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 251**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21

# EXHIBIT R

**MORTGAGE STATEMENT FROM DEFENDANT SELECT PORTFOLIO**

**SERVICING, INC (JANUARY 13, 2025)**

22
23
24
25
26
27
28

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 252**

VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 253

IMPORTANT INFORMATION

Important Mailing Addresses (Please include your account number on all correspondence)

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 254**

SPS | SELECT
        Portfolio
        SERVICING, Inc.

P.O. Box 65250
Salt Lake City, UT 84165-0250
www.spservicing.com

Customer Service : (800) 258-8602
Monday - Friday    8:00AM - 9:00PM ET
Saturday           8:00AM - 2:00PM ET

Mortgage Statement
Statement Date 01/13/2025
Page 3 of 7

Account Number 0030/023433

**Important Messages**

If there is a balance under Expenses Paid by Servicer, it means we have paid certain expenses on your behalf due to the delinquent status of your account. You are responsible to reimburse us for these amounts plus interest, which may be billed at the note rate.

Due to the delinquent status of your loan a property inspection and/or valuation report was ordered and you are responsible to reimburse us for the amounts plus interest, which may be billed at the note rate.

The Outstanding Principal balance includes the Interest Bearing Principal balance and the Deferred Principal balance. The Deferred Principal balance is not subject to the charged interest rate and will be due as a final balloon payment on the earlier of (a) payoff of the Interest Bearing Principal balance, or (b) maturity date of the mortgage loan.

Under the Servicemembers Civil Relief Act if you or a family member has been deployed to active duty, you may be eligible for certain protections regarding your mortgage loan. Please contact us at (800) 258-8602 to discuss these protections.

* Loan Due Date, if this date is different from your Payment Due Date, it means that you are past due and owe payments from previous months.

Per IRS regulations all year end statements will be mailed no later than January 31st. Year end information will be available via our automated voice response system on January 2nd. Duplicate year end statements can be obtained from our website www.spservicing.com after February 10th. Log into your account anytime to print a duplicate once at your convenience.

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 255**

| FACTS | WHAT DOES SELECT PORTFOLIO SERVICING, INC, DO WITH YOUR PERSONAL INFORMATION? | | Page 4 of 7 |
|---|---|---|---|
| Why? | Financial companies choose how they share your personal information. Federal law gives consumers the right to limit some but not all sharing. Federal law also requires us to tell you how we collect, share, and protect your personal information. Please read this notice carefully to understand what we do. | | |
| What? | The types of personal information we collect and share depend on the product or service you have with us. This information can include:<br>• Social Security number and income<br>• account balances and payment history<br>• credit history and credit scores | | |
| How? | All financial companies need to share customers' personal information to run their everyday business. In the section below, we list the reasons financial companies can share their customers' personal information; the reasons Select Portfolio Servicing, Inc. ("SPS") chooses to share; and whether you can limit this sharing. | | |

| Reasons we can share your personal information | Does SPS share? | Can you limit this sharing? |
|---|---|---|
| For our everyday business purposes – such as to process your transactions; maintain your account(s), respond to court orders and legal investigations, or report to credit bureaus | Yes | No |
| For our marketing purposes – to offer our products and services to you | Yes | No |
| For joint marketing with other financial companies | Yes | Yes |
| For our affiliates' everyday business purposes – information about your transactions and experiences | Yes | No |
| For our affiliates' everyday business purposes – information about your creditworthiness | Yes | Yes |
| For our affiliates to market to you | Yes | Yes |
| For nonaffiliates to market to you | Yes (but only through joint marketing agreements) | Yes |

| To limit our sharing | – Mail the form below<br>Please note:<br>If you are a new customer, we can begin sharing your information 30 days from the date we sent this notice. When you are no longer our customer, we continue to share your information as described in this notice.<br>However, you can contact us at any time to limit our sharing. |
|---|---|
| Questions? | Call (800) 258-8602 |

REV 05/2010

Select Portfolio Servicing, Inc.
P.O. Box 65250
Salt Lake City, UT 84165-0250

Loan Number: 0030623433

Judith E Drews
504 Park Ter
Hoover, AL 35226

**Mail-In Form**

Mark any/all that you want to limit:

☐ Do not share my personal information with other institutions to jointly market to me.

☐ Do not share information about my creditworthiness with your affiliates for their everyday business purposes.

☐ Do not allow your affiliates to use my personal information to market to me.

☐ Do not share my personal information with nonaffiliates to market their products and services to me.

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 256**

**Page 2**

### What we do

| How does SPS protect my personal information? | To protect your personal information from unauthorized access and use, we use security measures that comply with federal law. These measures include computer safeguards and secured files and buildings. Our computer safeguards include secure email, data encryption and network firewalls. |
|---|---|
| How does SPS collect my personal information? | We collect your personal information, for example, when you<br>• pay your bills or give us your income information<br>• provide employment information or give us your wage statements<br>• give us your contact information<br>We also collect your personal information from others, such as credit bureaus, affiliates, or other companies. |
| Why can't I limit all sharing? | Federal law gives you the right to limit only<br>• sharing information about your creditworthiness with our affiliates for their everyday business purposes<br>• affiliates from using your information to market to you<br>• sharing for nonaffiliates to market to you<br>State laws and individual companies may give you additional rights to limit sharing. |
| What happens when I limit sharing for an account I hold jointly with someone else? | Your choices will apply to everyone on your account. |

### Definitions

| Affiliates | Companies related by common ownership or control. They can be financial and nonfinancial companies.<br>• Our affiliates include financial companies such as DLJ Mortgage Capital Inc., Residential RealEstate Review, Inc., Mountain West Realty Corp., and Petalia Insurance Agency Corp. |
|---|---|
| Nonaffiliates | Companies not related by common ownership or control. They can be financial or nonfinancial companies.<br>• Except for joint marketing agreements, SPS does not share with nonaffiliates so they can market to you. |
| Joint marketing | A formal agreement between nonaffiliated financial companies that together market financial products or services to you.<br>• Our joint marketing partners include mortgage lenders. |

Please place in the envelope provided and mail to:
(PLEASE DO NOT SEND PAYMENTS TO THIS ADDRESS)

SELECT PORTFOLIO SERVICING, INC.
P.O. BOX 65250
SALT LAKE CITY, UT 84165-0250



2771 0030623433 031 8

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 257**

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 258**

Page 7 of 7
SPO761-008

## FEE SCHEDULE

The following is a list of fees and charges that, subject to applicable law, or the documents evidencing your mortgage account, may be imposed in connection with the servicing of your account. Please note that the fees listed below are subject to change from time to time.

| | | |
|---|---|---|
| Late Fee | Refer to loan documents | Fee charged for failure to make a regular monthly payment on time. State law may dictate the fee amount. |
| NSF or Dishonored Check Fee | Up to $25.00 | Fee charged when a payment by check is returned as not paid by your bank because of insufficient funds in the checking account. |
| Interest on Advance | Generally, calculated at the interest rate under the note. | Interest that we may be permitted to charge under the loan documents for amounts that we may be required to pay on your behalf, for example, taxes, insurance and foreclosure-related costs and expenses. |
| Prepayment Fee | Please refer to loan documents | Your loan documents may require you to pay an additional fee if you pay off your loan early. |
| Property Inspection | $30.00 - $45.00 | Fee charged if you are in default and we cannot make contact with you to determine the condition of the property. |
| Broker Price Option (BPO) | $89.00 - $195.00 | Fee charged for determining the value and condition of the property when loan payments are past due. |
| Appraisal Fees | $195.00 - $450.00 | Fee charged for appraisal used to determine the value and condition of the property. |
| Recording Fee | Based on county/town schedule | Fee charged by the relevant county/town for recording the release/satisfaction. |
| Release Fee | Up to $45.00 | Fee paid to a third party charged at payoff for preparing the release of mortgage. |
| Foreclosure Attorney Fees and Costs | This fee and cost will vary | Fees and costs associated with protection of collateral. Foreclosure attorney fees and costs will vary by filing type and are limited to the actual fees and costs. |
| Bankruptcy Attorney Fees and Costs | This fee and cost will vary | Fees and costs associated with preserving obligation. Bankruptcy attorney fees and costs will vary by bankruptcy Chapter type and are limited to actual fees and costs. |
| Property Preservation Costs | This fee will vary | Fees required to preserve the property. Will vary according to each situation and required expenses. |

The fees shown below will be imposed for services that you request. You will be asked to agree to pay these charges at the time you request the service.

| Fee | Amount | Description |
|---|---|---|
| Payment via Website, Mobile App, or Automated Phone System | Up to $5.00 | Fee charged for making a payment on the SPS website, Mobile App, or using the Automated Phone System (also known as EZ Pay) |
| Check by Phone with a live agent | Up to $15.00 | Fee charged for making a payment by phone with a live agent (also known as EZ Pay) |
| Express Mail Fee | Actual Charge Incurred | Actual charge from delivery service provider (such as UPS or FedEx) for expedited delivery of documents. |

*This Fee Schedule does not contain all fees that may be charged for services rendered. Please note that Select Portfolio Servicing, Inc. may utilize an affiliated company to perform services related to your mortgage account and that Select Portfolio Servicing, Inc. and/or the affiliated company may receive financial benefit as a result of such relationship.*

Revised March 2024



**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES – 259**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21

# EXHIBIT S

**MORTGAGE STATEMENT FROM DEFENDANT SELECT PORTFOLIO**

**SERVICING, INC (MARCH 14, 2025)**

22
23
24
25
26
27
28

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 260**

**SPS** SELECT PORTFOLIO SERVICING, INC.

P.O. Box 65250
Salt Lake City, UT 84165-0250
www.spsservicing.com

Customer Service: (800) 258-8602
Monday - Friday    8:00AM – 9:00PM ET
Saturday           8:00AM – 2:00PM ET

For other important information, see reverse side.

Sign up for paperless delivery at www.spsservicing.com   Paperless

**Mortgage Statement**
Statement Date: 03/14/2025
Page 1 of 3

Judith E Drews
504 Park Ter
Hoover, AL 35226-1221

| Account Number | 0030823433 |
|---|---|
| Property Address | 504 Park Terrace |
|  | Birmingham AL 35226 |

| Loan Due Date | 10/01/2024 |
| Payment Due Date | 04/01/2025 |
| Amount Due | $8,368.40 |

If payment is received after 04/16/2025, $31.37 late fee will be charged

### Account Information

| | |
|---|---|
| Interest Bearing Principal | $135,454.44 |
| Deferred Principal | - $24,923.31 |
| Outstanding Principal * | $160,379.75 |
| Unpaid Late Charges | $462.86 |
| Other Charges and Fees | $1,570.38 |
| Interest Rate (Fixed) | 4.125% |
| Prepayment Penalty | No |

### Explanation of Amount Due

| | |
|---|---|
| Principal | $163.19 |
| Interest | - $462.30 |
| Escrow (Taxes and Insurance) | $485.21 |
| Regular Monthly Payment | $1,110.70 |
| Charges / Fees this Period | $234.52 |
| Past Due Payment(s) | $7,257.70 |
| Unapplied Payment(s) | $0.00 |
| **Total Amount Due** | **$8,368.40** |

### Transaction Activity (02/13/2025 to 03/14/2025)

| Date | Description | Principal | Interest | Taxes & Insurance | Late Charges | Other Fees | Expenses Pd by Services | Total |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |

### Past Payments Breakdown

| | Paid Last Month | Paid Year To Date |
|---|---|---|
| Principal | $0.00 | $0.00 |
| Interest | $0.00 | $0.00 |
| Escrow (Taxes and Insurance) | $0.00 | $0.00 |
| Fees and Other Charges | $0.00 | $0.00 |
| Partial Payment (Unapplied) | $0.00 | $0.00 |
| Total | $0.00 | $0.00 |
| Total Unapplied Balance | | $0.00 |

### Important Messages

All communication sent to you by SPS is always available on our website: www.spsservicing.com. For faster access to written communication and documents, please log in to your customer account on our website to view.

* This amount is not a payoff quote. If you would like a payoff quote, please see instructions on reverse side.

Any transactions that occurred after the statement date noted above will be reflected on your next statement.

This is an attempt to collect a debt. All information obtained will be used for that purpose.

We have paid Taxes and/or Insurance on your behalf and you are responsible to reimburse us for these amounts plus interest which may be billed at the note rate.

### **Delinquency Notice**

You are late on your mortgage payments. Failure to bring your loan current may result in fees and foreclosure — the loss of your home.

As of March 14, 2025, you are 164 days delinquent on your mortgage loan.
- Payment due 09/2025: Unpaid payment of $1,110.70.
- Payment due 09/2025: Unpaid payment of $1,229.40.
- Payment due 01/2025: Unpaid payment of $1,229.40.
- Payment due 12/2024: Unpaid payment of $1,229.40.
- Payment due 11/2024: Unpaid payment of $1,229.40.
- Payment due 10/2024: Unpaid payment of $1,229.40.

Total: $8,368.40 due. You must pay this amount to bring your loan current.

SPS has referred your account to an attorney for legal action.

If You Are Experiencing Financial Difficulty: See the back for information about mortgage counseling or assistance. Also, there are a number of options available to assist customers who are experiencing difficulty with their payments. Please contact us immediately to discuss these options, arrange a reinstatement of address any questions regarding the statement at (888) 818-6032.

Please detach bottom portion and return with your payment. Allow 7 - 10 days for postal delivery. Please do not send cash.

**MONTHLY PAYMENT COUPON**

### Amount Due

| Borrower Name(s) | Judith E Drews |
| | 504 Park Ter |
| Account Number | 0030823433 |
| Due By 04/01/2025: | $8,368.40 |

$31.37 late fee will be charged after 04/16/2025

SELECT PORTFOLIO SERVICING, INC.
PO BOX 65450
SALT LAKE CITY UT 84165-0450

Make checks payable to: Select Portfolio Servicing

| Monthly Payment | $ |
| Additional Principal | $ |
| Additional Escrow | $ |
| Late Fees | $ |
| Other (Please Specify) | $ |
| **Total Amount Enclosed** | **$** |

☐ Change of address or telephone? If so, check here and note changes on back

2771  0030623433  0000111070  0000114197  7

---

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 261**

**IMPORTANT INFORMATION**

Important Mailing Addresses (Please include your account number on all correspondence)

| Regular Payments | Overnight/Express Payments | Notice of Error or Information Request or Qualified Written Request | General Correspondence | Check by Phone | Bankruptcy |
|---|---|---|---|---|---|

**PAYMENT INSTRUCTIONS** ...

**APPLICATION OF PAYMENTS** ...

**LOAN REPRESENTATIVES** ...

**AUTOMATED CONVERSION OF YOUR CHECKS TO ACH DEBIT ENTRIES AND RETURNED CHECKS OR DEBITS** ...

**CREDIT REPORTING** ...

**NOTICE OF ERROR OR INFORMATION REQUEST OR QUALIFIED WRITTEN REQUEST** ...

**HOUSING COUNSELOR INFORMATION** ...

**SPECIAL REQUEST AND ADDITIONAL FEES**

| Payment By Phone with a Live Agent | Up to $15.00 |
|---|---|
| Payment via Website, Mobile App, or Automated Phone System | Up to $5.00 |
| Returned Check Fee | Up to $25.00 |
| Express Mail Fee | Actual Charge Incurred |

**LOAN PAYOFFS** ...

**HOME OWNER INSURANCE** ...

**REAL ESTATE TAX** ...

**RPS CONSUMER OMBUDSMAN SERVICES** ...

**COMMON ABBREVIATIONS**

| INT | Interest |
|---|---|
| FC or F/C | Foreclosure |
| BK | Bankruptcy |
| BPO | Broker Price Opinion |
| MISC DISB | Disbursement from escrow account for other than escrow item (E.g.:Analysis Refund, Payoff Refund) |

HAS YOUR ADDRESS CHANGED? IF SO, PLEASE COMPLETE THIS FORM

Mailing Address _____

City _____   State _____   Zip _____

Home Phone _____   Business Phone _____

All Borrower's Signature Required For Address Change

_____   _____
Borrower's Signature              Co-Borrower's Signature

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 262**

**SPS** SELECT PORTFOLIO SERVICING, INC.

P.O. Box 65250
Salt Lake City, UT 84165-0250
www.spservicing.com

Customer Service : (800) 258-8602
Monday - Friday    8:00AM - 9:00PM ET
Saturday    8:00AM - 2:00PM ET

**Mortgage Statement**
Statement Date:03/14/2025
Page 3 of 3

Account Number  0030623433

**Important Messages**

If there is a balance under Expenses Paid by Servicer, it means we have paid certain expenses on your behalf due to the delinquent status of your account. You are responsible to reimburse us for these amounts plus interest, which may be billed at the note rate.

The Outstanding Principal balance includes the Interest Bearing Principal balance and the Deferred Principal balance. The Deferred Principal balance is not subject to the charged interest rate and will be due as a final balloon payment on the earlier of (a) payoff of the Interest Bearing Principal balance, or (b) maturity date of the mortgage loan.

Under the Servicemembers Civil Relief Act if you or a family member has been deployed to active duty, you may be eligible for certain protections regarding your mortgage loan. Please contact us at (800) 258-8602 to discuss these protections.

*Loan Due Date: If this date is different from your Payment Due Date, it means that you are past due and owe payments from previous months.

Per IRS regulations all year end statements will be mailed no later than January 31st. Your end information will be available via our automated voice response system on January 2nd. Duplicate year end statements can be obtained from our website www.spservicing.com after February 10th. Log into your account and view or print a duplicate copy at your convenience.

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 263**

# EXHIBIT T

**MORTGAGE STATEMENT FROM DEFENDANT SELECT PORTFOLIO**

**SERVICING, INC (MAY 14, 2025)**

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 264**

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 265**

**IMPORTANT INFORMATION**

**Important Mailing Addresses (Please include your account number on all correspondence)**

| Regular Payments | Overnight/Express Payments | Notice of Error or Information Request or Qualified Written Request | General Correspondence | Check by Phone | Bankruptcy Correspondence & Notices must be sent to: |
|---|---|---|---|---|---|
| Select Portfolio Servicing, Inc. Attn: Remittance Processing P.O. Box 65450 Salt Lake City, UT 84165 | Select Portfolio Servicing, Inc Attn: Cashiering Dept. 3217 S. Decker Lake Dr. Salt Lake City, UT 84119 | Select Portfolio Servicing, Inc. P.O. Box 65277 Salt Lake City, UT 84165 Fax: (801) 270-7886 | Select Portfolio Servicing, Inc. P.O. Box 65250 Salt Lake City, UT 84165 | (800) 258-8602 Option 1 | Select Portfolio Servicing, Inc. Attn: Bankruptcy Dept. P.O. Box 65250 Salt Lake City, UT 84165 |

**PAYMENT INSTRUCTIONS** Paying your mortgage on time is an important obligation, so please pay on or before the payment due date. Payments are not considered paid until received and posted to your account. Please include the late charge in any payment made after the late payment due date noted on your statement. Postal delays do not result in a waiver of late charges, so please allow adequate time for mail service. If you don't pay on or before 3 p.m. MT on the payment due date, your loan will be considered delinquent. (NOTE: If you are currently sending all or part of your payment to the bankruptcy trustee, please disregard the Select Portfolio Servicing, Inc. payment address for that portion you are sending to the trustee.) We do not accept payments in cash.

**APPLICATION OF PAYMENTS** If you are current in making your payments, we will apply payments according to your Note. If you are delinquent, we apply payments to the oldest outstanding payments that are due under your Note.

**LOAN REPRESENTATIVES** If you would like to speak to someone about making a payment or payment arrangements, please call one of our loan representatives at (800) 258-8602 (Monday - Friday, 8 a.m. - 8 p.m. ET; Saturday, 8 a.m. - 3 p.m. ET).

**AUTOMATED CONVERSION OF YOUR CHECKS TO ACH DEBIT ENTRIES AND RETURNED CHECKS OR DEBITS** When you provide us a check, you authorize us to use the information from your check to make a one time Electronic Funds Transfer from your bank account. When we use your check to make an Electronic Funds Transfer, funds may be withdrawn from your account quickly, as soon as the day we receive your check. You will not receive your check back from your financial institution. If there are insufficient funds in your account we will reverse the amount of any such returned payment that we had credited to your mortgage. You authorize us to charge you a fee of up to twenty-five dollars ($25.00) as allowable by state law.

**CREDIT REPORTING** SPS furnishes information to consumer reporting agencies. You are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your Note and Mortgage. If you believe such information is inaccurate, you may call Customer Service at (800) 258-8602, submit a written Notice of Error to the P.O. Box listed above, or submit a dispute with the consumer reporting agency.

**NOTICE OF ERROR OR INFORMATION REQUEST OR QUALIFIED WRITTEN REQUEST** If you believe there has been an error with the account or you require additional information, you may send a written Notice of Error or Information Request. All Notices of Error or Information Requests must be sent to the address listed above in the Important mailing addresses section, as this is our exclusive address under Federal Law for these matters. If you send your correspondence to any other address, it may not be processed in accordance with Federal Law.

**HOUSING COUNSELOR INFORMATION** If you would like counseling or assistance, you can contact the following: U.S. Department of Housing and Urban Development (HUD): For a list of homeownership counselors or counseling organizations in your area, go to http://apps.hud.gov/offices/hsg/sfh/hcc/hcs.cfm or call 800-569-4287.

**SPECIAL REQUEST AND ADDITIONAL FEES**

| | |
|---|---|
| Payment by Phone with a Live Agent | Up to $15.00 |
| Payment via Website, Mobile App, or Automated Phone System | Up to $5.00 |
| Returned Check Fee | Up to $25.00 |
| Express Mail Fee | Actual Charge Incurred |

*This fee schedule does not contain all fees that may be charged for services rendered. The actual fee charged to a particular customer may be different based upon certain requirements under state law, agency guidelines (e.g., FHA, VA) or other relevant criteria.*

**LOAN PAYOFFS** Payoff information may be requested verbally by calling the Customer Service toll free number printed on this statement, by faxing your request to (801) 269-4299 or by mailing your request to: P.O. Box 65250, Salt Lake City, UT 84165-0250. If you do not receive your payoff quote within 5 business days of placing your request, please call our Customer Service Department.

**HOME OWNER INSURANCE** You are required to maintain Homeowners Insurance (and if required, Flood Insurance), at all times during the term of your Mortgage and provide or ask your insurance agent each year to provide us copies of all renewal policies and invoices to the address shown below at least (30) days before the date your existing policy expires. It is important for you to remember that if we do not receive a copy of your renewal or replacement policy, SPS may obtain coverage to protect its interest in the property. The coverage provided for this insurance may be different and more expensive than your expired coverage. We will only do this after we have notified you of your failure to maintain coverage. It is possible we may obtain certain benefits from this insurance placement coverage.

To ensure that SPS is properly notified of any changes with your insurance policy, we need the information below to be added to the Standard Mortgagee Clause on your insurance policy.

Select Portfolio Servicing, Inc.
ITS SUCCESSORS AND OR ASSIGNS
P.O. Box 7277 Springfield, OH 45501-7277

All insurance information (including your account number) should be mailed or faxed to:
Insurance Service Center PO Box 7277, Springfield, OH 45501 Fax (888) 801-8177.

**REAL ESTATE TAX** If you have established an escrow account with us for taxes, you should keep copies of any tax bills you receive for your personal records. We have engaged a Tax Service to receive your tax bills, and we will pay taxes out of your escrow account to the extent there are sufficient balances in your escrow account. If you receive any special assessment bills, you should send them to our Tax Service Center address shown below. Special bills include:

- An area defined as a "Homeowner Area" where your local tax office will not send us the tax bill
- Any special assessments on your property in addition to your regular Real-Estate tax bills
- Any adjustments to your tax bills

Tax Service Center: PO Box 3541, Covina, CA 91722

**SPS CONSUMER OMBUDSMAN SERVICES** If you have an unresolved issue with SPS, and you have exhausted other customer service options, please contact our Consumer Ombudsman Department at (888) 682-0005 or through other methods found on www.spservicing.com.

| COMMON ABBREVIATIONS | |
|---|---|
| INT | Interest |
| FC or F/C | Foreclosure |
| BK | Bankruptcy |
| BPO | Broker Price Opinion |
| MISC DISB | Disbursement from escrow account for other than escrow item (E.g. Analysis Refund, Payoff Refund) |

*This common abbreviations table does not contain all abbreviations that may appear in the "Activity this Period" section. For more information please refer to the Fee Schedule and Description document located at www.spservicing.com.*

HAS YOUR ADDRESS CHANGED? IF SO, PLEASE COMPLETE THIS FORM

Mailing Address ______________________________

City ____________________ State ____________ Zip ____________

Home Phone ______________ Business Phone ______________

All Borrower's Signature Required For Address Change

______________________________ ______________________________
Borrower's Signature Co-Borrower's Signature

VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 266

**SPS** SELECT Portfolio SERVICING, Inc.
P.O. Box 65250
Salt Lake City, UT 84165-0250
www.spservicing.com

Mortgage Statement
Statement Date:05/14/2025
Page 3 of 3

Customer Service : (800) 258-8602
Monday – Friday    8:00AM – 8:00PM ET
Saturday    8:00AM – 3:00PM ET

Account Number  0030623433

**Important Messages**

If there is a balance under Expenses Paid by Servicer, it means we have paid certain expenses on your behalf due to the delinquent status of your account. You are responsible to reimburse us for these amounts plus interest, which may be billed at the note rate.

The Outstanding Principal balance includes the Interest Bearing Principal balance and the Deferred Principal balance. The Deferred Principal balance is not subject to the charged interest rate and will be due as a final balloon payment on the earlier of (a) payoff of the Interest Bearing Principal balance, or (b) maturity date of the mortgage loan.

Under the Servicemembers Civil Relief Act if you or a family member has been deployed to active duty, you may be eligible for certain protections regarding your mortgage loan. Please contact us at (800) 258-8602 to discuss these protections.

* Loan Due Date: If this date is different from your Payment Due Date, it means that you are past due and owe payments from previous months.

47346

VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 267

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21

# EXHIBIT U

**LOSS MITIGATION ASSISTANCE DENIAL CORRESPONDENCE FROM**

**DEFENDANT SELECT PORTFOLIO SERVICING, INC (JUNE 3, 2025)**

22
23
24
25
26
27
28

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 268**

**SPS** | **SELECT** *Portfolio* **SERVICING, inc.**

Sign up for paperless delivery
at www.spservicing.com

**Paperless**

June 3, 2025

JUDITH E DREWS
504 PARK TER
BIRMINGHAM, AL 35226

| | |
|---|---|
| **Account Number:** | 0030623433 |
| **Property Address:** | 504 PARK TERRACE |
| | BIRMINGHAM, AL 35226 |

Dear Customer(s):

SPS previously received your request for loss mitigation assistance, but we now consider the assistance request withdrawn. We are not considering your request for assistance at this time because:

- You were offered a Repayment Plan but did not accept the offer of loss mitigation assistance by the established deadline.

**You may have other options**

SPS is committed to home retention and offers many assistance options designed for customers who are experiencing temporary or permanent hardship. These options are offered at no cost to our customers and may include modifications, structured repayment plans, or account settlement alternatives. If you would like information on our home retention options or other alternatives, please contact us as soon as possible at the phone number listed below. These alternatives to foreclosure may be available to you:

- **Modification programs.** Depending on your situation, we may have an account modification option for you. If you have already been evaluated for these programs, you may have to show a change in your circumstances in order to qualify.
- **Short Sale.** With this program, the property is listed for sale at fair market value, even if that value is lower than what you owe on the mortgage. If a buyer is identified and the property is sold, the proceeds from the sale are applied towards the mortgage debt, even if the proceeds are less than the amount owed on the mortgage. You may be responsible for any balance remaining after the sale.
- **Deed in Lieu of Foreclosure.** With a deed in lieu, you agree to transfer the title or ownership of your property to the owner or servicer of your account in order to avoid foreclosure sale and satisfy all or a portion of the mortgage debt. The amount of debt satisfied by this transfer of ownership is based on the approved value of your home. In some cases, you may be responsible for a remaining balance of the mortgage debt over and above the approved value.

These options have different requirements and guidelines, and not all accounts will qualify. Moreover, some of these options may offer financial assistance for your relocation.

**Right to Appeal**

You have the right to appeal any non-approval by providing a written explanation of why you believe our determination was incorrect, along with all supporting evidence, within thirty (30) days of the date of this letter to:



CF012 3392                    00307899001089010200                    0030623433

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 269**

Select Portfolio Servicing, Inc.
PO Box 65277 Salt Lake City, UT 84165-0277
Relationship.Manager@SPservicing.com

You have thirty (30) calendar days from the date of this notice to contact SPS to discuss the reason for non-approval. Any pending foreclosure action may continue; however, no foreclosure sale will be conducted and you will not lose your home during this 30-day period or any longer period required for us to review supplemental material you may provide in response to this notice. If a foreclosure sale has already been scheduled we will instruct our attorney to file a motion to postpone such sale. It is possible however that a court will deny the motion and the sale will proceed. If that happens we will be unable to provide loss mitigation.

**Notice of Error or Information Request**

If you believe there has been an error with the account or you require additional information, you may send a written Notice of Error or Information Request. All Notices of Error or Information Requests must be sent in writing to the address listed below, as this is our exclusive address under Federal Law for these matters. If you send your correspondence to any other address, it may not be processed in accordance with Federal law.

Select Portfolio Servicing, Inc.
PO Box 65277 Salt Lake City, UT 84165-0277

If you would like counseling or assistance you can contact the following: U.S. Department of Housing and Urban Development. For a list of homeownership counselors or counseling organizations in your area, go to https://apps.h ud.gov/offices/hsg/sfh/hcc/hcs.cfm or you can call HUD at 1-800-569-4287.

If you have any questions, your assigned Relationship Manager, Evelyn, can be reached toll free at (888) 818-6032 x 50318 or by email at Relationship.Manager@spservicing.com.

At SPS, any of our Customer Care Experts can assist you with answers to your questions about the status or history of your account, document requirements, or any of our available loan resolution options. If you have any questions or concerns, please contact SPS. Our toll-free number is 888-818-6032 and representatives are available Monday through Friday between the hours of 8 a.m. and 8 p.m., and Saturday from 8 a.m. to 3 p.m., Eastern Time. You may also go to our website, www.spservicing.com, for additional information.

Sincerely,

Select Portfolio Servicing, Inc.

Esta carta contiene información importante concerniente a sus derechos. Por favor, traduzca esta carta. Nuestros representantes bilingües están a su disposición para contestar cualquier pregunta. Llámenos al número 800-831-0118 y seleccione/marque la opción 2.

**This communication from a debt collector is an attempt to collect a debt and any information obtained will be used for that purpose.**

**New York City – Collection Agency License # 1170514**

Federal Equal Credit Opportunity Act prohibits creditors from discriminating against credit applicants on the basis of race, color, religion, national origin, sex, marital status, or age (provided that the applicant has the capacity to enter into a binding contract); because all or part of the applicant's income derives from any public assistance program; or because the applicant has in good faith exercised any right under the Consumer Credit Protection Act. The federal agencies that administer compliance with this law concerning this creditor is the Bureau of Consumer Financial Protection, 1700 G Street NW., Washington, DC 20552 and Federal Trade Commission, Consumer Response Center, 600 Pennsylvania Avenue NW, Washington, DC 20580.



CF012 1382                    .00307699001089020200                    0030023433

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 270**

# EXHIBIT V

**RELATIONSHIP MANAGER REASSIGNMENT CORRESPONDENCE**

**FROM DEFENDANT SELECT PORTFOLIO SERVICING, INC**

**(JUNE 16, 2025)**

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 271**

1

2

3

**SPS** | SELECT
*Portfolio*
**SERVICING, inc.**

Sign up for paperless delivery
at www.spservicing.com
**Paperless**

4

June 18, 2025

5

JUDITH E DREWS
504 PARK TER
BIRMINGHAM, AL 35226

6

7

8

Account Number:    0030623433
Property Address:    504 PARK TERRACE
BIRMINGHAM, AL 35226

9

10

Dear Customer(s):

We have reassigned a single point of contact (your "Relationship Manager") to your account to assist you with all aspects of your mortgage, including resolution options in the event that you experience a financial hardship.

11

If you have any questions, your assigned Relationship Manager, Debra, can be reached toll free at (888) 818-6032 x 50075 or by email at Relationship.Manager@spservicing.com. You may also send correspondence to your Relationship Manager at the following address:

12

Select Portfolio Servicing, Inc.
PO Box 65250 Salt Lake City, UT 84165-0250

13

At SPS, any of our Customer Care Experts can assist you with answers to your questions about the status or history of your account, document requirements, or any of our available loan resolution options. If you have any questions or concerns, please contact SPS. Our toll-free number is 888-818-6032 and representatives are available Monday through Friday between the hours of 8 a.m. and 8 p.m., and Saturday from 8 a.m. to 3 p.m., Eastern Time. You can also visit our website at https://www.spservicing.com to access and maintain your account.

14

Sincerely,

Debra
Relationship Manager
Toll free 888-818-6032 Ext. 50075
Relationship.Manager@SPServicing.com

15

16

Select Portfolio Servicing, Inc.

Esta carta contiene información importante concerniente a sus derechos. Por favor, traduzca esta carta. Nuestros representantes bilingües están a su disposición para contestar cualquier pregunta. Llámenos al número 800-831-0118 y seleccione/marque la opción 2.

17

This information is intended for informational purposes only and is not considered an attempt to collect a debt.

18

19



20

21

SP002 2535                   0030839500117301010           0030623433

22

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 272**

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21

# EXHIBIT W

**MORTGAGE STATEMENT FROM DEFENDANT SELECT PORTFOLIO**

**SERVICING, INC (JULY 15, 2025)**

22
23
24
25
26
27
28

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 273**

**SPS** SELECT PORTFOLIO SERVICING, INC.

P.O. Box 65250
Salt Lake City, UT 84165-0250
www.spservicing.com

Sign up for paperless delivery
at www.spservicing.com

**Mortgage Statement**
Statement Date: 07/15/2025
Page 1 of 3

Customer Service: (800) 258-8602
Monday – Friday     8:00AM – 9:00PM ET
Saturday     8:00AM – 3:00PM ET

For other important information, see reverse side

Judith E Drews
504 Park Ter
Hoover, AL 35226-1221

| Account Number | 0030623433 |
|---|---|
| Property Address | 504 PARK TERRACE |
| | BIRMINGHAM AL 35226 |
| Loan Due Date | 10/01/2024 |
| Payment Due Date | 08/01/2025 |
| Amount Due | $12,811.20 |

Payment is received after 07/15/2025, $31.27 late fee will be charged.

**Account Information**

| | |
|---|---|
| Interest Bearing Principal | $133,454.44 |
| Deferred Principal | $24,625.31 |
| Outstanding Principal | $160,379.75 |
| Unpaid Late Charges | $402.86 |
| Other Charges and Fees | $1,596.46 |
| Interest Rate (Fixed) | 4.125% |
| Prepayment Penalty | No |

**Explanation of Amount Due**

| | |
|---|---|
| Principal | $165.43 |
| Interest | $480.04 |
| Escrow (Taxes and Insurance) | $465.21 |
| Regular Monthly Payment | $1,110.70 |
| Charges / Fees Due Period | $4.06 |
| Past Due Payment(s) | $11,700.60 |
| Unapplied Payment(s) | $0.00 |
| **Total Amount Due** | **$12,811.20** |

**Transaction Activity (04/14/2025 to 07/15/2025)**

| Date | Description | Principal Balance | Interest | Taxes & Insurance | Late Charges | Other Fees | Expense Paid by Servicer | Total |
|---|---|---|---|---|---|---|---|---|

**Past Payments Breakdown**

| | Paid Last Month | Paid Year To Date |
|---|---|---|
| Principal | $0.00 | $0.00 |
| Interest | $0.00 | $0.00 |
| Escrow (Taxes and Insurance) | $0.00 | $0.00 |
| Fees and Other Charges | $0.00 | $0.00 |
| Partial Payment (Unapplied) | $0.00 | |
| Total | $0.00 | $0.00 |
| Total Unapplied Balance | $0.00 | |

**Important Messages**

All communication sent to you by SPS is always available on our website: www.spservicing.com. For faster access to information and documents, please log in to your customer account on our website to view.

* This amount is not a payoff quote. If you would like a payoff quote, please see instructions on reverse side.

Any transactions that occurred after the statement date noted above will be reflected on your next statement.

This is an attempt to collect a debt. All information obtained will be used for that purpose.

We have paid Taxes and/or insurance on your behalf and you are responsible to reimburse us for these amounts plus interest which may be billed at the note rate.

**Delinquency Notice**

You are late on your mortgage payments. Failure to bring your loan current may result in fees and foreclosure — the loss of your home.

As of July 15, 2025, you are 287 days delinquent on your mortgage loan.
* Payment due 07/2025: Unpaid payment of $11,110.70.
* Payment due 06/2025: Unpaid payment of $11,110.70.
* Payment due 05/2025: Unpaid payment of $11,110.70.
* Payment due 04/2025: Unpaid payment of $11,110.70.
* Payment due 03/2025: Unpaid payment of $11,110.70.
* Payment due 02/2025: Unpaid payment of $1,229.40.

Total: $12,811.20 due. You must pay this amount to bring your loan current.

SPS has referred your account to an attorney for legal action.

If You Are Experiencing Financial Difficulty: See the back for information about mortgage counseling or assistance. Also, there are a number of options available to assist customers who are experiencing difficulty with their payments. Please contact us immediately to discuss these options, arrange a reinstatement or address any questions regarding the statement at (888) 818-6032.

Please detach bottom portion and return with your payment. Allow 7 - 10 days for postal delivery. Please do not send cash.

**MONTHLY PAYMENT COUPON**

| Amount Due | |
|---|---|
| Borrower Name(s) | Judith E Drews |
| | 504 Park Ter |
| Account Number | 0030623433 |
| Due by 08/01/2025: $12,811.20 | |

$31.27 late fee will be charged after 08/16/2025

**Make checks payable to: Select Portfolio Servicing**

| | $ |
|---|---|
| Monthly Payment | |
| Additional Principal | |
| Additional Escrow | |
| Late Fees | |
| Other (Please Specify) | |
| **Total Amount Enclosed** | **$** |

SELECT PORTFOLIO SERVICING, INC.
PO BOX 65450
SALT LAKE CITY UT 84165-0450

Change of address or telephone? If so, check here
and note changes on back

2771 0030623433 0000111070 0000114197 7

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON–LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 274**

**IMPORTANT INFORMATION**

HAS YOUR ADDRESS CHANGED? IF SO, PLEASE COMPLETE THIS FORM

Mailing Address _____

City _____ State _____ Zip _____

Home Phone _____ Business Phone _____

All Borrower's Signature Required For Address Change

Borrower's Signature                    Co-Borrower's Signature

VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA
(REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B),
THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE
SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE
PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND
FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY,
UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR
COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00%
INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S
MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER
WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE
ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE,
RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND
COMPENSATORY DAMAGES - 275

**SPS** SELECT PORTFOLIO SERVICING, Inc.    P.O. Box 65250  Salt Lake City, UT 84165-0250    Mortgage Statement
Statement Date: 07/15/2025
Page 3 of 3

Customer Service: (800) 258-8602
Monday – Friday    8:00AM – 8:00PM ET
Saturday    8:00AM – 3:00PM ET

Account Number  0030623433

**Important Messages**

If there is a balance under Expenses Paid by Servicer, it means we have paid certain expenses on your behalf due to the delinquent status of your account. You are responsible to reimburse us for these amounts plus interest, which may be billed at the note rate.

The Outstanding Principal balance includes the Interest Bearing Principal balance and the Deferred Principal balance. The Deferred Principal balance is not subject to the charged interest rate and will be due as a final balloon payment on the earlier of (a) payoff of the Interest Bearing Principal balance, or (b) maturity date of the mortgage loan.

Under the Servicemembers Civil Relief Act if you or a family member has been deployed to active duty, you may be eligible for certain protections regarding your mortgage loan. Please contact us at (800) 258-8602 to discuss these protections.

* Loan Due Date: If this date is different from your Payment Due Date, it means that you are past due and owe payments from previous months.

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 276**

1
2
3
4
5
6
7
8
9
10

# EXHIBIT X

11
12
13
14

**FORECLOSURE SALE DATE CORRESPONDENCE FROM DEFENDANT**

15

**SELECT PORTFOLIO SERVICING, INC (SEPTEMBER 4, 2025)**

16
17
18
19
20
21
22

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA**
**(REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B),**
23
**THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE**
**SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE**
24
**PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND**
**FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY,**
25
**UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR**
**COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00%**
26
**INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S**
**MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER**
27
**WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE**
**ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE,**
28
**RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND**
**COMPENSATORY DAMAGES - 277**

1

2

3    **SPS** | **SELECT** *Portfolio* **SERVICING, inc.**                    Sign up for paperless delivery
                                                                       at www.spservicing.com
     September 4, 2025                                                                    Paperless

4

5          JUDITH E DREWS
              504 PARK TER
6             BIRMINGHAM, AL 35226

7

8    **Account Number:**   0030623433
     **Property Address:**   504 PARK TERRACE
                             BIRMINGHAM, AL 35226

9    Dear Customer(s):

10   SPS is notifying you that a foreclosure sale of the above noted property has been scheduled for 10/17/2025. Please
     contact us immediately if you have any questions.

11   If you have any questions, your assigned Relationship Manager, Debra, can be reached toll free at (888) 818-6032 x
     50075 or by email at Relationship.Manager@spservicing.com.

12   At SPS, any of our Customer Care Experts can assist you with answers to your questions about the status or history
     of your account, document requirements, or any of our available loan resolution options. If you have any questions or
     concerns, please contact SPS. Our toll-free number is 888-818-6032 and representatives are available Monday
     through Friday between the hours of 8 a.m. and 8 p.m., and Saturday from 8 a.m. to 3 p.m., Eastern Time. You may
     also visit our website anytime at www.spservicing.com.

13   Sincerely,

14   Select Portfolio Servicing, Inc.

     Esta carta contiene información importante concerniente a sus derechos. Por favor, traduzca esta carta.
     Nuestros representantes bilingües están a su disposición para contestar cualquier pregunta. Llámenos al
     número 800-831-0118 y seleccione/marque la opción 2.

15

16   This communication from a debt collector is an attempt to collect a debt and any
     information obtained will be used for that purpose.

     New York City - Collection Agency License # 1170514

17

18

19

20                                                                    

21   AG001 1055              00311723001189010100              0030623433

22        **VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA**
     **(REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B),**
23   **THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE**
     **SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE**
24   **PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND**
     **FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY,**
25   **UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR**
     **COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00%**
26   **INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S**
     **MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER**
27   **WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE**
     **ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE,**
28   **RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND**
     **COMPENSATORY DAMAGES - 278**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21

# EXHIBIT Y

**MORTGAGE STATEMENT FROM DEFENDANT SELECT PORTFOLIO**

**SERVICING, INC (SEPTEMBER 12, 2025)**

22
23
24
25
26
27
28

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 279**

**SPS** SELECT PORTFOLIO SERVICING, INC. www.spservicing.com    P.O. Box 65250    Sign up for paperless delivery at www.spservicing.com    Paperless    Mortgage Statement
Statement Date:09/12/2025
Page 1 of 3

Customer Service: (800) 258-8602
Monday - Friday    6:00AM - 6:00PM ET
Saturday    8:00AM - 3:00PM ET

For other important information, see reverse side

Judith E Drews
504 Park Ter
Hoover, AL 35226-1221

| Account Number | 0030623433 |
| Property Address | 504 PARK TERRACE |
| | BIRMINGHAM AL 35226 |

| Loan Due Date | 10/01/2024 |
| Payment Due Date | 10/01/2025 |
| Amount Due | $15,032.60 |

### Account Information

| | |
|---|---|
| Interest Bearing Principal | $135,454.44 |
| Deferred Principal | $24,925.31 |
| Outstanding Principal | $160,379.75 |
| Unpaid Late Charges | $462.66 |
| Other Charges and Fees | $1,636.76 |
| Interest Rate (Fixed) | 4.125% |
| Prepayment Penalty | No |

### Explanation of Amount Due

| | |
|---|---|
| Principal | $166.50 |
| Interest | $468.00 |
| Escrow (Taxes and Insurance) | $485.31 |
| = Regular Monthly Payment | $1,119.70 |
| Charges / Fees this Period | $0.20 |
| Past Due Payment(s) | $13,921.00 |
| Unapplied Payment(s) | $0.00 |
| **Total Amount Due** | **$15,032.60** |

### Transaction Activity (08/10/2025 to 09/12/2025)

| Date | Description | Principal Balance | Interest | Taxes & Insurance | Late Charges | Other Fees | Expenses Pd by Servicer | Total |
|---|---|---|---|---|---|---|---|---|

### Past Payments Breakdown

| | Paid Last Month | Paid Year To Date |
|---|---|---|
| Principal | $0.00 | $0.00 |
| Interest | $0.00 | $0.00 |
| Escrow (Taxes and Insurance) | $0.00 | $0.00 |
| Fees and Other Charges | $0.00 | $0.00 |
| Partial Payment (Unapplied) | $0.00 | |
| Total | $0.00 | $0.00 |
| Total Unapplied Balance | | $0.00 |

**Important Messages**

All communication sent to you by SPS is always available on our website: www.spservicing.com. For faster access to written communication and documents, please log in to your customer account on our website to view.

* This amount is not a payoff quote. If you would like a payoff quote, please see instructions on reverse side.

Any transactions that occurred after the statement date noted above will be reflected on your next statement.

This is an attempt to collect a debt. All information obtained will be used for that purpose.

We have paid Taxes and/or Insurance on your behalf and you are responsible to reimburse us for those amounts plus interest which may be billed at the note rate.

**\*\*Delinquency Notice \*\***
You are late on your mortgage payments. Failure to bring your loan current may result in fees and foreclosure — the loss of your home.

As of September 12, 2025, you are 346 days delinquent on your mortgage loan.
* Payment due 09/2025: Unpaid payment of $1,110.70.
* Payment due 08/2025: Unpaid payment of $1,110.70.
* Payment due 07/2025: Unpaid payment of $1,110.70.
* Payment due 06/2025: Unpaid payment of $1,110.70.
* Payment due 05/2025: Unpaid payment of $1,110.70.
* Payment due 04/2025: Unpaid payment of $1,110.70.

Total: $15,032.60 due. You must pay this amount to bring your loan current.

SPS has referred your account to an attorney for legal action.

If You Are Experiencing Financial Difficulty: See the back for information about mortgage counseling or assistance. Also, there are a number of options available to assist customers who are experiencing difficulty with their payments. Please contact us immediately to discuss these options, arrange a reinstatement or address any questions regarding the statement at (888) 818-6032.

Please detach bottom portion and return with your payment. Allow 7 - 10 days for postal delivery. Please do not send cash.

### MONTHLY PAYMENT COUPON

**Amount Due**

| Borrower Name(s) | Judith E Drews |
| | 504 Park Ter |
| Account Number | 0030623433 |
| Due By 10/01/2025: | $15,032.60 |

$31.27 late fee will be charged after 10/16/2025

Make checks payable to: Select Portfolio Servicing

| Monthly Payment | $ |
| Additional Principal | $ |
| Additional Escrow | $ |
| Late Fees | $ |
| Other (Please Specify) | $ |
| **Total Amount Enclosed** | **$** |

SELECT PORTFOLIO SERVICING, INC.
PO BOX 65450
SALT LAKE CITY UT 84165-0450

Change of address or telephone? If so, check here and note changes on back

2771 0030623433 0000111070 0000114197 7

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 280**

## IMPORTANT INFORMATION

**Important Mailing Addresses (Please include your account number on all correspondence)**

| Regular Payments | Overnight/Express Payments | Notice of Error or Information Request or Qualified Written Request | General Correspondence | Check by Phone | Bankruptcy Correspondence & Notices must be sent to: |
|---|---|---|---|---|---|
| Select Portfolio Servicing, Inc. [illegible] P.O. Box 65450 Salt Lake City, UT 84165 | Select Portfolio Servicing, Inc Attn: Cashiering Dept. 3217 S. Decker Lake Dr. Salt Lake City, UT 84119 | Select Portfolio Servicing, Inc. P.O. Box 65277 Salt Lake City, UT 84165 Fax: (801) 270-7895 | Select Portfolio Servicing, Inc. P.O. Box 65250 Salt Lake City, UT 84165 | (888) 258-8602 Option 1 | Select Portfolio Servicing, Inc. Attn: Bankruptcy Dept. P.O. Box 65250 Salt Lake City, UT 84165 |

**PAYMENT INSTRUCTIONS** Paying your mortgage on time is an important obligation, so please pay on or before the payment due date. Payments are not considered paid until received and posted to your account. Please include the late charge in any payment made after the late payment due date noted on your statement. Postal delays do not result in a waiver of late charges, so please allow adequate time for mail service. If you don't pay on or before 3 p.m. MT on the payment due date, your loan will be considered delinquent. (NOTE: If you are currently sending all or part of your payment to the bankruptcy trustee, please disregard the Select Portfolio Servicing, Inc. payment address for that portion you are sending to the trustee.) We do not accept payments in cash.

**APPLICATION OF PAYMENTS** If you are current in making your payments, we will apply payments according to your Note. If you are delinquent, we apply payments to the oldest outstanding payments that are due under your Note.

**LOAN REPRESENTATIVES** If you would like to speak to someone about making a payment or payment arrangements, please call one of our loan representatives at (800) 258-8602 (Monday - Friday, 8 a.m. - 9 p.m. ET; Saturday, 8 a.m. - 3 p.m. ET).

**AUTOMATED CONVERSION OF YOUR CHECKS TO ACH DEBIT ENTRIES AND RETURNED CHECKS OR DEBITS** When you provide us a check, you authorize us to use the information from your check to make a one time Electronic Funds Transfer from your bank account. When we use your check to make an Electronic Funds Transfer, funds may be withdrawn from your account quickly, as soon as the day we receive your check. You will not receive your check back from your financial institution. If there are insufficient funds in your account we will reverse the amount of any such returned payment that we had credited to your mortgage. You authorize us to charge you a fee of up to twenty-five dollars ($25.00) as allowable by state law.

**CREDIT REPORTING** SPS furnishes information to consumer reporting agencies. You are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your Note and Mortgage. If you believe such information is inaccurate, you may call Customer Service at (800) 258-8602, submit a written Notice of Error to the P.O. Box listed above, or submit a dispute with the consumer reporting agency.

**NOTICE OF ERROR OR INFORMATION REQUEST OR QUALIFIED WRITTEN REQUEST** If you believe there has been an error with the account or you require additional information, you may send a written Notice of Error or Information Request. All Notices of Error or Information Requests must be sent to the address listed above in the Important mailing addresses section, as this is our exclusive address under Federal Law for these matters. If you send your correspondence to any other address, it may not be processed in accordance with Federal Law.

**HOUSING COUNSELOR INFORMATION** If you would like counseling or assistance, you can contact the following: U.S. Department of Housing and Urban Development (HUD): For a list of homeownership counselors or counseling organizations in your area, go to http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm or call 800-569-4287.

**SPECIAL REQUEST AND ADDITIONAL FEES**

| | |
|---|---|
| Payment by Phone with a Live Agent | Up to $10.00 |
| Payment via Website, Mobile App, or Automated Phone System | Up to $5.00 |
| Returned Check Fee | Up to $25.00 |
| Express Mail Fee | Actual Charge Incurred |

*This fee schedule does not contain all fees that may be charged for services rendered. The actual fee charged to a particular customer may be different based upon certain requirements under state law, agency guidelines (e.g., FHA, VA) or other relevant criteria.*

**LOAN PAYOFFS** Payoff information may be requested verbally by calling the Customer Service toll free number printed on this statement, by faxing your requests to (801) 269-4269 or by mailing your request to: P.O. Box 65250, Salt Lake City, UT 84165-0250. If you do not receive your payoff quote within 5 business days of placing your request, please call our Customer Service Department.

**HOME OWNER INSURANCE** You are required to maintain Homeowners Insurance (and if required, Flood Insurance), at all times during the term of your Mortgage and provide or ask your insurance agent each year to provide us copies of all renewed policies and invoices to the address shown below at least (30) days before the date your existing policy expires. It is important for you to remember that if we do not receive a copy of your renewal or replacement policy, SPS may obtain coverage to protect its interest in the property. The coverage provided for this insurance may be different and more expensive than your expired coverage. We will only do this after we have notified you of your failure to maintain coverage. It is possible we may obtain certain benefits from this insurance placement coverage.

To ensure that SPS is properly notified of any changes with your insurance policy, we need the information below to be added to the Standard Mortgagee Clause on your insurance policy.

Select Portfolio Servicing, Inc.
ITS SUCCESSORS AND OR ASSIGNS
P.O. Box 7277 Springfield, OH 45501-7277

All insurance information (including your account number) should be mailed or faxed to:
Insurance Service Center: PO Box 7277, Springfield, OH 45501 Fax (800) 601-8177.

**REAL ESTATE TAX** If you have established an escrow account with us for taxes, you should keep copies of any tax bills you receive for your personal records. We have engaged a Tax Service to receive your tax bills, and we will pay taxes out of your escrow account to the extent there are sufficient balances in your escrow account. If you receive any special assessment bills, you should send them to our Tax Service Center address shown below. Special bills include:

- An area defined as a "Homeowner Area" where your local tax office will not send us the tax bill
- Any special assessments on your property in addition to your regular Real-Estate tax bills
- Any adjustments to your tax bills

Tax Service Center: PO Box 2941, Covina, CA 91722

**SPS CONSUMER OMBUDSMAN SERVICES** If you have an unresolved issue with SPS, and you have exhausted other customer service options, please contact our Consumer Ombudsman Department at (866) 662-0035 or through other methods found on www.spservicing.com.

| COMMON ABBREVIATIONS | |
|---|---|
| INT | Interest |
| FC or F/C | Foreclosure |
| BK | Bankruptcy |
| BPO | Broker Price Opinion |
| MISC DISB | Disbursement from escrow account for other than escrow item (E.g.:Analysis Refund, Payoff Refund) |

*This common abbreviations table does not contain all abbreviations that may appear in the "Activity this Period" section. For more information please refer to the Fee Schedule and Description document located at www.spservicing.com.*

HAS YOUR ADDRESS CHANGED? IF SO, PLEASE COMPLETE THIS FORM

Mailing Address ______________________________

City ______________________ State ______________ Zip __________

Home Phone ______________ Business Phone ______________

All Borrower's Signature Required For Address Change

______________________ Borrower's Signature

______________________ Co-Borrower's Signature

VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 281



**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 282**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21

# EXHIBIT Z

### PROPERTY PROFILE

22
23
24
25
26
27
28

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 283**

**504 PARK TER, HOOVER, AL 35226**

## Property Details

| | | |
|---|---|---|
| Type SFR | Advanced Single Type Family Residence | County JEFFERSON |
| Year Built 1956 | Zoning E2 | APN 39-00-09-2-002-008... |
| Beds 3 | Units 1 | Radar ID P60C7E0C |
| Baths 1.5 | Rooms 5 | Subdivision CRESTVIEW SUB |
| Sq Ft 1,294 | Garage Yes / 1 | Census 144.12 |
| Lot Sq Ft 20,196 | Pool No | Tract |
| Lot Acres 0.46 | Fireplace No | Lot 8 |
| Stories 1 | HVAC Yes | |
| Legal E 200 FT OF LOT 8 BLK B CRESTVIEW | | |

## Tax Assessment

| | |
|---|---|
| Total Value $52,620 | Year Assessed 2024 |
| Land Value | Annual Taxes $3,820 |
| Improvements | Est. Tax Rate 7.3% |
| Owner Exempt No | Tax Rate Area 0660000 |

## Market Value and Rent

| | | |
|---|---|---|
| Estimated Value | $285,617 | $237/sf as of 10/13/2025. 72% confidence |
| Comp. Sales | $325,060 | $270/sf as of Today $150k - $675k |
| Comp. Listings | $302,914 | $252/sf as of Today $250k - $575K |
| HUD FM Rent | $1,583 | $1.31/sf |

## Transaction History (Current Owner)

| Type | # | Date | Doc# | Party | Name | Amount |
|---|---|---|---|---|---|---|
| Loan - Unknown | 1r | 5/20/2002 | 261005107 | Borrower Lender | DREWS JUDITH E QUICKEN LNS | $117,900 |
| - Release | | 10/15/2003 | 363009968 | Grantor Grantee | DREWS, JUDITH QUICKEN LNS | $117,900 |
| Loan R&T&e.q | 1r | 4/14/2003 | 361002939 | Borrower Lender | DREWS JUDITH E QUICKEN LNS | $120,300 |
| Loan CashOut | 2r | 5/20/2003 | 361000184 | Borrower Lender | DREWS JUDITH E SOUTHBANC MTG | $14,700 |
| - Assignment | | 5/17/2004 | 461000136 | Grantor Grantee | DREWS JUDITH JP MORGAN CHASE | $14,700 |
| NTS | | 1/18/2017 | | Grantor Grantee | JUDITH DREWS NATIONSTAR MTG L | |
| Sheriffs Deed SheriffsDeed-Reo | | 3/21/2017 | 27504 | Grantor Grantee | AUCTIONEER OF JEIS NATIONSTAR MTG L | $125,472 |
| Warranty Deed REOResale | | 4/12/2017 | 36521 | Seller Buyer | NATIONSTAR MTG L FEDERAL HM LN NT | $125,472 |
| NTS | | 9/6/2025 | | Grantor Grantee | RECORD OWNER RUBIN LUBLIN LLC | |



## Status

| | | |
|---|---|---|
| Est. Value $285,617 | | Listed for Sale No |
| Loan Balance $0 | 0% | In Foreclosure Yes |
| Equity $285,617 | 100% | Owner Occupied No |
| Status | | |

## Ownership & Mailing Address

| | |
|---|---|
| Transfer Date 4/12/2017 | NATIONSTAR MORTGAGE LLC |
| Purchase Amt $125,472 | 8950 CYPRESS WATERS BLVD COPPELL, TX 75019 |
| Down Payment $125,472 | |
| Transfer Type REO Resale | |

## Listing History

| Type | Status | As Of | DOM | Price |
|---|---|---|---|---|

## Foreclosure Details

| | |
|---|---|
| Stage Auction | Lis Pendens |
| | Type |
| TS # 25-00606 | Case # |
| Sale Date | Sale Time 11:00 AM |
| Sale Place 716 RICHARD ARRINGTON JR BLVD, BIRMINGHAM | |
| Postponed For | |
| Orig Sale Date 10/17/2025 | Prior Sale Date |
| Published Bid | |
| Opening Bid | Winning Bid |
| Default Date | Default Amt |
| LOAN | |
| Recorded On | Doc # |
| Amount | Position |
| Lender NO LENDER ON DOCUMENT | Lender Address |
| Lender City,St,Zip | Lender Phone |
| NOTICE | |
| Recorded On 9/6/2025 | Doc # |
| Notice Book # | Notice Page # |
| Trustee RUBIN LUBLIN LLC | Trustee 11 N WATER Address ST STE 10290 |
| Trustee City, St, MOBILE, AL Zip 36602 | Trustee Phone 770-246-3300 |
| Attorney | Attorney Phone |

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA (REGULATION X), TILA (REGULATION Z), FDCPA (REGULATION F), ECOA (REGULATION B), THE BANKRUPTCY CODE AUTOMATIC STAY, THE ALABAMA RESIDENTIAL MORTGAGE SATISFACTION/PAYOFF STATEMENT STATUTE, AND THE ALABAMA DECEPTIVE TRADE PRACTICES ACT; FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE/WANTONNESS, SLANDER OF TITLE, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND RELATED ALABAMA COMMON-LAW CLAIMS; AND PETITION FOR COURT-ORDERED PERMANENT LOAN RESTRUCTURING/MODIFICATION (FIXED 3.00% INTEREST RATE AND AFFORDABLE MONTHLY PAYMENT CALIBRATED TO PLAINTIFF'S MEANS, WITHOUT ANY FURTHER SERVICER LOSS-MITIGATION REVIEW PERIOD), TOGETHER WITH DECLARATORY AND INJUNCTIVE RELIEF HALTING POWER-OF-SALE FORECLOSURE ON THE 504 PARK TERRACE HOMESTEAD, FULL EQUITABLE ACCOUNTING, QUIET TITLE, RESTITUTION/DISGORGEMENT OF UNLAWFUL CHARGES, AND STATUTORY AND COMPENSATORY DAMAGES - 284**